UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HALEIGH K. MCLENDON,           * | |
|               * | |
|    Plaintiff,          * | |
|               * | |
| v.               * | |
|               * | |
| UNITED STATES TENNIS       * | |
| ASSOCIATION, INC., USTA     * | |
| PLAYER DEVELOPMENT INC.,   * | |
| GRASSROOTS TENNIS ASSOC.,   * | |
| LLLP, IN DEPTH ACADEMY,    * | |
| DOROTHEA L. JOYNER, LEROY  * | CASE NO.: |
| THOMAS JOYNER, JR., and    * | |
| Fictious Defendants "A", "B", "C",  * | JURY DEMAND |
| and "D", whether singular or plural,  * | |
| those other persons, corporations,  * | |
| firms or other entities whose     * | |
| wrongful conduct caused or      * | |
| contributed to cause the injuries and  * | |
| damages to the Plaintiff, all of whose  * | |
| true and correct names are unknown  * | |
| to Plaintiff at this time, but will be  * | |
| substituted by amendment when    * | |
| ascertained,             * | |
|               * | |
|    Defendants.        * | |

**NOTICE OF REMOVAL**

COME NOW, Defendants UNITED STATES TENNIS ASSOCIATION, INC. ("USTA") and USTA PLAYER DEVELOPMENT INC. ("USTAPD"), (collectively "Defendants USTA"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of the above-entitled action from the Circuit

Court of Barbour County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.   As grounds for removal, Defendants USTA state as follows:

1.   Complaint:   On August 13, 2025, Plaintiff Haleigh K. McLendon ("Plaintiff") filed this civil action styled *Haleigh K. McLendon v. UNITED STATES TENNIS ASSOCIATION, INC., USTA PLAYER DEVELOPMENT INC., GRASSROOTS TENNIS ASSOC., LLLP, IN DEPTH ACADEMY, DOROTHEA L. JOYNER, LEROY THOMAS JOYNER, JR., and Fictious Defendants "A", "B", "C", and "D", whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained* , Civil Action No. 06-CV-2025-900032.00, in the Circuit Court of Barbour County, Alabama (the "Action").   This removal is based upon diversity of citizenship jurisdiction, as Plaintiff is the only party who is a citizen of Alabama, the Defendants are not citizens of Alabama, and she seeks more than $75,000 in damages. 29 U.S.C. §1332(a)-(b)

This Action for damages arises under state law claims alleging Negligence and Wantonness, Sexual Assault and Battery, Intentional Infliction of Emotional Distress, as well as Negligent and/or Wanton Supervision, Training and Retention

against all Defendants for actions allegedly undertaken in Alabama, Georgia, South Carolina and Louisiana. Plaintiff seeks damages for "bodily injury, as well as for pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money" that are permanent and/or continuing into the future.  [Ex.A, Complaint, Doc 2, ¶189]. Plaintiff also seeks punitive damages, prejudgment interest and attorneys' fees and expenses against the Defendants in the excess of Seventy-Five Thousand Dollars and 00/100 cents ($75,000.00). [Ex.A, Complaint, Doc 2].

2.    Pleadings and Process:  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders in this action are collectively attached hereto as **Exhibit A**.

3.    Timeliness: This removal is timely under 28 U.S.C. § 1446(b) because Defendants USTA filed this notice within thirty (30) days after the service of their copy of the Complaint setting forth the claims for relief upon which this Action is based. Copies of the proof of service upon Defendants USTA are attached as **Exhibit B-1 and B-2.**

4.    Basis for Removal: The basis for jurisdiction in this Court is the diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332(a), as Plaintiff is

alleged to be a citizen of the State of Alabama, but none of the named Defendants are citizens of the State of Alabama.

As such, pursuant to 28 U.S.C. §1332(a)(1) this Court has original jurisdiction in this matter.[1]  Citizenship, not residence, is the key fact that establishes diversity. *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1342, n. 12 (11th Cir. 2011) (*quoting Taylor v. Appleton,* 30 F. 3d.1365, 1367 (11th Cir. 2011). For diversity of jurisdiction purposes under §1332, an individual's citizenship is equivalent to "domicile". *Mcormick v. Aderholt*, 293 F. 3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom…'" *Mas v. Perry*, 489, F. 2d 1396, 1399 (5th Cir. 1974) (quoting *Stine v. Moore*, 213 F. 2d 446, 448 (5th Cir. 1954)).  Additionally, in cases involving prisoners the Court should presume that a prisoner, such as Defendant Joyner, remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state. *Hall v. Curran*, 599 F. 3d 70, 72 (1st Cir. 2010)

Plaintiff's Complaint admits that Defendant United States Tennis Association, Inc. is a New York corporation with its primary place of business in that State and

---

[1] Diversity jurisdiction is measured at the time the action is filed. *See Grupo Dataflux v. Atlas Glob. Grp., LP,* 541 U.S. 567, 571 (2004).

4

is "therefore a citizen of New York." [Ex.A, Complaint, Doc 2, ¶2]. Similarly, it admits Defendant USTA Player Development, Inc. is a New York corporation with its primary place of business in Florida, so that it is a citizen of each State. [Ex.A, Complaint, Doc 2, ¶3]. Plaintiff also sued two entities who are alleged to be citizens of Georgia, the Defendant Grassroots Tennis Association and Defendant InDepth Academy. [Id. ¶¶4-5]. Plaintiff's Complaint admits that Defendant Dorothea L. Joyner is also a citizen of Georgia, but it claims her husband, Defendant Leroy Thomas Joyner, Jr., is the only named party who is a citizen of Alabama. [Id., ¶¶6-7]. The assumptions made by Plaintiff as to the citizenship of Defendant Leroy Joyner are incorrect and presented to avoid the jurisdiction of the United States District Court, as stated in her Complaint. [Id. ¶9].

Defendant Leroy Joyner is currently imprisoned in Yazoo County, Mississippi, and a prisoner is a citizen of the state where he was domiciled prior to incarceration. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d. 1309, 1314 (11th Cir. 2002). Defendant L. Joyner has submitted his Declaration denying that he is domiciled in the State of Alabama. [Ex. C. ¶6]. Instead, he confirms that he lived continuously at 1016 Peachtree Drive in Columbus, Georgia from 2018, through his arrest in 2020, through his subsequent court-proceedings until his incarceration after being convicted in January of 2024. [Ex. C, ¶7-10]. Defendant Leroy Joyner has also formally declared it is his intention to return to the Columbus,

5

Georgia upon his release, as he considers himself to have been, and to continue to be, domiciled in the State of Georgia. [Ex. C, ¶¶13-15].

Plaintiff's Complaint alleges that counsel has "evidence" that Defendant Leroy Joyner was and is domiciled in Alabama at "all relevant times herein." [Doc 2, ¶7, FN1]. However, Plaintiff's Mother, Shajuana McLendon, knew that Defendant L. Joyner resided continuously in Columbus, Georgia with his family, as she picked him up from his residence there and drove him to several court appearances and hearings in Alabama after his arrest in 2020. [Ex. C, ¶11]. In fact, Ms. McLendon continued to drive Defendant Leroy Joyner from his domicile in Columbus, Georgia to Dothan, Alabama each day of his trial in 2024. [Ex. C, ¶12]. For almost four years, the Defendant Leroy Joyner interacted with Plaintiff's Mother to arrange transportation to his court appearances from his domicile in Georgia.

Defendant Leroy Joyner's wife, Defendant Dorothea Joyner, has testified as to the facts and history regarding their family's establishment of their primary domicile in Columbus, Georgia. The Affidavit of Defendant Dorothea Joyner is attached as **Exhibit D.** In 2011, the family lived in Ariton, Alabama, until she and one of her daughters moved to Columbus, Georgia to work. Later, a lease was obtained for a house in Columbus, Georgia on Peachtree Drive. Defendant Dorothea Joyner confirms that her husband and remaining daughter relocated from Ariton, Alabama to Columbus, Georgia in 2018. [Ex. D, ¶9]. The Joyners have lived in that

6

same house together for many years since. [Ex. D, ¶5, ¶8]. She has also testified that her husband lived continuously, with the intention to remain indefinitely, at their house on Peachtree Drive in Columbus, Georgia from 2018 through his conviction in January of 2024 and until his later incarceration. [Ex. D, ¶10, ¶13].

Although Defendant Leroy Joyner had briefly lived with his daughter in Ariton, Alabama before moving to Columbus in 2018, the house in Alabama was titled to his daughter, Jaida Edley.  [Ex. D]. Dorothea Joyner testified that this Alabama property remained vacant once the family moved in 2018 until it was sold by their daughter Jaida Edley on July 6, 2021. [Ex. C, ¶11]. A certified copy of the deed verifying this sale is attached as **Exhibit E.** The testimony confirms that none of the family had access to the property after the sale. Id.   There is no evidence to suggest Defendant Leroy Joyner was a resident or domiciled or even present in Alabama in any capacity after the house was sold in July of 2021. Instead, the evidence is conclusive that Defendant Leroy Joyner spent years in Columbus prior to his conviction and prior to his incarceration and has stated his formal intention to return to Georgia at the end of his sentence. Diversity amongst the parties is, thereby, complete, and the removal of this case is appropriate.[2]

---

[2] Should there be any question remaining for the Court as to Defendant Leroy Joyner's citizenship, Defendants USTA would request limited jurisdictional discovery.

5.    <u>Notice Given</u>: Defendants USTA will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Barbour County, State of Alabama, as required by 28 U.S.C. § 1446(d).

6.    <u>Payment of Costs</u>: Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

7.    <u>Reservation of Defenses</u>: Because this Notice of Removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, Defendants have not waived the right to assert any applicable defenses by removing this action from state court.  Rule 12 of the Federal Rules of Civil Procedure provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or by motion.  *See* Fed. R. Civ. P. 12(b). Defendants USTA did not file a responsive pleading or a motion asserting defenses in the Circuit Court of Barbour County, Alabama, but instead they will respond or plead in a timely fashion pursuant to the Federal Rules of Civil Procedure.

8.    <u>Consent</u>:  All named Defendants that have been served in this matter, consent to this removal.

Respectfully submitted this 16th day of September, 2025.

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**

1111 Bay Avenue, 3rd Floor
P.O. Box 1199
Columbus, GA 31902-1199
Tel:   706-324-0251

carter@pagescrantom.com
jclark@pagescrantom.com
lmoore@pagescrantom.com

**/s/*Carter P. Schondelmayer***
Carter P. Schondelmayer
Alabama Bar No. 685-E53C
***/s/ James C. Clark, Jr.***
*Pro Hac Vice to be applied for*
Georgia Bar No. 127145
***/s/ LaRae D. Moore***
*Pro Hac Vice to be applied for*
Georgia Bar No. 223379

*Counsel for Defendants*
*United States Tennis Association, Inc.*
*USTA Player Development Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I submitted the following document, NOTICE OF REMOVAL of Circuit Court of Barbour County Civil Action File No. 06-CV-2025-900032.00 to the United States District Court of the Middle District of Alabama, Northern Division, to the Clerk of Court via the Court's electronic filing system, which will automatically send electronic mail notification of such filing to counsel of record and other *pro se* parties:

*Counsel for Plaintiff*

**BEASLEY, ALLEN, CROW, et al**
Alison Hawthorne
Larry Golston
Leon Hampton, Jr.
Jessi M. Haynes
P.O. Box 4160
Montgomery, AL 36103-4160
Alison.Hawthorne@beasleyallen.com
Larry.Golston@beasleyallen.com
Leon.hampton@beasleyallen.com
Jessi.haynes@beasleyallen.com

**PENN & SEABORN, LLC**
L. Shane Seaborn
1442 S. Eufaula Avenue
Eufaula, AL 36027
Sseaborn1@yahoo.com

*Defendant Grassroots Tennis Association, LLLP*
c/o Caylin Edley – Registered Agent
1016 Peachtree Drive
Columbus, GA 31906

*Defendant In Depth Academy*

10

1016 Peachtree Drive
Columbus, GA 31906

***Defendant Dorothea L. Joyner***
1016 Peachtree Drive
Columbus, GA 31906

***Defendant Leroy Thomas Joyner***
Inmate #18079-002
Yazoo City Low FCI
PO Box 5000
Yazoo City, MS 39194-5000

Respectfully submitted this 16th day of September, 2025.

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**

1111 Bay Avenue, 3rd Floor
P.O. Box 1199
Columbus, GA 31902-1199
Tel:   706-324-0251

**/s/*Carter P. Schondelmayer***
Carter P. Schondelmayer
Alabama Bar No. 685-E53C
carter@pagescrantom.com.

*Counsel for Defendants*
*United States Tennis Association, Inc.*
*USTA Player Development Inc*

11