# EXHIBIT A

ELECTRONICALLY FILED
8/13/2025 12:46 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>06<br><br>Date of Filing:    Judge Code:<br>08/13/2025 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**

**HALEIGH K. MCLENDON v. UNITED STATES TENNIS ASSOCIATION, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
 ☐ Government  ☐ Other       ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☑ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

 R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____GOL029_____        _____8/13/2025 12:46:51 PM_____        /s/ LARRY APAUL GOLSTON JR.
                      Date                      Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
8/13/2025 12:46 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

## IN THE CIRCUIT COURT OF
## BARBOUR COUNTY, ALABAMA
### (Clayton Division)

| | |
|---|---|
| **HALEIGH K. MCLENDON,** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **VS.** | * |
| | *  **CASE NO.  CV-** |
| **UNITED STATES TENNIS ASSOCIATION INC,** | * |
| **USTA PLAYER DEVELOPMENT INC.,** | * |
| **GRASSROOTS TENNIS ASSOC., LLLP,** | *  **JURY DEMAND** |
| **IN DEPTH ACADEMY,** | * |
| **DOROTHEA L. JOYNER,** | * |
| **LEROY THOMAS JOYNER, Jr.,** | * |
| **and Fictitious Defendants "A", "B", "C"** | * |
| **and "D", whether singular or plural,** | * |
| **those other persons, corporations,** | * |
| **firms, or other entities whose** | * |
| **wrongful conduct caused or** | * |
| **contributed to cause the injuries and** | * |
| **damages to the Plaintiff, all of whose** | * |
| **true and correct names are unknown** | * |
| **to Plaintiff at this time, but will be** | * |
| **substituted by amendment when** | * |
| **ascertained,** | * |
| | * |
| | * |
| **Defendants.** | * |

## COMPLAINT

COMES NOW the Plaintiff, Haleigh McLendon, and shows this Honorable Court the following:

## PARTIES, JURISDICTION, and VENUE

1.     Plaintiff Haleigh McLendon is over the age of majority and is domiciled in Barbour County, Alabama and is therefore a citizen of Alabama.

2.      Defendant United States Tennis Association, Inc., ("USTA") is a New York Corporation with its primary place of business in the City of White Plains, State of New York, and is therefore a citizen of New York.

3.      Defendant USTA Player Development Inc., ("USTA Development") is a New York Corporation with its primary place of business in the City of Orlando, State of Florida, and is therefore a citizen of New York and Florida.

4.      Defendant Grassroots Tennis Association (hereinafter referred to as "Grassroots") is a foreign corporation with its primary place of business in Columbus, Georgia and is therefore a citizen of Georgia.

5.      Defendant InDepth Academy (hereinafter referred to as "InDepth") is an unincorporated foreign business with its primary place of business in Columbus, Georgia and is therefore a citizen of Georgia.

6.      Defendant Dorothea L. Joyner is over the age of majority and is domiciled in of Columbus, Georgia and is therefore a citizen of Georgia.

7.      Defendant Leroy Thomas Joyner, Jr. is over the age of majority and is domiciled in Ariton, Alabama and is therefore a citizen of Alabama.[1]

8.      Venue is proper in this Court and county as to all Defendants pursuant to Ala.Code § 6-3-2(a)(3) and Ala.Code § 6-3-7(a).

---

[1] Counsel for the Plaintiff was previously informed and led to believe that Leroy Thomas Joyner, Jr. was a citizen of Georgia.   However, the undersigned Counsel has recently become aware of evidence that at all relevant times herein, Defendant Leroy Thomas Joyner, Jr., was and is domiciled in Alabama. Consequently, Defendant Leroy Thomas Joyner, Jr., is a citizen of the State of Alabama.

2

9.     Jurisdiction and venue are not proper, originally or by removal, in the United States District Court because complete diversity is lacking and because one or more of the Defendants are residents of Alabama.

10.     The Defendants are subject to specific jurisdiction in this matter before this Court as they have purposefully availed themselves to this forum.  The Defendants engaged in conduct evidencing an intent or purpose to serve the market in the forum state such as advertising, marketing, entering contracts, providing interactive websites, conducting tennis training, conducting tennis tournaments, engaging competitively in the sport of tennis, providing tennis coaching, education and advice, and establishing channels for providing education and training of young people in the sport of tennis in Alabama.  The incidents causing the injury and damages occurred in the States of Alabama.[2]

11.     The corporate Defendants purposefully derived substantial benefit from activities in the State of Alabama.

12.     Defendants' activities inside and outside the State of Alabama caused harm to the Plaintiffs inside Alabama.

13.     Defendants Leroy Thomas Joyner, Jr.'s acts or omissions occurred in the State of Alabama which caused the injuries and damages alleged. The said acts or omissions of Leroy Thomas Joyner, Jr occurred in Barbour County, Alabama.

14.     Defendant Dorothea Joyner's acts or omissions occurred in the State of Alabama and Georgia which caused the injuries and damaged alleged. The said acts or

_____

[2] The incidents causing the injury and damages also occurred in the States of Georgia, South Carolina, and Louisiana.

3

omissions of Dorothea Joyner occurred in Barbour County Alabama and Muscogee County, Georgia.

15.     Defendant Grassroots' acts or omissions occurred in the State of Alabama which caused the injuries and damaged alleged. The said acts or omissions of Grassroots occurred in Barbour County, Alabama

16.     Defendants InDepth's acts or omissions occurred in the State of Alabama and State of Georgia which caused the injuries and damaged alleged. The said acts or omissions of InDepth occurred in Barbour County Alabama and Muscogee County, Georgia.

<u>**STATEMENT OF THE FACTS**</u>

17.     Defendant USTA is the National Governing Body ("NGB") for the sport of tennis and the recognized leader in promoting and developing the sport's growth on every level in the United States. USTA has averaged over 700,000 individual members over the past 10 years. It collects dues from its individual members.

18.     As NGB for the sport of tennis, USTA selects the players and coaches that represent Team USA at the Olympic Games and other international tennis events. To be a member of Team USA, a player must be in good standing with the USTA.

19.     Defendant USTA Player Development is an affiliate of USTA. The mission of USTA Player Development is to educate and train young people in the sport of tennis through a clearly defined training structure and competitive pathway as well as through the implementation of a comprehensive coaching philosophy and structure. USTA funds USTA Player Development to perform this mission, which is a part of the overall USTA mission.  USTA is the sole member of USTA Player Development and

4

elects the directors of USTA Player Development pursuant to that organization's bylaws. As sole member, USTA has the right to remove USTA Player Development directors with or without cause, to fill vacancies in its Board of Directors, and to amend its certificate of incorporation and its bylaws. Additionally, USTA has the right to approve or ratify certain decisions of the Board of Directors of USTA Player Development (such as the decision to merge or dissolve).

20.    USTA and USTA Player Development (hereinafter referred together as "Defendants") develop young, talented tennis players at their National Training Centers in Carson, CA, Boca Raton, FL, and Orlando, FL. These National Training Centers provide programming for aspiring players to train during the day and work out with USTA's strength and conditioning staff after tennis workouts.

21.    In order to play in USTA tournaments individuals are required to be members of the USTA.

22.    Specifically, in order for individuals ages 12 through 18 to play in USTA tournaments, those individuals are required to be junior members of the USTA.

23.    In 2010, the United States Olympic Committee ("USOC")[3] notified its NGBs, including USTA, of the need to immediately strengthen child protection measures after several sex abuse allegations across the Olympic movement surfaced. Beginning in 2011, the USOC recommended NGBs expand disqualifying criteria for prospective coaches. The USTA resisted implementing many of the USOC's

---

[3] The USOC is a federally chartered nonprofit corporation whose central function is to coordinate amateur sports throughout the county for athletes hoping to one day compete in the Olympics. In this role, USOC certifies and oversees each sport's national governing body, which are the entities responsible for conducting and administering the respective sports in the United States.

recommended changes.

24.     Membership in the USTA is required to compete at USTA tournaments.

25.     Membership in the USTA and participation in USTA tournaments is the only way to achieve and maintain a national ranking as a tennis player in the United States.

26.     Achieving and maintaining a strong national ranking is a key factor in determining whether a player is accepted into a USTA tournament and affects that player's seeding (and therefore her chances of success).

27.     Performing well at a USTA tournament is one of the best ways for a player to be noticed and recruited by college coaches and teams.

28.     College coaches travel to Level 1 tournaments to recruit players.

29.     The United States Olympic and Paralympic Committee ("USOPC", formerly – and at times relevant to this Complaint - the United States Olympic Committee ("USOC")) requires all NGBs, including the USTA, to train all its adult members, on sexual abuse and sexual abuse prevention.

30.     In late 2012, the USOC again reiterated the need to strengthen child protection measures given the "crisis" of coaches molesting minor athletes. Once again, USTA ignored the USOC's recommendations. As a result, the USOC began mandating its NGBs implement minimum child protection measures. In response, USTA protested vociferously, telling USOC's CEO Scott Blackmun through written correspondence that while it was generally "supportive" of making the sport safer, the implementation of these measures would greatly increase liability exposure for NGBs in that they would effectively create higher duties of care.

31.     When USOC was recommending abuse-prevention policies, it wanted USTA to implement a policy prohibiting its coaches from having romantic

6

relationships with their female athletes. The USOC knew permitting these relationships would enable coaches to use their position of power to engage in inappropriate sexual advances towards their vulnerable athletes. While most NGBs agreed, USTA vehemently opposed this policy. USTA opposed it because there were several coaches in its sport dating their athletes. Highly respected tennis coach Judy Murray (mother of Wimbledon champions Andy Murray and Jaime Murray) said it was an open secret that there was abuse in the women's game. In an interview with The Guardian, Ms. Murray stated: "I think anybody would tell you that there are examples ... I think everybody who's on the circuit would be able to name you something that isn't quite right. It's very easy for a young, inexperienced player to be taken advantage of ...." To this day, USTA has not prohibited coaches from engaging in romantic relationships with their athletes.

32.     The sexual abuse of minors by individuals in authority positions over them is a well-known problem in the United States.

33.     Major media outlets have been reporting on sexual abuse in USOC controlled NGBs, particularly United States Swimming and United States Gymnastics, since the early 1990s.

34.     The leader of the USOC Task Force understood the importance of her work, telling THE NEW YORK TIMES that sexual abuse of minors in NGB-controlled sports is a "grassroots problem" affecting "one million" kids. Lynn Zinser, U.S.O.C. to Take Steps to Protect Against Sexual Abuse, N.Y. TIMES, Sept. 28, 2010, at https://www.nytimes.com/2010/09/29/sports/29usoc.html.

35.     The then-CEO of the USOC, Scott Blackmon, believed that the USOC and its NGBs would implement the changes suggested by the Task Force within six months.

36.    The USOC Task Force recommended that the NGBs, including USTA:

a. Develop policies and procedures to define and prohibit sexual abuse;
b. Develop education training and programs for their adult members; and
c. Develop policies and procedures for minors to report sexual abuse.

37.    The USTA failed to implement any of the changes suggested by the Task Force.

38.    The USTA failed to list their banned members publicly.

39.    By 2014, USTA members and employees had to comply with USTA's Safe Play Conduct, Policies, and Guidelines.

40.    Upon information and belief, the USTA had no Safe Sport program until 2014.

41.    All USTA members and employees must comply with USTA's Safe Play Conduct, Policies and Guidelines. USTA's Safe Play Conduct, Policies and Guidelines prohibit child abuse and  sexual misconduct. To prevent said conduct, USTA has implemented proactive policies, including but not limited to, policies (1) prohibiting types of one-on-one interactions, meetings, and training sessions   between adult  members  and  minor  athletes; (2) prohibiting  adult  members from providing  gifts  or  special  favors  to  minor  athletes;  (3) prohibiting  adult members   from  interacting  one-on-one  with  unrelated  minor  athletes  in  settings outside of tennis  programs (including, but not limited to, one's home) unless parent/legal guardian written consent  is provided for each out-of-program contact; (4) prohibiting adult members from  engaging in types of physical contact with minor athletes, including  lap  sitting,  cuddling,  tickling,  etc.;  (5)  placing  restrictions  on massages/rubdowns between adult members and minor athletes; (6) limiting and placing  restrictions  on  social  media  and  electronic  communications  between  adult

8

members and minor athletes; and (7) placing additional rules/restrictions for travel meets.

42.     Pursuant to its Safe Play program, USTA requires that adult USTA members complete education concerning child abuse prevention on an annual basis. Further, USTA requires its employees (and the individuals USTA formally authorizes to serve in a position over or have regular contact with athletes) to complete a criminal background screen at least every two years.

43.     Background screens must be completed either before regular contact with a minor athlete or within 45 days of initial membership, whichever occurs sooner. At any time, if USTA becomes aware of any potential criminal activity concerning an adult member, whether through information received from the media, third parties, or otherwise, USTA retains the right to conduct additional background screening, and to immediately withdraw the adult member's good standing status.

44.     USTA knew about, or was willfully blind to the existence of, many inappropriate relationships between underage minor members and older (often much older) adult members.

45.     Prior to 2014, the USTA did not have a policy prohibiting its adult members from being alone with children.

46.     Prior to 2014, the USTA did not have a policy prohibiting its adult members from traveling alone with children to and from tournaments it sanctioned.

47.     Prior to 2014, the USTA recommended hotels for tournaments it organized and knew that minor players would need to travel from their accommodations to the tournament venues.

48.     Prior to 2014 the USTA did not provide any shuttles or transportation for

minor players to get to the tournament venues independently.

49.    Prior to 2014 the USTA knew that it was common practice for adult USTA members acting as player coaches to travel to and from the tournament venues alone with the minor players.

50.    Prior to 2014 the USTA organized tournaments using multiple venues in the same cities, making it necessary for minor players to travel between venues.

51.    At all relevant times, Defendant Leroy Thomas Joyner, Jr. was a dues paying member of the USTA.

52.    At all relevant times, Defendant Dorothea Joyner was a dues paying member of the USTA.

53.    At all relevant times, Plaintiff was a dues paying member of the USTA.

54.    As a USTA member, Plaintiff was subject to Membership Terms & Conditions, including an agreement that all parties were subject to, and required to comply with, the USTA's Safe Play athlete abuse prevention policies and program.

55.    As a USTA member, Dorothea Joyner was subject to Membership Terms & Conditions, including an agreement that all parties were subject to, and required to comply with, the USTA's Safe Play athlete abuse prevention policies and program.

56.    As a USTA member, Leroy Thomas Joyner, Jr. was subject to Membership Terms & Conditions, including an agreement that all parties were subject to, and required to comply with, the USTA's Safe Play athlete abuse prevention policies and program.

57.    From 2013 to 2019, Defendants Leroy Thomas Joyner, Jr. and Dorothea Joyner operated Grassroots Tennis Association. Defendants Leroy Thomas Joyner, Jr.

10

and Dorothea Joyner provided tennis lessons / training and home-schooling to a group of children (including the Plaintiff).

58.    In or about 2013, Defendant Leroy Thomas Joyner, Jr recruited the Plaintiff to play tennis for the Grassroots Tennis Association. At the time the Plaintiff was attending school in Barbour County, Alabama.

59.    In or about 2013, in Barbour County, Alabama, Defendant Leroy Thomas Joyner, Jr., represented to the Plaintiff and her mother that Grassroots Tennis Association provided tennis lessons and tennis training to underprivileged children and teens.

60.    In or about 2013, Defendant Leroy Thomas Joyner, Jr, became the Plaintiff's full-time tennis coach.

61.    In or about 2013, when she was 12 years old, the Plaintiff began playing tennis with Defendants Leroy Thomas Joyner, Jr., Dorothea Joyner, and the Grassroots Tennis Association.

62.    After becoming her tennis coach, Defendant Leroy Thomas Joyner, Jr., sought to control Plaintiff's day-to-day activities.

63.    In or about 2015, Defendants Leroy Thomas Joyner, Jr and Dorothea Joyner convinced the Plaintiff and her mother to enroll the Plaintiff into Defendant InDepth Academy – a home school owned and operated by Defendants Leroy Thomas Joyner, Jr and Dorothea Joyner.

64.    Defendant InDepth is located and operated from Defendants Leroy and Dorothea Joyner's home in Columbus, Georgia. Defendant Dorothea Joyner was and is the headmaster of InDepth.

11

65.     From August 2015 through May 2019, the Plaintiff was enrolled at InDepth Academy and lived with Defendants Leroy and Dorethea Joyner in their Columbus, Georgia home.

66.     From August 2015 through May 2019, the Plaintiff was enrolled at InDepth Academy.  From August 2015 through May 2019, the Plaintiff and the other children/teens enrolled in InDepth and Grassroots were constantly traveling to South Carolina, Georgia, Alabama and Louisiana to participate in USTA tennis tournaments.

67.     While enrolled at InDepth and participating in USTA tournaments with Defendants Leroy Thomas Joyner, Jr., Dorothea Joyner, and Grassroots, the Plaintiff resided occasionally at the home of Defendants Leroy Thomas Joyner, Jr and Dorothea Joyner in Columbus, Georgia.

68.     Once enrolled in InDepth Academy, Defendants Leroy Thomas Joyner, Jr., Dorothea Joyner and Grassroots Tennis Association had the Plaintiff (and other children associated with Grassroots) spend most of her waking hours each day either practicing tennis or traveling throughout the southeast attending USTA tennis tournaments / events.

69.     Once enrolled in InDepth Academy, Defendant Leroy Thomas Joyner, Jr., began "grooming" the Plaintiff for the purposes of ultimately sexually abusing her.

70.     In or around May 2016, Defendant Leroy Thomas Joyner, Jr., began sexually assaulting, molesting and/or sexually abusing the Plaintiff.  At the time the Plaintiff was 15 years old and Defendant Leroy Thomas, Jr., was 43 years old.

71.     By December 2016, Defendants Dorothea Joyner and InDepth became aware that Defendant Leroy Thomas Joyner, Jr., began sexually assaulting and molesting

the Plaintiff but said Defendants did nothing to stop or prevent the sexual abuse being committed against the Plaintiff.

72.     From May 2016 through May 2019, Defendant Leroy Thomas Joyner, Jr., continued to sexually assault, molest and/or sexually abuse the Plaintiff in Alabama, Georgia, Louisiana, Mississippi, and South Carolina.

73.     From May 2016 through May 2019, Defendant Leroy Thomas Joyner, Jr., continued to sexually assault, molest and/or sexually abuse the Plaintiff in the foregoing States and jurisdictions in connection with events, competitions, practices, programs, instruction, and learning provided by Defendants USTA, USTA Development, Grassroots and InDepth.

74.     For example, in 2017, in Barbour County, Alabama, Defendant Leroy Thomas Joyner, Jr., sexually assaulted, molested, and/or sexually abused the Plaintiff in a vehicle while the Plaintiff was being transported to her home (located in Clayton, Alabama) from a Grassroots Tennis Association practice.

75.     Further, from August 2016 through May 2019, the Plaintiff, Defendants Leroy Thomas Joyner, Jr., Dorothea Joyner, and the Grassroots Tennis Association attended and participated in over twenty (20) USTA tennis tournaments / events throughout the southeastern United States.

76.     From August 2016 through May 2019, the Plaintiff, Defendants Leroy Thomas Joyner, Jr., Dorothea Joyner, and Grassroots instituted a policy wherein parents of Grassroots and InDepth students were encouraged to not attend USTA tennis tournaments / events.

13

77.    At all material times herein, no USTA officials, representatives or agents ever questioned or investigated why the parents of Grassroots were practically non-existent at USTA tournaments/ events.

78.    From August 2016 through May 2019, Defendant Leroy Thomas Joyner, Jr., sexually assaulted, molested and/or sexually abused the Plaintiff while attending and participating in USTA tennis tournaments / events in in Alabama, Georgia, Louisiana, Mississippi and South Carolina.

79.    At all material times herein, Defendants Dorothea Joyner, Grassroots and InDepth were fully aware that Defendant Leroy Thomas Joyner, Jr., had and was sexually assaulting, molesting and/or sexually abusing the Plaintiff and said Defendants aided, abetted and or assisted Defendant Leroy Thomas Joyner, Jr. by helping him to actively conceal his tortious and criminal conduct.

80.    In January 2019, the FBI began investigating Defendant Leroy Thomas Joyner, Jr., regarding allegations that the Defendant had sexually abused one of the female students of Grassroots and InDepth named C.S., who at the time was 15 years old.

81.    On or about February 12, 2020, Defendant Leroy Thomas Joyner, Jr., was criminally charged in Alabama with aggravated sexual abuse of a child ("C.S.") between the age of 12 and 16.

82.    Defendant Leroy Thomas Joyner, Jr., was originally scheduled to go to trial for the aforementioned criminal charges in October 2023 in the United States District Court for the Middle District of Alabama.

83.     In August 2023, the Plaintiff experienced what was believed to be a panic attack and rushed to the Southeast Health center in Dothan, Alabama for treatment.

84.     On January 23, 2024, a federal jury in Dothan, Alabama convicted Defendant Leroy Thomas Joyner, Jr., on one count of unlawfully transporting a minor across state lines with intent to engage in sexual activity.

85.     On August 8, 2024, a federal judge ordered that Defendant Leroy Thomas Joyner, Jr. serve 300 months in prison. The judge also ordered that Joyner remain on supervised release for life following his prison term.

86.     On or about October 16, 2024, the Plaintiff had a psychiatric breakdown and was again admitted to Southeast Health center in Dothan, Alabama upon expressing suicidal and/or homicidal ideations.

87.     On or about October 16, 2024, the Plaintiff was diagnosed with post-traumatic stress disorder (PTSD) with bipolar tendencies.

88.      The Plaintiff's diagnosis of PTSD with bipolar tendencies is a result of the years of sexual abuse committed by and allowed by the Defendants.

89.     Defendants USTA and USTA Player Development Inc. did not perform adequate background screening on Defendants Leroy Thomas Joyner, Dorothea Joyner, and Grassroots Tennis Association.

90.     Defendants entered contracts with the athletes trained by USTA and USTA member coaches including Plaintiff. Pursuant to such contracts, Defendants were contractually obligated to provide services, including all coaching and tennis related services offered at USTA training tournaments, events and facilities, in a safe

environment free of emotional, physical, and/or sexual misconduct. Defendants' contractual obligation to provide services in a safe and non-abusive manner was a non-delegable duty that could not be transferred to any third party.

91.    At all material times hereto, Defendant Leroy Thomas was an agent of Defendant USTA.

92.    At all material times hereto, Defendant Dorothea Joyner was an agent of Defendant USTA.

93.    At all material times hereto, Defendant Grassroots was an agent of Defendant USTA.

94.    At all material times hereto, Defendant Leroy Thomas Joyner was acting within the line and scope of his agency with Defendant USTA in dealings with the Plaintiff.

95.    At all material times hereto, Defendant Dorothea Joyner was acting within the line and scope of her agency with Defendant USTA in dealings with the Plaintiff.

96.    At all material times hereto, Defendant Grassroots was acting within the line and scope of its agency with Defendant USTA in dealings with the Plaintiff.

97.    At all material times hereto, Defendant USTA participated in, authorized or ratified the wrongful acts or conduct of Defendant Leroy Thomas Joyner.

98.    At all material times hereto, Defendant USTA participated in, authorized or ratified the wrongful acts or conduct of Defendant Dorothea Joyner.

99.    At all material times hereto, Defendant USTA participated in, authorized, or ratified the wrongful acts or conduct of Defendant Grassroots.

100.    At all material times hereto, Defendants Leroy Thomas Joyner was an agent of Defendant USTA Development.

101.    At all material times hereto, Dorothea Joyner was an agent of Defendant USTA Development.

102.    At all material times hereto, Grassroots was an agent of Defendant USTA Development.

103.    At all material times hereto, Defendant Leroy Thomas Joyner was acting within the line and scope of his agency with Defendant USTA Development in dealings with the Plaintiff.

104.    At all material times hereto, Defendant Dorothea Joyner was acting within the line and scope of her agency with Defendant USTA Development in dealings with the Plaintiff.

105.    At all material times hereto, Defendant Grassroots was acting within the line and scope of its agency with Defendant USTA Development in dealings with the Plaintiff.

106.    At all material times hereto, Defendant USTA Development participated in, authorized, or ratified the wrongful acts or conduct of Defendant Leroy Thomas Joyner.

107.    At all material times hereto, Defendant USTA Development participated in, authorized or ratified the wrongful acts or conduct of Defendant Dorothea Joyner.

108.    At all material times hereto, Defendant USTA Development participated in, authorized, or ratified the wrongful acts or conduct of Defendant Grassroots.

109.    At all material times hereto, Defendant Leroy Thomas was an agent of Defendant InDepth.

110.    At all material times hereto, Defendant Dorothea Joyner was an agent of Defendant InDepth.

111.    At all material times hereto, Defendant Leroy Thomas Joyner was acting within the line and scope of his agency with Defendant InDepth in dealings with the Plaintiff.

112.    At all material times hereto, Defendant Dorothea Joyner was acting within the line and scope of her agency with Defendant InDepth in dealings with the Plaintiff.

113.    At all material times hereto, Defendant InDepth participated in, authorized, or ratified the wrongful acts or conduct of Defendant Leroy Thomas Joyner.

114.    At all material times hereto, Defendant InDepth participated in, authorized, or ratified the wrongful acts or conduct of Defendant Dorothea Joyner.

115.    At all material times hereto, Defendant Leroy Thomas was an agent of Defendant Grassroots.

116.    At all material times hereto, Defendant Dorothea Joyner was an agent of Defendant Grassroots.

117.    At all material times hereto, Defendant Leroy Thomas Joyner was acting within the line and scope of his agency with Defendant Grassroots in dealings with the Plaintiff.

118.    At all material times hereto, Defendant Dorothea Joyner was acting within the line and scope of her agency with Defendant Grassroots in dealings with the Plaintiff.

119.    At all material times hereto, Defendant Grassroots participated in, authorized, or ratified the wrongful acts or conduct of Defendant Leroy Thomas Joyner.

120.    At all material times hereto, Defendant Grassroots participated in, authorized, or ratified the wrongful acts or conduct of Defendant Dorothea Joyner.

121.    The actions of the Defendants were intentional, gross, malicious, fraudulent, willful, wanton and reckless.

122.    The Defendant's negligence and/or wantonness occurred within two (2) years of filing this lawsuit.

123.    The Defendants entered into a pattern and/or practice of tortious conduct, which included the tortious conduct committed against the Plaintiff.

**COUNT ONE**
**NEGLIGENT and/or WANTON SUPERVISION,TRAINING, and**
**RETENTION**
**(ALABAMA)**

124.    Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

125.    Defendants USTA  and USTA Development had a duty of care to Plaintiff, as well as to all athletes when retaining, supervising, and evaluating its agents, USTA member-coaches, and employees, including Coach Leroy Thomas Joyner, Coach / Headmaster Dorothea Joyner, and Grassroots Tennis Association, to timely, adequately, and appropriately investigate, heed, and act on all reasonable suggestions and information that its coaches had the propensity to, and/or had actually, inappropriately engaged in inappropriate sexual innuendo and touching of female athletes in the course and scope of their employment and/or agency relationship with Defendants.

126.    Defendants USTA and USTA Development had a duty of care to Plaintiff, as well as to other athletes, to prohibit Coach Leroy Thomas Joyner from

privately interacting with Plaintiff as well as with other female athletes, given his propensity to sexually batter, threaten, harm, assault, harass, and otherwise mentally, physically, and emotionally injure female athletes.

127.    At all material times, Defendants USTA and USTA Development knew or reasonably should have known of Coach Leroy Thomas Joyner's propensity to sexually batter, threaten, harm, assault, and otherwise mentally, physically, and emotionally injure female athletes.

128.    At all material times, Defendants USTA and USTA Development knew that its coaches were being placed in a position of agency where they would have unfettered access to vulnerable female athletes without direct supervision, oversight, or monitoring.

129.    Coach Leroy Thomas Joyner used his position as a USTA member-coach to gain access to vulnerable female athletes and to verbally and physically assault and commit sexual battery against Plaintiff and other athletes.

130.    Defendants USTA and USTA Development knew or should have known that Coach Leroy Thomas Joyner had committed sexual battery against other female athletes prior to September 2018 and that Defendants Dorothea Joyner, Grassroots Tennis Association and InDepth Academy had aided and abetted in Coach Leroy Thomas Joyner's sexual assaults and batteries against said female athletes.

131.    Defendants failed to conduct adequate background checks and failed to adequately investigate Coach Leroy Thomas Joyner. Had Defendants conducted a reasonable investigation, the investigation would have revealed that Coach Leroy

Thomas Joyner had a propensity to harass, assault and commit sexual battery against female athletes, was in fact harassing, assaulting and committing sexual battery against female athletes, and was otherwise unsuitable for the duties and responsibilities of his position as a coach.

132.    Defendants had a duty of care to Plaintiff, as well as to other athletes, to protect Plaintiff and its athletes and to otherwise ensure the safety of its athletes, including Plaintiff, from being assaulted and battered by their employees and/or agents, including Coach Leroy Thomas Joyner.

133.    In breach of their duty of care, Defendants USTA and USTA Development were also negligent and/or wanton in supervising Coach Leroy Thomas Joyner.

134.    Additional negligent, careless and wanton acts and omissions of the Defendants USTA and USTA Development include but are not limited to:

a.    Failing to establish reasonable criteria for the granting of, withdrawal, or reduction of coaching assignments, roles, and duties;

b.    Failing to exercise reasonable care to ensure that the duty of accountability of the USTA coaching staff for athlete safety is properly discharged;

c.    Failing to exercise reasonable care to detect when actions or behavior of a member-coach are detrimental to athletes;

d.    Failing to exercise reasonable care to detect that actions or behavior of a USTA member-coach demonstrate noncompliance with USTA Bylaws, Rules and Regulations or Policies and Procedures, and State Law;

21

e.      Failing to exercise appropriate and reasonable care in granting coaching privileges to Coach Leroy Thomas Joyner, to perform unsupervised/unchaperoned coaching and supervision of USTA athletes;

f.      Creating a culture of secrecy and deceit in the coaching staff to harbor and conceal known acts and propensities of other coaches that harass and abuse USTA athletes.

135.    As approximate result of Defendants' negligent supervision, training, and retention, the Plaintiff was injured and damaged as follows: Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants USTA and USTA Development and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT TWO
## NEGLIGENCE & WANTONNES
## (ALABAMA)

136.    Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

137.    A special relationship existed between said Defendants USTA and

Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and the Grassroots Tennis Association, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

138.   A special relationship existed between Defendant USTA Development and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and the Grassroots Tennis Association, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its

23

members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

139.    A special relationship existed between Defendant Grassroots Tennis Association and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and InDepth Academy, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to

otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

140. A special relationship existed between Defendant InDepth Academy and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and the Grassroots Tennis Association, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

141. A special relationship existed between Defendant Dorothea Joyner and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, InDepth Academy, and the Grassroots Tennis Association, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules,

regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

142.    Said Defendants, and each of them, breached said duties by, *inter alia,* failing to appropriately screen Leroy Thomas Joyner and/or Dorothea Joyner before approving his and her membership/coach status, permitting Leroy Thomas Joyner and/or Dorothea Joyner to coach minor athletes and operate a tennis organization geared toward instructing minors despite Leroy Thomas Joyner and/or Dorothea Joyner's history of engaging in, and/or aiding and abetting the engagement in, sexual misconduct with minors; permitting Leroy Thomas Joyner and/or Dorothea Joyner's repeated violation of relevant rules, regulations, ordinances or statutes designed to protect minors from abuse; failing to detect and/or prevent Leroy Thomas Joyner and/or Dorothea Joyner's course of inappropriate behavior towards plaintiff and/or her preferential treatment of her; failing to appropriately educate and/or train Plaintiff, her parents, and other members on detecting and/or deterring inappropriate conduct toward minors under their care; failing to exercise control over Leroy Thomas Joyner and/or

26

Dorothea Joyner and/or to intervene on Plaintiff's behalf; failing to implement and/or enforce proper policies and procedures for the protection of minors; and failing to notify and warn Plaintiff or her parents that Leroy Thomas Joyne and/or Dorothea Joyner posed a significant risk to plaintiff's safety.

143.    As approximate result of Defendants' negligence and wantonness, the Plaintiff was sexually assaulted,  groomed, and molested and the Plaintiff was injured and damaged as follows: Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, InDepth Academy and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT THREE
## SEXUAL ASSAULT and BATTERY
## (ALABAMA)

144.    Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

145.    Due to the special relationship as Plaintiff's tennis coach, Defendant Leroy Thomas Joyner owed a  duty to conduct himself with due care for the safety of Plaintiff. This duty included, but was not limited to, an obligation to comply with all

USTA and USTA Development rules and regulations.

146.    Defendant Leroy Thomas Joyner used his position of trust and authority as a tennis coach to groom Plaintiff for his sexual advances and thereafter committed lewd and lascivious acts upon Plaintiff and/or sexually abused, molested, and/or improperly touched plaintiff.

147.    The aforementioned acts and conduct of Defendant Leroy Thomas Joyner constitutes assaults on the Plaintiff and caused her to be put in fear of her own safety and physical well-being, to undergo great mental suffering and anguish, shame, embarrassment, and humiliation.

148.    Defendants USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, and InDepth Academy knew of, tolerated, participated in, authorized or ratified the wrongful acts or conduct of Leroy Thomas Joyner.

149.    As a legal result of the foregoing, Plaintiff was injured in health, strength and activity, sustaining bodily injuries and shock and injury to her nervous system and person, all of which caused and continue to cause plaintiff great mental, emotional, physical and nervous pain and suffering. Plaintiff was thereby required to and did employ physicians and counselors for examination, treatment and care, and incurred, and will continue in the future to incur, medical and incidental expenses, including counseling costs, the exact amount of which is unknown to Plaintiff at this time.

150.    As a direct and proximate result of the intentional acts of Defendants acting by and through its employee/agents, including, but not limited to, Coach Leroy Thomas Joyner, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Leroy Thomas Joyner USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, InDepth Academy and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS
## (ALABAMA)

151.    Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

152.    Defendants' own conduct and conduct by and through its employee/ agents, including, but not limited to, Coach Leroy Thomas Joyner, who sexually assaulted and battered the Plaintiff, was deliberate or reckless infliction of mental suffering.

153.    The conduct of said Defendants including, but not limited to, sexual assault and battery were outrageous and was so extreme as to exceed all bounds of decency usually tolerated in a civilized community.

154.    In performing such lewd and lascivious acts upon plaintiff, said defendants acted with reckless disregard of the probability that plaintiff would suffer physical and/or emotional distress.

155.    The conduct caused Plaintiff emotional distress, which distress was

29

severe. Defendants conduct and actions in acting by and through its employee/agents, including, but not limited to, Coach Leroy Thomas Joyner, was the direct and proximate cause of severe emotional distress to Plaintiff.

156.    As a direct and proximate result of the intentional acts of Defendants acting by and through its employee/agents, including, but not limited to, Coach Leroy Thomas Joyner, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Leroy Thomas Joyner USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, InDepth Academy and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT FIVE
## NEGLIGENT and/or WANTON SUPERVISION,TRAINING, and RETENTION
## (GEORGIA, LOUISIANA, and SOUTH CAROLINA)

157.    Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

158.    Defendants USTA  and USTA Development had a duty of care to Plaintiff, as well as to all athletes when retaining, supervising, and evaluating its agents, USTA member-coaches, and employees, including Coach Leroy Thomas

Joyner, Coach / Headmaster Dorothea Joyner, and Grassroots Tennis Association, to timely, adequately, and appropriately investigate, heed, and act on all reasonable suggestions and information that its coaches had the propensity to, and/or had actually, inappropriately engaged in inappropriate sexual innuendo and touching of female athletes in the course and scope of their employment and/or agency relationship with Defendants.

159.   Defendants USTA and USTA Development had a duty of care to Plaintiff, as well as to other athletes, to prohibit Coach Leroy Thomas Joyner from privately interacting with Plaintiff as well as with other female athletes, given his propensity to sexually batter, threaten, harm, assault, harass, and otherwise mentally, physically, and emotionally injure female athletes.

160.   At all material times, Defendants USTA and USTA Development knew or reasonably should have known of Coach Leroy Thomas Joyner's propensity to sexually batter, threaten, harm, assault, and otherwise mentally, physically, and emotionally injure female athletes.

161.   At all material times, Defendants USTA and USTA Development knew that its coaches were being placed in a position of agency where they would have unfettered access to vulnerable female athletes without direct supervision, oversight, or monitoring.

162.   Coach Leroy Thomas Joyner used his position as a USTA member-coach to gain access to vulnerable female athletes and to verbally and physically assault and commit sexual battery against Plaintiff and other athletes.

163.   Defendants USTA and USTA Development knew or should have known that Coach Leroy Thomas Joyner had committed sexual battery against other

female athletes prior to September 2018 and that Defendants Dorothea Joyner, Grassroots Tennis Association and InDepth Academy had aided and abetted in Coach Leroy Thomas Joyner's sexual assaults and batteries against said female athletes.

164.    Defendants failed to conduct an adequate background check and failed to adequately investigate Coach Leroy Thomas Joyner. Had Defendants conducted a reasonable investigation, the investigation would have revealed that Coach Leroy Thomas Joyner had a propensity to harass, assault and commit sexual battery against female athletes, and was otherwise unsuitable for the duties and responsibilities of his position as a coach.

165.    Defendants had a duty of care to Plaintiff, as well as to other athletes, to protect Plaintiff and its athletes and to otherwise ensure the safety of its athletes, including Plaintiff, from being assaulted and battered by their employees and/or agents, including Coach Leroy Thomas Joyner.

166.    In breach of their duty of care, Defendants USTA and USTA Development were also negligent and/or wanton in supervising Coach Leroy Thomas Joyner.

167.    Additional negligent, careless and wanton acts and omissions of the Defendants USTA and USTA Development include but are not limited to:

     a.     Failing to establish reasonable criteria for the granting of, withdrawal, or reduction of coaching assignments, roles, and duties;

     b.     Failing to exercise reasonable care to ensure that the duty of accountability of the USTA coaching staff for athlete safety is properly

discharged;

c.    Failing to exercise reasonable care to detect when actions or behavior of a member-coach are detrimental to athletes;

d.    Failing to exercise reasonable care to detect that actions or behavior of a USTA member-coach demonstrate noncompliance with USTA Bylaws, Rules and Regulations or Policies and Procedures, and State Law;

e.    Failing to exercise appropriate and reasonable care in granting coaching privileges to Coach Leroy Thomas Joyner, to perform unsupervised/unchaperoned coaching and supervision of USTA athletes;

f.    Creating a culture of secrecy and deceit in the coaching staff to harbor and conceal known acts and propensities of other coaches that harass and abuse USTA athletes.

168.    As approximate result of Defendants' negligent supervision, training, and retention, the Plaintiff was injured and damaged as follows: Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants USTA and USTA Development and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT SIX
## NEGLIGENCE & WANTONNES
## (GEORGIA, LOUISIANA, and SOUTH CAROLINA)

169. Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

170. A special relationship existed between said Defendants USTA and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and the Grassroots Tennis Association, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

171. A special relationship existed between Defendant USTA Development and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and the Grassroots Tennis Association, whereby all of the said Defendants

34

owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

172.    A special relationship existed between Defendant Grassroots Tennis Association and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and InDepth Academy, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of

child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the  memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted  the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

173.    A special relationship existed between Defendant InDepth Academy and Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, Dorothea Joyner and the Grassroots Tennis Association,  whereby all of the  said  Defendants owed  Plaintiff  a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to  prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and  educate  its members  and  minor  members' parents  on detecting  indicia  of predatory behaviors and/or  reporting to the legal authorities  any reasonable  suspicion  of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the  memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged  in and/or permitted  the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

174.    A special relationship existed between Defendant Dorothea Joyner and

Plaintiff, as well as a relationship of control over Leroy Thomas Joyner, InDepth Academy, and the Grassroots Tennis Association, whereby all of the said Defendants owed Plaintiff a duty to, *inter alia,* protect her from sexual assault by their member coach(es); employ or retain suitable coaches to whom they entrusted the care of their minor members; institute and enforce appropriate policies, procedures, rules, regulations, and requirements necessary to prevent inappropriate sexual conduct directed to their minor members by coaches; to adequately train and educate its members and minor members' parents on detecting indicia of predatory behaviors and/or reporting to the legal authorities any reasonable suspicion of child abuse; to investigate complaints of sexual abuse against member coaches; to suspend and/or revoke the memberships of member coaches and organizations that have engaged in and/or permitted the sexual abuse of a minor athlete; to notify and warn minor athlete members and their parents of member coaches that have engaged in and/or permitted the sexual abuse of a minor athlete; and/or to otherwise conduct themselves with due care so as to avoid injuring Plaintiff.

175.    Said Defendants, and each of them, breached said duties by, *inter alia,* failing to appropriately screen Leroy Thomas Joyner and/or Dorothea Joyner before approving his and her membership/coach status, permitting Leroy Thomas Joyner and/or Dorothea Joyner to coach minor athletes and operate a tennis organization geared toward instructing minors despite Leroy Thomas Joyner and/or Dorothea Joyner's history of engaging in, and/or aiding and abetting the engagement in, sexual misconduct with minors; permitting Leroy Thomas Joyner and/or Dorothea Joyner's repeated violation of relevant rules, regulations, ordinances or statutes designed to

37

protect minors from abuse; failing to detect Leroy Thomas Joyner and/or Dorothea Joyner's course of inappropriate behavior towards plaintiff and/or her preferential treatment of her; failing to appropriately educate and/or train Plaintiff, her parents, and other members on detecting and/or deterring inappropriate conduct toward minors under their care; failing to exercise control over Leroy Thomas Joyner and/or Dorothea Joyner and/or to intervene on Plaintiff's behalf; failing to implement and/or enforce proper policies and procedures for the protection of minors; and failing to notify and warn Plaintiff or her parents that Leroy Thomas Joyne and/or Dorothea Joyner posed a significant risk to plaintiff's safety.

176.    As approximate result of Defendants' negligence and wantonness, the Plaintiff was sexually assaulted,  groomed, and molested and the Plaintiff was injured and damaged as follows: Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, InDepth Academy and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT SEVEN
## SEXUAL ASSAULT and BATTERY
## (GEORGIA, LOUISIANA, and SOUTH CAROLINA)

177.    Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

178.    Due to the special relationship as Plaintiff's tennis coach, Defendant Leroy Thomas Joyner owed a duty to conduct himself with due care for the safety of Plaintiff. This duty included, but was not limited to, an obligation to comply with all USTA and USTA Development rules and regulations.

179.    Defendant Leroy Thomas Joyner used his position of trust and authority as a tennis coach to groom Plaintiff for his sexual advances and thereafter committed lewd and lascivious acts upon Plaintiff and/or sexually abused, molested, and/or improperly touched plaintiff.

180.    The aforementioned acts and conduct of Defendant Leroy Thomas Joyner constitutes assaults on the Plaintiff and caused her to be put in fear of her own safety and physical well-being, to undergo great mental suffering and anguish, shame, embarrassment, and humiliation.

181.    Defendants USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, and InDepth Academy knew of, tolerated, participated in, authorized or ratified the wrongful acts or conduct of Leroy Thomas Joyner.

182.    As a legal result of the foregoing, Plaintiff was injured in health, strength and activity, sustaining bodily injuries and shock and injury to her nervous system and person, all of which caused and continue to cause plaintiff great mental, emotional, physical and nervous pain and suffering. Plaintiff was thereby required to and did

39

employ physicians and counselors for examination, treatment and care, and incurred, and will continue in the future to incur, medical and incidental expenses, including counseling costs, the exact amount of which is unknown to Plaintiff at this time.

183.    As a direct and proximate result of the intentional acts of Defendants acting by and through its employee/agents, including, but not limited to, Coach Leroy Thomas Joyner, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Leroy Thomas Joyner USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, InDepth Academy and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## COUNT EIGHT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (GEORGIA, LOUISIANA, and SOUTH CAROLINA)

184.    Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully herein.

185.    Defendants' own conduct and conduct by and through its employee/ agents, including, but not limited to, Coach Leroy Thomas Joyner, who sexually assaulted and battered the Plaintiff, was deliberate or reckless infliction of mental suffering.

186.    The conduct of said Defendants including, but not limited to, sexual assault and battery were outrageous and was so extreme as to exceed all bounds of decency usually tolerated in a civilized community.

187.    In performing such lewd and lascivious acts upon plaintiff, said defendants acted with reckless disregard of the probability that plaintiff would suffer physical and/or emotional distress.

188.    The conduct caused Plaintiff emotional distress, which distress was severe. Defendants conduct and actions in acting by and through its employee/agents, including, but not limited to, Coach Leroy Thomas Joyner, was the direct and proximate cause of severe emotional distress to Plaintiff.

189.    As a direct and proximate result of the intentional acts of Defendants acting by and through its employee/agents, including, but not limited to, Coach Leroy Thomas Joyner, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants Leroy Thomas Joyner USTA, USTA Development, Grassroots Tennis Association, Dorothea Joyner, InDepth Academy and Fictious Defendants for compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

Respectfully submitted,


*/s/ Larry Golston*
Larry A. Golston (GOL029)
Leon Hampton, Jr. (HAM105)
Jessi M. Haynes (MEE005)
*Attorneys for Plaintiff*


**OF COUNSEL:**
**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555
Alison.Hawthorne@beasleyallen.com
Larry.golston@beasleyallen.com
Leon.hampton@beasleyallen.com
Jessi.haynes@beasleyallen.com


*/s/ L. Shane Seaborn*
L. Shane Seaborn
*Attorney for Plaintiff*


**OF COUNSEL:**
**PENN & SEABORN LLC**
1442 S. Eufaula Avenue
Eufaula, Alabama 36027
(334) 687-5555 – telephone
(334) 687-5111 – facsimile
sseaborn1@yahoo.com

42

DOCUMENT 1



ELECTRONICALLY FILED
8/13/2025 12:46 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

# IN THE CIRCUIT COURT OF
## BARBOUR COUNTY, ALABAMA
### (Clayton Division)

| | |
|---|---|
| HALEIGH K. MCLENDON, | * |
| | * |
| Plaintiffs, | * |
| | * |
| VS. | * |
| | *    CASE NO.  CV- |
| UNITED STATES TENNIS ASSOCIATION INC., | * |
| USTA PLAYER DEVELOPMENT INC., | * |
| GRASSROOTS TENNIS ASSOC., LLLP, | *    JURY DEMAND |
| IN DEPTH ACADEMY, | * |
| DOROTHEA L. JOYNER, | * |
| LEROY THOMAS JOYNER, Jr., | * |
| and Fictitious Defendants "A", "B", "C" | * |
| and "D", whether singular or plural, | * |
| those other persons, corporations, | * |
| firms, or other entities whose | * |
| wrongful conduct caused or | * |
| contributed to cause the injuries and | * |
| damages to the Plaintiff, all of whose | * |
| true and correct names are unknown | * |
| to Plaintiff at this time, but will be | * |
| substituted by amendment when | * |
| ascertained, | * |
| | * |
| | * |
| Defendants. | * |

## PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDNANT UNITED STATES TENNIS ASSOCIATION, INC.

Plaintiff Haleigh McLendon pursuant to the Alabama Rules of Civil Procedure propounds the following Interrogatories and Request For Production of Documents to Defendant United States Tennis Association, Inc.  Plaintiff requests that Defendant answer this discovery separately and fully in writing and under oath forty-five (45) days from the date of this discovery.

**As used in these interrogatories, the terms listed below are defined as follows:**

1

(a)     **"YOU"**, **"YOUR"**, **"YOURSELF"** means Defendant United States Tennis Association, Inc. (USTA), and any agent or authorized representative or person acting or purporting to act on its behalf.

(b)     **"PLAINTIFF(S)"** means Haleigh McLendon.

(c)     **"DEFENDANTS"** means Defendant United States Tennis Association, Inc. (USTA), its employees, agents and representatives.

(d)     **"DOCUMENT" or "DOCUMENTS"** means any writing of any kind, including originals and non-identical copies (whether different from the originals by reason of any notation made on any such copies or otherwise), including without limitation, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records or representations of any kind and electronic, mechanical or electric records of any kind of which you have knowledge or which are now or were formally in your actual or constructive possession, custody or control.

(e)     **"POSSESSION", "CUSTODY", OR "CONTROL"** includes the joint or several possession, custody, or control, not only by the person by whom these interrogatories and requests are addressed but also the joint or several possession, custody, or control by each other person acting or purporting to act on behalf of the person, whether as the employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

(f)    **"PRODUCE"** means to provide or make available any "DOCUMENT," "DOCUMENTS," "Electronically stored information" or "ESI" (as those terms are defined herein), that is responsive to a request or interrogatory in a form that identifies or labels the "DOCUMENT," "DOCUMENTS," "Electronically stored information" or "ESI" that is sought, to correspond to the request or interrogatory to which it is responsive.

(g)    **"RELATES TO"** means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

(h)    **"CONCERNING"** means consisting of, referring to, pertaining to, reflecting, evidencing, or in any way logically or factually connected with the matter discussed.

(i)    **"PERSON"** means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other associations separately identifiable whether or not such association has a separate juristic existence in its own right.

(j)    **"IDENTIFY", "IDENTITY",** and **"IDENTIFICATION",** when used to refer to an entity other than a natural person means to state its full name, the present or last known address of its principle office or place of doing business, and the type of entity (e.g., corporation, partnership, unincorporated association).

(k)    **"IDENTIFY", "IDENTITY",** and **"IDENTIFICATION",** when used to refer to a natural person, means to state the following: the person's full name and present or last known home address, home telephone number, business address, and business telephone number.

(l)    **"HIS"** means his and/or her and "he" and means he and/or she.

(m)    The word **"AND"** means and/or and the word **"OR"** means and/or.

(n)    **"SEXUAL INTERCOURSE"** means any of the following: genital-to-genital, oral-to-genital, genial-to-oral, anal-to-genital, or oral-to-anal penetration, however slight, whether between persons of the same or opposite sex.

(o)    **"SEXUAL CONTACT"** means any contact involving the intimate parts of either person for the purpose of sexual gratification of either person.

(p)    **"SEXUAL ABUSE"** means any sexual intercourse between any person age 18 or older with any person age 16 or younger, as well as any non-consensual sexual contact or act of sexual gratification, including but not limited to rape, sexual battery, child molestation, and sexual exploitation.

## <u>INSTRUCTIONS</u>

(a)    With respect to each interrogatory, in addition to supplying the information asked for and identifying the specific documents referred to, identify all documents, which were referred to in preparing your answer thereto.

(b)    If any document identified in your answer to an interrogatory was, but, is no longer in your possession or subject to your custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.

(c)    If you cannot furnish exact information, supply estimated information.  Your response should indicate this fact, explaining the basis of the estimate and the reason you cannot furnish the exact information.

(d)    If any document is withheld from production hereunder on the basis of the attorney-client privilege, work-product or otherwise, identify each such document and the grounds upon which the production is being withheld.

(e)     This discovery request is continuing in character and requires your further and

supplemental answers in the event you obtain or discover additional or different

information or documents prior to the trial of this case.

## **INTERROGATORIES**

1.      Please state the full name, job title and address of each person answering and assisting

in answering these Interrogatories.

2.      Please state the full name, the address, email address and telephone number of each

individual likely to have discoverable information—along with the subjects of that information—that

a party may use to support its claims or defenses, unless the use would be solely for impeachment.

3.      List each policy of insurance, including the name of the insurer, the person or entity

insured and the policy limits for liability coverage, which may be liable to satisfy, indemnify, and/or

reimburse payments made to satisfy or indemnify, part or all of any Judgment that may be entered as

a result of the claims made the basis of Plaintiffs' Complaint.

4.      State whether any audiotapes, videotapes, or other recordings of any conversation

or meetings which involve, pertain to, or mention Plaintiff, Leroy Thomas Joyner, Jr., or

Grassroots Tennis Association exists.  For each such recording or tape that exists, please identify

by name, address and telephone number the person who made the tape or recording as well the

date, time and location the tape or recording was made.


5.      Describe in detail all policies and procedures the Defendant has had in effect to define

and prohibit sexual abuse and state when such policies and procedures went into effect.


6.      Describe in detail all education training and programs the Defendant has had in effect

to for their members that are adults and minors and state when such education training and programs

went into effect.


7.      Describe in detail all policies and procedures the Defendant has had in effect to for

minors to report sexual abuse and state when such policies and procedures went into effect.


8.      Describe in detail all policies and procedures the Defendant has had in effect

concerning adult members including, but not limited to, adult member coaches being alone with

members that are minors and state when such policies and procedures went into effect.


9.      Describe in detail all policies and procedures the Defendant has had in effect

concerning adult members including, but not limited to, adult member coaches sending and receiving

text messages to or from members that are minors and state when such policies and procedures went

into effect.

10.     Describe in detail all actions taken by the Defendant to protect minor members of the United States Tennis Association, Inc (USTA) from members from sexual abuse, battery, harassment, and exploitation by its adult members, including Haleigh McLendon.

11.     Describe in detail all rules, regulations, policies and procedures to be followed by USTA members when attending USTA tournaments.

12.     Describe in detail all actions taken by the Defendant to ensure that the rules, regulations, policies and procedures provided in response to Interrogatory Number 11 are followed by USTA members.

13.     Identify by full name, home address, business address, telephone number, email address, date of birth and dates of USTA membership each USTA member that has alleged and/or reported sexual abuse by another USTA member, USTA coach, or both, to you since 2010.

14.     For each affirmative defenses you assert and/or may assert in your answer, provide a detailed factual basis for support of each affirmative defense.

15.     Describe in detail all laws, acts having the force and effect of law, codes, regulations and legal principles standards, and customs or usages you contend are applicable to this lawsuit.

16.     If you contend that some other person or entity is, in whole or in part, liable to the Plaintiff or this Defendant in this matter, state his or her full name, address, and telephone number and describe in detail the basis of said liability.

17.     Identify by full name, address, and telephone number each person you expect to call as an expert witness at the trial of this case, and, as to each expert so identified, state the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

18.     For each lawsuit filed within the last seven (7) years against this Defendant, in which negligence, wantonness, negligent supervision, training and retention, wanton supervision, training and retention, sexual assault, battery, and intentional infliction of emotional distress were alleged, please state the following:

     a.     The name of the Plaintiff;

     b.     The Court where the Complaint was filed;

     c.     The style of the case;

     d.     The name of the Plaintiff's attorney;

     e.     Whether the case was tried or settled;

     f.     The results of any jury verdict

     g.     The amount of settlement if any.

_____
*Signature of Individual Completing Interrogatories*

Printed Name of Individual Signing
Interrogatories: _____

STATE OF _____ )
COUNTY OF _____ )

SWORN TO and subscribed before me this _____ day of _____, 2025 by
_____, who is personally known to me or who produced
_____ as identification.

_____
Notary Public

(SEAL)                                                My Commission Expires: _____

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following documents and/or items:

1.    Any and all internal communications (defined as any and all forms or modes of communication, including but not limited to emails, texts, personal meetings, and/or telephonic discussions) concerning a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA.

2.    Any and all policies that the United States Tennis Association, Inc. or any person, agent, and/or representative acting on its behalf or any of its regional entities had in effect as of January 2013 concerning a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA.

3.    Each and every policy of insurance, including the name of the insurer, the person or entity insured and the policy limits for liability coverage, which may be liable to satisfy, indemnify, and/or reimburse payments made to satisfy or indemnify, part or all of any Judgment that may be entered as a result of the claims made the basis of Plaintiff's Complaint.

4.    The legislative history associated with any and all policies that you had in effect as of January 2013 concerning a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA.

5.    Any and all communications between you and the US Olympic Committee ("USOC") regarding a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA and/or between a coach and an athlete.

6.      Any and all communications between you and the US Center for Safe Sport ("Safe Sport") regarding a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA and/or between coaches and athletes.

7.      All files and reports on Defendant Leroy Thomas, Jr. to include investigative reports, background checks, mental health evaluations and treatment, peer evaluations, peer reviews, audits, internal and external investigations, evidence of misconduct, and all other documents related to Leroy Thomas, Jr.

8.      All files and reports on Defendant Dorothea Thomas to include investigative reports, background checks, mental health evaluations and treatment, evaluations, peer reviews, audits, evidence of misconduct, and all other documents related to Dorothea Thomas.

9.      Any and all documents which set out rules, regulations, guidelines, policies and procedures for personal conduct of coaches and adult members of the USTA from January 2010 to the present.

10.     Any and all documents that set forth rules, regulations, guidelines, policies, and procedures for identifying, preventing, handling, reporting and disciplining members of the USTA who engage in sexual abuse.

11.     Any and all documents that set forth rules, regulations, guidelines, policies, and procedures for identifying, preventing, handling, reporting and disciplining members of the USTA who engage in sexual intercourse with other members including, but not limited to the rules, regulations, guidelines, policies, and procedures for identifying, preventing, handling, reporting and disciplining adult members who engage in sexual intercourse with minor members.

12.     Any and all documents that set forth rules, regulations, guidelines, policies, and procedures for identifying, preventing, handling, reporting and disciplining members of the USTA who engage in sexual contact with other members including, but not limited to the rules, regulations, guidelines, policies, and procedures for identifying, preventing, handling, reporting and disciplining adult members who engage in sexual contact with minor members.

13.     Any and all communications between you and Safe Sport concerning allegations of sexual abuse by Leroy Thomas Joyner, Jr.

14.     Any and all communications between you and any member and/or representative of the US Congress, i.e. the Senate and/or the House of Representatives, regarding a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA and/or between coaches and athletes..

15.     Any and all communications you have had with Casey Sanders concerning her allegations of sexual assault committed upon her by Leroy Thomas Joyner.

16.     Any and all communications you have had with Haleigh McLendon concerning her allegations of sexual assault committed upon her by Leroy Thomas Joyner.

17.     The entire personnel file of Anibal Aranda, excluding private tax information.

18.     Full and complete copies of any employment agreement and/or contact between you and Leroy Thomas Jr. in effect at any time from 2010 to 2024.

19.     Full and complete copies of any USTA tournament registrations for:

a.   Haleigh McLendon;

b.   Casey Sanders;

c.   Leroy Thomas Joyner, Jr;

d.   Dorothea Thomas.

12

20.    Any and all files and reports on Defendant Dorothea Joyner to include investigative reports, background checks, mental health evaluations and treatment, peer evaluations, peer reviews, audits, internal and external investigations, evidence of misconduct, and all other documents related to Dorothea Joyner.

21.    All files and reports on Defendant Grassroots Tennis Association to include investigative reports, background checks, mental health evaluations and treatment, peer evaluations, peer reviews, audits, internal and external investigations, evidence of misconduct, and all other documents related to Grassroots Tennis Association.

22.    All documents provided to and received by any law enforcement agencies concerning all allegations or reports of sexual abuse by the individuals identified in Interrogatory Number 13.

23.    All documents provided to and received by any law enforcement agencies concerning all allegations or reports of sexual abuse by Casey Sanders and Haleigh McLendon.

24.    Any and all claims, concerns, and/or complaints presented to you regarding Dorothea Joyner.

25.    Any and all claims, concerns, and/or complaints presented to you regarding Grassroots Tennis Association.

26.    All documents used in or referenced in responding to any interrogatories served by the Plaintiff.

27.    All statements, declarations or affidavits of any type (e.g. written, recorded, or otherwise) that you or anyone acting on your behalf have obtained relating to any fact, matter, or event concerning any aspect of this lawsuit.

28.     All documents that you possess that you contend support any defense you have in this matter, including but not limited to, any defense raised in the Answer to the Complaint.

29.     All letters, emails, text messages, voice mails, audio recordings, video recordings or correspondences, including but not limited to ESI, between the Defendant and any of the following from January 2013 through December 2024:

     a.  Haleigh McLendon;

     b.  Leroy Thomas Joyner, Jr.

     c.  Casey Sanders.

     d.  USTA Player Development, Inc.;

30.     All documents, including reports or correspondence or email, sent to or otherwise provided by the Defendant to, anyone from whom the Defendant intends to elicit expert testimony at trial.

31.     All documents, reports, summaries, curriculum vitae and/or resumes from any person whom you have retained or intend to retain as an expert witness to testify at trial or any other proceeding in this matter.

32.     All audio recordings, video recordings, documents, notes, diaries, statements, affidavits, declarations or other tangible items related to each and every allegation or report of sexual abuse by the individuals identified in Interrogatory Number 13.

33.     All audio recordings, video recordings, documents, notes, diaries, statements, affidavits, declarations or other tangible items related to Plaintiff's claims or any Defendant's answer in this lawsuit.

34.     A privilege log for any document(s) for which you claim privilege in response to these discovery requests.  In that privilege log, state the information identified below in (i) – (x) that is necessary for the privilege to be tested:

(i) A description of what the document is.
(ii) Its date.
(iii) The name, address, job title and employer of the author of the document, or the person taking the statement or the like.
(iv) The subject of the document.
(v) The persons to whom the document is addressed.
(vi) The persons indicated thereon as having received copies.
(vii) The name, address, job title and employer of any person known or believed to have received or seen the document or any copy or summary thereof.
(viii) The purpose for which the document was created and transmitted.
(ix) The degree of confidentiality with which it was treated at the time of its creation and transmission and since.
(x) Any other facts relevant to the elements of the particular privilege asserted.


*/s/ Larry Golston*
Larry Golston
*Attorney for Plaintiff*


OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.**
Post Office Box 4160
Montgomery, AL  36103
Telephone: (334) 269-2343
Fax: (334) 954-7555
E-mail: larry.golston@beasleyallen.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the Defendants with the Summons and Complaint on this the 13th day of August, 2025.


*/s/ Larry Golston*
OF COUNSEL

15



ELECTRONICALLY FILED
8/13/2025 12:46 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

## IN THE CIRCUIT COURT OF
## BARBOUR COUNTY, ALABAMA
### (Clayton Division)

| | | |
|---|---|---|
| **HALEIGH K. MCLENDON,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **VS.** | * | |
| | * | **CASE NO.  CV-** |
| **UNITED STATES TENNIS ASSOCIATION INC.,** | * | |
| **USTA PLAYER DEVELOPMENT, INC.,** | * | |
| **GRASSROOTS TENNIS ASSOC., LLLP,** | * | **JURY DEMAND** |
| **IN DEPTH ACADEMY,** | * | |
| **DOROTHEA L. JOYNER,** | * | |
| **LEROY THOMAS JOYNER, Jr.,** | * | |
| **and Fictitious Defendants "A", "B", "C"** | * | |
| **and "D", whether singular or plural,** | * | |
| **those other persons, corporations,** | * | |
| **firms, or other entities whose** | * | |
| **wrongful conduct caused or** | * | |
| **contributed to cause the injuries and** | * | |
| **damages to the Plaintiff, all of whose** | * | |
| **true and correct names are unknown** | * | |
| **to Plaintiff at this time, but will be** | * | |
| **substituted by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

### PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDNANT USTA PLAYER DEVELOPMENT, INC.

Plaintiff Haleigh McLendon pursuant to the Alabama Rules of Civil Procedure propounds the following Interrogatories and Request For Production of Documents to Defendant USTA Player Development, Inc.  Plaintiff requests that Defendant answer this discovery separately and fully in writing and under oath forty-five (45) days from the date of this discovery.

**As used in these interrogatories, the terms listed below are defined as follows:**

(a)    **"YOU", "YOUR", "YOURSELF"** means Defendant USTA Player Development, Inc, and any agent or authorized representative or person acting or purporting to act on its behalf.

(b)    **"PLAINTIFF(S)"** means Haleigh McLendon.

(c)    **"DEFENDANTS"** means Defendant USTA Player Development, Inc., its employees, agents and representatives.

(d)    **"DOCUMENT" or "DOCUMENTS"** means any writing of any kind, including originals and non-identical copies (whether different from the originals by reason of any notation made on any such copies or otherwise), including without limitation, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records or representations of any kind and electronic, mechanical or electric records of any kind of which you have knowledge or which are now or were formally in your actual or constructive possession, custody or control.

(e)    **"POSSESSION", "CUSTODY", OR "CONTROL"** includes the joint or several possession, custody, or control, not only by the person by whom these interrogatories and requests are addressed but also the joint or several possession, custody, or control by each other person acting or purporting to act on behalf of the person, whether as the employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

(f)     **"PRODUCE"** means to provide or make available any "DOCUMENT," "DOCUMENTS," "Electronically stored information" or "ESI" (as those terms are defined herein), that is responsive to a request or interrogatory in a form that identifies or labels the "DOCUMENT," "DOCUMENTS," "Electronically stored information" or "ESI" that is sought, to correspond to the request or interrogatory to which it is responsive.

(g)     **"RELATES TO"** means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

(h)     **"CONCERNING"** means consisting of, referring to, pertaining to, reflecting, evidencing, or in any way logically or factually connected with the matter discussed.

(i)     **"PERSON"** means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other associations separately identifiable whether or not such association has a separate juristic existence in its own right.

(j)     **"IDENTIFY", "IDENTITY",** and **"IDENTIFICATION",** when used to refer to an entity other than a natural person means to state its full name, the present or last known address of its principle office or place of doing business, and the type of entity (e.g., corporation, partnership, unincorporated association).

(k)     **"IDENTIFY", "IDENTITY",** and **"IDENTIFICATION",** when used to refer to a natural person, means to state the following: the person's full name and present or last known home address, home telephone number, business address, and business telephone number.

(l)     **"HIS"** means his and/or her and "he" and means he and/or she.

(m)     The word **"AND"** means and/or and the word **"OR"** means and/or.

(n)    **"SEXUAL INTERCOURSE"** means any of the following: genital-to-genital, oral-to-genital, genial-to-oral, anal-to-genital, or oral-to-anal penetration, however slight, whether between persons of the same or opposite sex.

(o)    **"SEXUAL CONTACT"** means any contact involving the intimate parts of either person for the purpose of sexual gratification of either person.

(p)    **"SEXUAL ABUSE"** means any sexual intercourse between any person age 18 or older with any person age 16 or younger, as well as any non-consensual sexual contact or act of sexual gratification, including but not limited to rape, sexual battery, child molestation, and sexual exploitation.

## <u>INSTRUCTIONS</u>

(a)    With respect to each interrogatory, in addition to supplying the information asked for and identifying the specific documents referred to, identify all documents, which were referred to in preparing your answer thereto.

(b)    If any document identified in your answer to an interrogatory was, but, is no longer in your possession or subject to your custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.

(c)    If you cannot furnish exact information, supply estimated information.  Your response should indicate this fact, explaining the basis of the estimate and the reason you cannot furnish the exact information.

(d)    If any document is withheld from production hereunder on the basis of the attorney-client privilege, work-product or otherwise, identify each such document and the grounds upon which the production is being withheld.

4

(e)    This discovery request is continuing in character and requires your further and supplemental answers in the event you obtain or discover additional or different information or documents prior to the trial of this case.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Please produce the following documents and/or items:

1.    Any and all policies that the USTA Player Development or any person, agent, and/or representative acting on its behalf or any of its regional entities had in effect as of January 2013 concerning a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA.

2.    Each and every policy of insurance, including the name of the insurer, the person or entity insured and the policy limits for liability coverage, which may be liable to satisfy, indemnify, and/or reimburse payments made to satisfy or indemnify, part or all of any Judgment that may be entered as a result of the claims made the basis of Plaintiff's Complaint.

3.    The legislative history associated with any and all policies that you had in effect as of January 2013 concerning a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA.

4.    Any and all communications between you and the US Olympic Committee ("USOC") regarding a ban and/or any kind of restriction on sexual intercourse, sexual contact and sexual abuse between adult members of the USTA and minor members of the USTA and/or between a coach and an athlete.

5.    Any and all communications between you and the US Center for Safe Sport ("Safe Sport") regarding a ban and/or any kind of restriction on sexual intercourse, sexual contact and

sexual abuse between adult members of the USTA and minor members of the USTA and/or between coaches and athletes.

6. All files and reports on Defendant Leroy Thomas, Jr. to include investigative reports, background checks, mental health evaluations and treatment, peer evaluations, peer reviews, audits, internal and external investigations, evidence of misconduct, and all other documents related to Leroy Thomas, Jr.

7. All files and reports on Defendant Dorothea Thomas to include investigative reports, background checks, mental health evaluations and treatment, evaluations, peer reviews, audits, evidence of misconduct, and all other documents related to Dorothea Thomas.

8. All files and reports on Defendant Grassroots Tennis Association to include investigative reports, background checks, mental health evaluations and treatment, peer evaluations, peer reviews, audits, internal and external investigations, evidence of misconduct, and all other documents related to Grassroots Tennis Association.

6. All documents provided to and received by any law enforcement agencies concerning all allegations or reports of sexual abuse by each USTA member that has alleged and/or reported sexual abuse by another USTA member, USTA coach, or both, to you since 2010. .

9. All documents provided to and received by any law enforcement agencies concerning all allegations or reports of sexual abuse by Casey Sanders and Haleigh McLendon.

10. All statements, declarations or affidavits of any type (e.g. written, recorded, or otherwise) that you or anyone acting on your behalf have obtained relating to any fact, matter, or event concerning any aspect of this lawsuit.

11. All documents that you possess that you contend support any defense you have in this matter, including but not limited to, any defense raised in the Answer to the Complaint.

12.     All letters, emails, text messages, voice mails, audio recordings, video recordings or correspondences, including but not limited to ESI, between the Defendant and any of the following from January 2013 through December 2024:

      a.  Haleigh McLendon;

      b.  Leroy Thomas Joyner, Jr.

      c.  Casey Sanders.

      d.  USTA Player Development, Inc.;

13.     All documents, including reports or correspondence or email, sent to or otherwise provided by the Defendant to, anyone from whom the Defendant intends to elicit expert testimony at trial.

14.     All documents, reports, summaries, curriculum vitae and/or resumes from any person whom you have retained or intend to retain as an expert witness to testify at trial or any other proceeding in this matter.

15.     All audio recordings, video recordings, documents, notes, diaries, statements, affidavits, declarations or other tangible items related to each and every allegation or report of sexual abuse by the individuals identified in Interrogatory Number 13.

16.     All audio recordings, video recordings, documents, notes, diaries, statements, affidavits, declarations or other tangible items related to Plaintiff's claims or any Defendant's answer in this lawsuit.

17.     A privilege log for any document(s) for which you claim privilege in response to these discovery requests.  In that privilege log, state the information identified below in (i) – (x) that is necessary for the privilege to be tested:

      (i) A description of what the document is.
      (ii) Its date.

(iii) The name, address, job title and employer of the author of the document, or the person taking the statement or the like.
(iv) The subject of the document.
(v) The persons to whom the document is addressed.
(vi) The persons indicated thereon as having received copies.
(vii) The name, address, job title and employer of any person known or believed to have received or seen the document or any copy or summary thereof.
(viii) The purpose for which the document was created and transmitted.
(ix) The degree of confidentiality with which it was treated at the time of its creation and transmission and since.
(x) Any other facts relevant to the elements of the particular privilege asserted.

*/s/ Larry Golston*
Larry Golston
*Attorney for Plaintiff*

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.**
Post Office Box 4160
Montgomery, AL  36103
Telephone: (334) 269-2343
Fax: (334) 954-7555
E-mail: larry.golston@beasleyallen.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the Defendants with the Summons and Complaint on this the 13th day of August, 2025.

*/s/ Larry Golston*
OF COUNSEL

DOCUMENT 5



ELECTRONICALLY FILED
8/13/2025 12:46 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

## IN THE CIRCUIT COURT OF
## BARBOUR COUNTY, ALABAMA
### (Clayton Division)

| | |
|---|---|
| **HALEIGH K. MCLENDON,** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **VS.** | * |
| | *    **CASE NO.  CV-** |
| **UNITED STATES TENNIS ASSOCIATION INC,** | * |
| **USTA PLAYER DEVELOPMENT INC.,** | * |
| **GRASSROOTS TENNIS ASSOC., LLLP,** | *    **JURY DEMAND** |
| **IN DEPTH ACADEMY,** | * |
| **DOROTHEA L. JOYNER,** | * |
| **LEROY THOMAS JOYNER, Jr.,** | * |
| **and Fictitious Defendants "A", "B", "C"** | * |
| **and "D", whether singular or plural,** | * |
| **those other persons, corporations,** | * |
| **firms, or other entities whose** | * |
| **wrongful conduct caused or** | * |
| **contributed to cause the injuries and** | * |
| **damages to the Plaintiff, all of whose** | * |
| **true and correct names are unknown** | * |
| **to Plaintiff at this time, but will be** | * |
| **substituted by amendment when** | * |
| **ascertained,** | * |
| | * |
| | * |
| **Defendants.** | * |

## PLAINTIFFS' INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO DEFENDNANT DOROTHEA L. JOYNER.

Plaintiff Haleigh McLendon pursuant to the Alabama Rules of Civil Procedure propounds the following Interrogatories and Request For Production of Documents to Defendant Dorothea L. Joyner.  Plaintiff requests that Defendant answer this discovery separately and fully in writing and under oath forty-five (45) days from the date of this discovery.

**As used in these interrogatories, the terms listed below are defined as follows:**

1

DOCUMENT 5

(f)   **"PRODUCE"** means to provide or make available any "DOCUMENT," "DOCUMENTS," "Electronically stored information" or "ESI" (as those terms are defined herein), that is responsive to a request or interrogatory in a form that identifies or labels the "DOCUMENT," "DOCUMENTS," "Electronically stored information" or "ESI" that is sought, to correspond to the request or interrogatory to which it is responsive.

(g)   **"RELATES TO"** means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

(h)   **"CONCERNING"** means consisting of, referring to, pertaining to, reflecting, evidencing, or in any way logically or factually connected with the matter discussed.

(i)   **"PERSON"** means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other associations separately identifiable whether or not such association has a separate juristic existence in its own right.

(j)   **"IDENTIFY", "IDENTITY",** and **"IDENTIFICATION",** when used to refer to an entity other than a natural person means to state its full name, the present or last known address of its principle office or place of doing business, and the type of entity (e.g., corporation, partnership, unincorporated association).

(k)   **"IDENTIFY", "IDENTITY",** and **"IDENTIFICATION",** when used to refer to a natural person, means to state the following: the person's full name and present or last known home address, home telephone number, business address, and business telephone number.

(l)   **"HIS"** means his and/or her and "he" and means he and/or she.

(m)   The word **"AND"** means and/or the word **"OR"** means and/or.

DOCUMENT 5

## **INTERROGATORIES**

1.    Please state:  (a) your full name (and every name you have ever been known by);
(b) your date and place of birth; (c) your social security number; (d) your driver's license number;
(e) your telephone number; (f) your present home address and length of residence there (and all
prior home addresses for the last fifteen years); (g) the identity of all persons residing in the same
residence with you at any time during the past fifteen (15) years.

2.    State the name, address, and telephone numbers of all persons known to you or
your agents (including, but not limited to, your attorneys) with knowledge or information regarding
any of the facts or contentions alleged against you in the Complaint.  This request includes, but is
not limited to, all persons known to you or your agents who were witnesses to any of the events
forming the basis of the Complaint in this case.

3.    Please identify by name, age, address and place of employment your current
spouse, (common law or otherwise) if married, any other person or persons to whom you have
been married previously (common law or otherwise), and each of your children (including, but not
limited to, biological children, adopted children and step-children).

4.    List each policy of insurance, including the name of the insurer, the person or entity
insured and the policy limits for liability coverage, which may be liable for and/or indemnify or
reimburse payments made to satisfy part or all of any Judgment that may be entered as a result of the
claims made the basis of Plaintiff's Complaint.

5.    Please list all schools, colleges, universities, trade schools, vocational schools and
other educational institutions which you have attended, including the high school level, and

5

9.      Has any person to whom you provided tennis coaching or tennis instructions to ever alleged that they engaged in sexual intercourse with you? If so, please identify that person by full name, age, address, telephone number and email address.

10.     State your height and your weight for each year from 2013 to 2024.

11.     For each cell phone that you owned or had possession of from 2013 to 2024, identify your full and complete cell phone number and for each such number, provide the full and complete name of each cellphone provider.

12.     Describe in detail how you came to be a member of the United States Tennis Association, Inc., and/or the USTA Player Development, Inc.

13.     State whether any joint defense agreement or indemnity agreement exist between you and the following individuals or entities and identify by date and title all documents, handwritten notes or letters reflecting such agreements:

   a. United States Tennis Association, Inc

   b. USTA Player Development, Inc.

14.     Identify by full name, address, and telephone number each person you expect to call as an expert witness at the trial of this case or concerning any motion, and, as to each expert so identified, state the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

15.     Please identify each and every lawsuit including divorces, bankruptcies or civil litigation of any kind in which you have been involved or are currently involved, either as a plaintiff, defendant, or witness.  For each such lawsuit, state whether you were or are a plaintiff,

DOCUMENT 5

a statement of any type (e.g. written, recorded or otherwise) concerning any fact, matter or event having any connections or relevance whatsoever to any aspect of this lawsuit. To the extent any person has been interviewed but did not necessarily give a "statement", separately identify each such person.

21.    State the general business history of the Grassroots Tennis Association from inception through the present date as to any changes in ownership, corporate mergers, corporate consolidations, or corporate subdivisions.

22.    State the name, address, telephone number, present employer, and job classification or position of each and every person assisting in the preparation of the answers to these interrogatories; in the verification or verifications attached to your Answers to these Interrogatories, have each such person identify the Answers, or portions of Answers for which he or she is responsible for preparing or for which he or she assisted in preparing.

23.    Furnish a detailed factual basis for the defenses and affirmative defenses you assert and/or may assert in your answer.

_____

*Signature of Individual Completing Interrogatories*

Printed Name of Individual Signing
Interrogatories: _____

STATE OF _____ )
COUNTY OF _____ )

SWORN TO and subscribed before me this _____ day of _____, 2025 by
_____, who is personally known to me or who produced
_____ as identification.

_____
Notary Public
(SEAL)                              My Commission Expires: _____

DOCUMENT 5

7.      All policies, procedures, manuals, handbooks, guidelines, or other documents detailing, referencing or describing the United States Tennis Association, Inc's or the USTA Player Development, Inc.'s rules and policies concerning any sexual contact between tennis coaches who are members of the United States Tennis Association, Inc and the players that they coach.

8.      All documents relating to each and every communication between you (or someone acting on your behalf) and any federal or state governmental agency regarding the allegations in the Complaint.

9.      All statements or affidavits of any type (e.g. written, recorded, or otherwise) that you or anyone acting on your behalf have obtained relating to any fact, matter, or event concerning any aspect of this lawsuit.

10.     All documents that you possess that you contend support any defense you have in this matter, including but not limited to, any defense raised in the Answer to the Complaint.

11.     All letters, emails, text messages, voice mails, audio recordings, video recordings or correspondences, including but not limited to ESI, between the Defendant and any of the following from January 2013 through December 2024:

      a.   Haleigh McLendon;

      b.  Leroy Thomas Joyner, Jr.

      c.  United States Tennis Association, Inc.

      d.  USTA Player Development, Inc.;

      e.   Each and every person to whom you provided tennis coaching or tennis instructions to from January 2013 to December 2024.

DOCUMENT 5

## REQUEST FOR ADMISSIONS

Please admit the following:

      1.     By December 2016, you were aware that Leroy Thomas Joyner, Jr., was having sexual intercourse with the Plaintiff.

      2.     By December 2016, you were aware that Leroy Thomas Joyner, Jr., was having sexual contact with the Plaintiff.


                                  */s/ Larry Golston*
                                    Larry Golston
                                    *Attorney for Plaintiff*

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS, & MILES, P.C.**
Post Office Box 4160
Montgomery, AL  36103
Telephone: (334) 269-2343
Fax: (334) 954-7555
E-mail: larry.golston@beasleyallen.com

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing document on the Defendants with the Summons and Complaint on this the 13th day of August, 2025.


                                    */s/ Larry Golston*
                                    OF COUNSEL

ELECTRONICALLY FILED
8/13/2025 12:46 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

## IN THE CIRCUIT COURT OF
## BARBOUR COUNTY, ALABAMA
### (Clayton Division)

| | |
|---|---|
| HALEIGH K. MCLENDON, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| VS. | * |
| | *    **CASE NO. CV-** |
| UNITED STATES TENNIS ASSOCIATION INC, | * |
| USTA PLAYER DEVELOPMENT INC., | * |
| GRASSROOTS TENNIS ASSOC., LLLP, | *    **JURY DEMAND** |
| IN DEPTH ACADEMY, | * |
| DOROTHEA L. JOYNER, | * |
| LEROY THOMAS JOYNER, Jr., | * |
| and Fictitious Defendants "A", "B", "C" | * |
| and "D", whether singular or plural, | * |
| those other persons, corporations, | * |
| firms, or other entities whose | * |
| wrongful conduct caused or | * |
| contributed to cause the injuries and | * |
| damages to the Plaintiff, all of whose | * |
| true and correct names are unknown | * |
| to Plaintiff at this time, but will be | * |
| substituted by amendment when | * |
| ascertained, | * |
| | * |
| | * |
| **Defendants.** | |

### PLAINTIFF'S NOTICE OF DEPOSITION
### OF CAYLIN EDLEY

**DEPONENT:**    Caylin Edley

**TIME:**        To be mutually agreed upon if possible or to be determined by the Plaintiff.

**DATE:**        To be mutually agreed upon if possible or to be determined by the Plaintiff.

**LOCATION:**    To be mutually agreed upon if possible or to be determined by the Plaintiff.

You are hereby notified that, pursuant to the *Alabama Rules of Civil Procedure*, the Plaintiff in the above styled matter, by and through their counsel of record, will take the deposition of Yolanda Payne before an officer of the court authorized to administer oaths. This deposition will be taken before an officer authorized by law to administer oaths and may be recorded by stenographic and videographic means. This deposition will continue from day to day until complete.

## REQUEST FOR PRODUCTION

Pursuant to Rule 30(b)(1) and/or 30(b)(5), the Plaintiff request the deponent to bring and to produce for inspection and/or copying, the following documents:

1. **This information will be supplemented by Request for Production before the date of the deposition.**

/s/ Larry Golston
Larry Golston
*Attorney for Plaintiff*

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555
Email:  larry.golston@beasleyallen.com

*/s/ L. Shane Seaborn*
L. Shane Seaborn
Attorney for Plaintiff


**OF COUNSEL:**
**PENN & SEABORN LLC**
1442 S. Eufaula Avenue
Eufaula, Alabama 36027
(334) 687-5555 – telephone
(334) 687-5111 – facsimile
sseaborn1@yahoo.com

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document on the Defendants with the Summons and Complaint on this the 13th day of August 2025.


ELECTRONICALLY FILED
8/13/2025 12:46 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

## IN THE CIRCUIT COURT OF
## BARBOUR COUNTY, ALABAMA
### (Clayton Division)

HALEIGH K. MCLENDON,                        *
                                            *
     Plaintiffs,                           *
                                            *
VS.                                         *
                                            *      CASE NO.  CV-
                                            *
UNITED STATES TENNIS ASSOCIATION INC,       *
USTA PLAYER DEVELOPMENT INC.,               *
GRASSROOTS TENNIS ASSOC., LLLP,             *      JURY DEMAND
IN DEPTH ACADEMY,                           *
DOROTHEA L. JOYNER,                         *
LEROY THOMAS JOYNER, Jr.,                   *
and Fictitious Defendants "A", "B", "C"     *
and "D", whether singular or plural,        *
those other persons, corporations,          *
firms, or other entities whose              *
wrongful conduct caused or                  *
contributed to cause the injuries and       *
damages to the Plaintiff, all of whose      *
true and correct names are unknown          *
to Plaintiff at this time, but will be      *
substituted by amendment when               *
ascertained,                                *
                                            *
                                            *
     Defendants.                           

## PLAINTIFF'S NOTICE OF DEPOSITION
## OF  DOROTHEA L. JOYNER

**DEPONENT:**    Dorothea L. Joyner

**TIME:**        To be mutually agreed upon if possible or to be determined by the Plaintiff.

**DATE:**        To be mutually agreed upon if possible or to be determined by the Plaintiff.

**LOCATION:**    To be mutually agreed upon if possible or to be determined by the Plaintiff.

You are hereby notified that, pursuant to the *Alabama Rules of Civil Procedure*, the Plaintiff in the above styled matter, by and through their counsel of record, will take the deposition of Yolanda Payne before an officer of the court authorized to administer oaths. This deposition will be taken before an officer authorized by law to administer oaths and may be recorded by stenographic and videographic means.  This deposition will continue from day to day until complete.

## REQUEST FOR PRODUCTION

Pursuant to Rule 30(b)(1) and/or 30(b)(5), the Plaintiff request the deponent to bring and to produce for inspection and/or copying, the following documents:

1. **This information will be supplemented by Request for Production before the date of the deposition.**

> */s/ Larry Golston*
> Larry Golston
> *Attorney for Plaintiff*

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555
Email:  larry.golston@beasleyallen.com

*/s/ L. Shane Seaborn*
L. Shane Seaborn
Attorney for Plaintiff

**OF COUNSEL:**
**PENN & SEABORN LLC**
1442 S. Eufaula Avenue
Eufaula, Alabama 36027
(334) 687-5555 – telephone
(334) 687-5111 – facsimile
sseaborn1@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the Defendants with the Summons and Complaint on this the 13th day of August 2025.



AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following complaint was FILED on 8/13/2025 12:46:55 PM

Notice Date:      8/13/2025 12:46:55 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  GRASSROOTS TENNIS ASSOCIATION, LLLP
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following complaint was FILED on 8/13/2025 12:46:55 PM

Notice Date:     8/13/2025 12:46:55 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  IN DEPTH ACADEMY
     1016 PEACHTREE DRIVE
     COLUMBUS, GA, 31906

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following complaint was FILED on 8/13/2025 12:46:55 PM

Notice Date:     8/13/2025 12:46:55 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  DOROTHEA L. JOYNER
     1016 PEACHTREE DRIVE
     COLUMBUS, GA, 31906

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following complaint was FILED on 8/13/2025 12:46:55 PM

Notice Date:     8/13/2025 12:46:55 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  UNITED STATES TENNIS ASSOCIATION, INC.
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NY, 10577

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following complaint was FILED on 8/13/2025 12:46:55 PM

Notice Date:     8/13/2025 12:46:55 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  USTA PLAYER DEVELOPMENT, INC.
CORPORATION SERVICE CO.
1201 HAYS STREET
TALLAHASSEE, FL, 32301

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following complaint was FILED on 8/13/2025 12:46:55 PM

Notice Date:     8/13/2025 12:46:55 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  LEROY THOMAS JOYNER JR.
     FCI YAZOO CITY LOW
     POST OFFICE BOX 5000
     YAZOO CITY, MS, 39194

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following complaint was FILED on 8/13/2025 12:46:55 PM

Notice Date:     8/13/2025 12:46:55 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>06-CV-2025-900032.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL**

**NOTICE TO:** GRASSROOTS TENNIS ASSOCIATION, LLLP, 1016 PEACHTREE DRIVE, COLUMBUS, GA 31906
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104
*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of
pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 08/13/2025 | /s/ PAIGE SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in _____ County, Alabama on
*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

   ☐ with above-named Defendant;

   ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

   ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

   ☐ the above-named Defendant;

   ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>06-CV-2025-900032.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

NOTICE TO: IN DEPTH ACADEMY, 1016 PEACHTREE DRIVE, COLUMBUS, GA 31906
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.
_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104
_____.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of
pursuant to the Alabama Rules of the Civil Procedure.                    _____
                                                                          *[Name(s)]*

08/13/2025                          /s/ PAIGE SMITH              By: _____
*(Date)*                            *(Signature of Clerk)*              *(Name)*

[ ] Certified Mail is hereby requested.
_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____.
                                                                *(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____.
*(First and Last Name of Person Served)*        *(Name of County)*                      *(Date)*

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*        *(Name of County)*                      *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____     _____     _____
*(Type of Process Server)*          *(Server's Signature)*              *(Address of Server)*

_____     _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Server's Printed Name)*

_____     _____
*(Badge or Precinct Number of Sheriff or Constable)*   *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>06-CV-2025-900032.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

**NOTICE TO:**  DOROTHEA L. JOYNER, 1016 PEACHTREE DRIVE, COLUMBUS, GA 31906

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[☑] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of _____ pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 08/13/2025 | /s/ PAIGE SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>06-CV-2025-900032.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

**NOTICE TO:** UNITED STATES TENNIS ASSOCIATION, INC., 2500 WESTCHESTER AVENUE SUITE 411, PURCHASE, NY 10577

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    HALEIGH K. MCLENDON
pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

08/13/2025                          /s/ PAIGE SMITH              By: _____
*(Date)*                          *(Signature of Clerk)*              *(Name)*

☑ Certified Mail is hereby requested.         /s/ LARRY APAUL GOLSTON JR.
                                 *(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐    Return receipt of certified mail received in this office on
                                 _____
                                 *(Date)*

*Personal/Authorized*

☐    I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____
*(First and Last Name of Person Served)*    *(Name of County)*              *(Date)*

Document left:

☐    with above-named Defendant;

☐    with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐    at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐    I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*    *(Name of County)*              *(Date)*

☐    the above-named Defendant;

☐    an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐    As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am
at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or
marriage to the party seeking service of process.

_____    _____    _____
*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____
*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

_____    _____
*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>06-CV-2025-900032.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

NOTICE TO:  USTA PLAYER DEVELOPMENT, INC., CORPORATION SERVICE CO. 1201 HAYS STREET, TALLAHASSEE, FL 32301

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    HALEIGH K. MCLENDON
pursuant to the Alabama Rules of the Civil Procedure.                                        *(Name(s))*

| 08/13/2025 | /s/ PAIGE SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ LARRY APAUL GOLSTON JR.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐  Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐  I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in _____ County, Alabama on

*(First and Last Name of Person Served)*    *(Name of County)*          *(Date)*

Document left:

☐  with above-named Defendant;

☐  with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐  at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐  I certify that service of process of this Summons and the Complaint or other document was refused by

in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*          *(Date)*

☐  the above-named Defendant;

☐  an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐  As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>06-CV-2025-900032.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

**NOTICE TO:** LEROY THOMAS JOYNER JR., FCI YAZOO CITY LOW POST OFFICE BOX 5000, YAZOO CITY, MS 39194

_(Name and Address of Defendant)_

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

_[Name(s) of Attorney(s)]_

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

_[Address(es) of Plaintiff(s) or Attorney(s)]_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    HALEIGH K. MCLENDON
pursuant to the Alabama Rules of the Civil Procedure.

                    _[Name(s)]_

08/13/2025            /s/ PAIGE SMITH        By: _____
_(Date)_               _(Signature of Clerk)_          _(Name)_

☑ Certified Mail is hereby requested.      /s/ LARRY APAUL GOLSTON JR.

                                        _(Plaintiff's/Attorney's Signature)_

### RETURN ON SERVICE

_Certified Mail_

☐ Return receipt of certified mail received in this office on _____

                                                 _(Date)_

_Personal/Authorized_

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____
_(First and Last Name of Person Served)_      _(Name of County)_          _(Date)_

Document left:

   ☐ with above-named Defendant;

   ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

   ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

_Return of Non-Service_

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
_(First and Last Name of Person Served)_      _(Name of County)_          _(Date)_

   ☐ the above-named Defendant;

   ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_(Type of Process Server)_         _(Server's Signature)_         _(Address of Server)_

_(Badge or Precinct Number of Sheriff or Constable)_         _(Server's Printed Name)_

_(Badge or Precinct Number of Sheriff or Constable)_         _(Telephone Number of Designated Process Server)_

ELECTRONICALLY FILED
8/27/2025 1:55 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

| State of Alabama | **SUMMONS** | C... |
| Unified Judicial System | **- CIVIL -** | 0... |
| Form C-34   Rev. 7/2023 | | |

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

**NOTICE TO:** UNITED STATES TENNIS ASSOCIATION, INC., 2500 WESTCHESTER AVENUE SUITE 411, PURCHASE, NY 10577
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.
_____ ,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104 .
_____
*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    HALEIGH K. MCLENDON
pursuant to the Alabama Rules of the Civil Procedure.                                                                    *(Name(s))*

| 08/13/2025 | /s/ PAIGE SMITH | By: _____ |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.           /s/ LARRY APAUL GOLSTON JR.
                                                                *(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

| ☒ | Certified Mail
Return receipt of certified mail received in this office on    *August 27, 2025* |
| | *(Date)* |

#### Personal/Authorized

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____
*(First and Last Name of Person Served)*    *(Name of County)*                        *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

#### Return of Non-Service

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)*    *(Name of County)*                        *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| _____ | _____ | _____ |
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| _____ | _____ | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |

| _____ | _____ | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**UNITED STATES TENNIS ASSOCIATION, INC.**
**2500 WESTCHESTER AVENUE**
**SUITE 411**
**PURCHASE, NEW YORK 10577**

9590 9402 2179 6193 9221 99

2. Article Number *(Transfer from service label)*

7016 0340 0000 7873 8077

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

# USPS Tracking®

FAQs >

**Tracking Number:**

**Remove ✕**

# 70160340000078738077

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 11:08 am on August 22, 2025 in PURCHASE, NY 10577.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered
**Delivered, Left with Individual**
PURCHASE, NY 10577
August 22, 2025, 11:08 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

**See Less ⌃**

Track Another Package

Enter tracking or barcode numbers

Feedback

DOCUMENT 11



AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:      8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 11



AlaFile E-Notice

06-CV-2025-900032.00

To:  UNITED STATES TENNIS ASSOCIATION, INC. (PRO SE)
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NY, 10577-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:    8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 11



AlaFile E-Notice

06-CV-2025-900032.00

To: USTA PLAYER DEVELOPMENT, INC. (PRO SE)
CORPORATION SERVICE CO.
1201 HAYS STREET
TALLAHASSEE, FL, 32301-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:    8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 11



AlaFile E-Notice

06-CV-2025-900032.00

To:  GRASSROOTS TENNIS ASSOCIATION, LLLP (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:     8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 11



AlaFile E-Notice

06-CV-2025-900032.00

To:  IN DEPTH ACADEMY (PRO SE)
     1016 PEACHTREE DRIVE
     COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:     8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER DOROTHEA L. (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:     8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 11



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER LEROY THOMAS JR. (PRO SE)
     FCI YAZOO CITY LOW
     POST OFFICE BOX 5000
     YAZOO CITY, MS, 39194-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:     8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 11



AlaFile E-Notice

06-CV-2025-900032.00

To:  HAMPTON LEON JR.
     Leon.Hampton@BeasleyAllen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:     8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 11

AlaFile E-Notice

06-CV-2025-900032.00

To:  HAYNES JESSICA MACHELLE
     jessi.haynes@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:     8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:    8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

ELECTRONICALLY FILED
8/27/2025 1:58 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | C<br>0 |
|---|---|---|

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

NOTICE TO: USTA PLAYER DEVELOPMENT, INC., CORPORATION SERVICE CO. 1201 HAYS STREET, TALLAHASSEE, FL 32301

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

HALEIGH K. MCLENDON
*[Name(s)]*

| 08/13/2025 | /s/ PAIGE SMITH | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ LARRY APAUL GOLSTON JR.     .

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

|  | Certified Mail<br>☒  Return receipt of certified mail received in this office on | *August 27, 2025* |
|---|---|---|
| | | *(Date)* |

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)*     *(Name of County)*                          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*                          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* _____ *(Server's Signature)* _____ *(Address of Server)* _____

*(Badge or Precinct Number of Sheriff or Constable)* _____ *(Server's Printed Name)* _____

*(Badge or Precinct Number of Sheriff or Constable)* _____ *(Telephone Number of Designated Process Server)* _____

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

# USTA PLAYER DEVELOPMENT, INC.
# CORPORATION SERVICE COMPANY
# 1201 HAYS STREET
# TALLAHASSEE, FLORIDA  32301

9590 9402 2179 6193 9221 75

2. Article Number *(Transfer from service label)*

7016 0340 0000 7873 8060

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X  *Mona Lisa Hart*

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

8/27/25, 11:46 AM

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

# 70160340000078738060

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered to an agent. The item was picked up at USPS at 8:58 am on August 18, 2025 in TALLAHASSEE, FL 32301.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered to Agent
**Delivered to Agent, Picked up at USPS**

TALLAHASSEE, FL 32301
August 18, 2025, 8:58 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates            ⌄

USPS Tracking Plus®            ⌄

Product Information            ⌄

See Less ⌃

Feedback

Track Another Package

Enter tracking or barcode numbers



AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:      8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  UNITED STATES TENNIS ASSOCIATION, INC. (PRO SE)
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NY, 10577-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:     8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  USTA PLAYER DEVELOPMENT, INC. (PRO SE)
CORPORATION SERVICE CO.
1201 HAYS STREET
TALLAHASSEE, FL, 32301-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:      8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  GRASSROOTS TENNIS ASSOCIATION, LLLP (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:     8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  IN DEPTH ACADEMY (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:      8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: JOYNER DOROTHEA L. (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:        8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: JOYNER LEROY THOMAS JR. (PRO SE)
FCI YAZOO CITY LOW
POST OFFICE BOX 5000
YAZOO CITY, MS, 39194-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:      8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:   HAMPTON LEON JR.
      Leon.Hampton@BeasleyAllen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:      8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:   HAYNES JESSICA MACHELLE
      jessi.haynes@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:      8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:58:06 PM

Notice Date:       8/27/2025 1:58:06 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

## AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
8/27/2025 2:00 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

State of Alabama                          County of Barbour                          Circuit Civil Court

Case Number: 06-CV-2025-900032

Plaintiff:
**Haleigh K. McLendon**

vs.

Defendant:
**United States Tennis Association, Inc.
USTA Player Development, Inc.
Grassroots Tennis Association, LLLP
In Depth Academy
Dorothea L. Joyner
Leroy Thomas Joyner, Jr.**

For:
Valerie Scroggins
Beasley Allen Crow Methvin Portis & Miles
272 Commerce Street
Montgomery, AL 36104

Received by Professional Legal Services & Investigations, LLC on the 14th day of August, 2025 at 9:13 am to be served on **Dorothea Joyner, 1016 Peachtree Drive, Columbus, GA 31906.**

I, Paul Fleckinger, being duly sworn, depose and say that on the **20th day of August, 2025** at **4:39 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Complaint, Summons, Discovery,** to: **Dorothea Joyner** at the address of: **1016 Peachtree Drive, Columbus, GA 31906**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 49, Sex: F, Race/Skin Color: Black, Height: 5'5", Weight: 220, Hair: Dark Brown, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and that within the boundaries of the state where service was effected, I was authorized by law to make the service of the documents and informed said person of the contents within.

Subscribed and Sworn to before me on the 25th day
of August, 2025 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

_____
**Paul Fleckinger**
Process Server

**Professional Legal Services & Investigations, LLC**
P.O. Box 1078
Columbus, GA 31902-1078
(706) 610-0599

Our Job Serial Number: PFS-2025007603
Ref: 202500001796

*Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0c*





AlaFile E-Notice

06-CV-2025-900032.00

To:   LARRY APAUL GOLSTON JR.
      larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:      8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  UNITED STATES TENNIS ASSOCIATION, INC. (PRO SE)
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NY, 10577-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:      8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  USTA PLAYER DEVELOPMENT, INC. (PRO SE)
     CORPORATION SERVICE CO.
     1201 HAYS STREET
     TALLAHASSEE, FL, 32301-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:     8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  GRASSROOTS TENNIS ASSOCIATION, LLLP (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:      8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  IN DEPTH ACADEMY (PRO SE)
     1016 PEACHTREE DRIVE
     COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:      8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER DOROTHEA L. (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:     8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER LEROY THOMAS JR. (PRO SE)
FCI YAZOO CITY LOW
POST OFFICE BOX 5000
YAZOO CITY, MS, 39194-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:     8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  HAMPTON LEON JR.
     Leon.Hampton@BeasleyAllen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:        8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  HAYNES JESSICA MACHELLE
     jessi.haynes@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:     8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



# AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:00:59 PM

Notice Date:     8/27/2025 2:00:59 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

ELECTRONICALLY FILED
8/27/2025 2:02 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

# AFFIDAVIT OF SERVICE

**State of Alabama**                    **County of Barbour**                    **Circuit Civil Court**

Case Number: 06-CV-2025-900032

Plaintiff:
**Haleigh K. McLendon**

vs.

Defendant:
**United States Tennis Association, Inc.**
**USTA Player Development, Inc.**
**Grassroots Tennis Association, LLLP**
**In Depth Academy**
**Dorothea L. Joyner**
**Leroy Thomas Joyner, Jr.**

For:
Valerie Scroggins
Beasley Allen Crow Methvin Portis & Miles
272 Commerce Street
Montgomery, AL 36104

Received by Professional Legal Services & Investigations, LLC on the 14th day of August, 2025 at 9:13 am to be served on **In Depth Academy, 1016 Peachtree Drive, Columbus, GA 31906.**

I, Paul Fleckinger, being duly sworn, depose and say that on the **20th day of August, 2025** at **4:39 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Complaint, Summons, Discovery** to: **Dorothea Joyner** as **Registered Agent** at the address of: **1016 Peachtree Drive, Columbus, GA 31906,** who stated they are authorized to accept service for **In Depth Academy,** and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 49, Sex: F, Race/Skin Color: Black, Height: 5'5", Weight: 220, Hair: Dark Brown, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and that within the boundaries of the state where service was effected, I was authorized by law to make the service of the documents and informed said person of the contents within.

Subscribed and Sworn to before me on the 25th day
of August, 2025 by the affiant who is personally
known to me.

NOTARY PUBLIC

**Paul Fleckinger**
Process Server

**Professional Legal Services & Investigations, LLC**
P.O. Box 1078
Columbus, GA 31902-1078
(706) 610-0599

Our Job Serial Number: PFS-2025007602
Ref: 202500001796

MICHELLE MEDINA
NOTARY
EXPIRES
GEORGIA
MAY 5, 2029
PUBLIC
MUSCOGEE COUNTY

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0c





AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:     8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  UNITED STATES TENNIS ASSOCIATION, INC. (PRO SE)
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NY, 10577-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:      8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 12



AlaFile E-Notice

06-CV-2025-900032.00

To:  USTA PLAYER DEVELOPMENT, INC. (PRO SE)
CORPORATION SERVICE CO.
1201 HAYS STREET
TALLAHASSEE, FL, 32301-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:      8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: GRASSROOTS TENNIS ASSOCIATION, LLLP (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:        8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  IN DEPTH ACADEMY (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:      8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER DOROTHEA L. (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:    8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 12



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER LEROY THOMAS JR. (PRO SE)
     FCI YAZOO CITY LOW
     POST OFFICE BOX 5000
     YAZOO CITY, MS, 39194-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:      8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: HAMPTON LEON JR.
Leon.Hampton@BeasleyAllen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:    8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: HAYNES JESSICA MACHELLE
jessi.haynes@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:     8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



**AlaFile E-Notice**

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:     8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

## AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
8/27/2025 2:04 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

**State of Alabama**                    **County of Barbour**                    **Circuit Civil Court**

Case Number: 06-CV-2025-900032

Plaintiff:
**Haleigh K. McLendon**

vs.

Defendant:
**United States Tennis Association, Inc.**
**USTA Player Development, Inc.**
**Grassroots Tennis Association, LLLP**
**In Depth Academy**
**Dorothea L. Joyner**
**Leroy Thomas Joyner, Jr.**

For:
Valerie Scroggins
Beasley Allen Crow Methvin Portis & Miles
272 Commerce Street
Montgomery, AL 36104

Received by Professional Legal Services & Investigations, LLC on the 14th day of August, 2025 at 9:13 am to be served on **Grassroots Tennis Association, LLLP, 1016 Peachtree Drive, Columbus, GA 31906.**

I, Paul Fleckinger, being duly sworn, depose and say that on the **20th day of August, 2025** at **4:39 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Complaint, Summons, Discovery** to: **Caylin Ediy** as **Registered Agent** at the address of: **1016 Peachtree Drive, Columbus, GA 31906,** who stated they are authorized to accept service for **Grassroots Tennis Association, LLLP,** and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

**Description** of Person Served: Age: 26, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 160, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and that within the boundaries of the state where service was effected, I was authorized by law to make the service of the documents and informed said person of the contents within.

Subscribed and Sworn to before me on the 25th day of August, 2025 by the affiant who is personally known to me.



NOTARY PUBLIC

MICHELLE MEDINA
NOTARY
EXPIRES
GEORGIA
MAY 5, 2029
PUBLIC
MUSCOGEE COUNTY

**Paul Fleckinger**
Process Server

**Professional Legal Services & Investigations, LLC**
P.O. Box 1078
Columbus, GA 31902-1078
**(706) 610-0599**

Our Job Serial Number: PFS-2025007601
Ref: 202500001796

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0c



AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:      8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  UNITED STATES TENNIS ASSOCIATION, INC. (PRO SE)
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NY, 10577-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:      8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  USTA PLAYER DEVELOPMENT, INC. (PRO SE)
     CORPORATION SERVICE CO.
     1201 HAYS STREET
     TALLAHASSEE, FL, 32301-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:        8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  GRASSROOTS TENNIS ASSOCIATION, LLLP (PRO SE)
     1016 PEACHTREE DRIVE
     COLUMBUS, GA, 31906-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:        8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: IN DEPTH ACADEMY (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:     8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER DOROTHEA L. (PRO SE)
     1016 PEACHTREE DRIVE
     COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:        8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER LEROY THOMAS JR. (PRO SE)
FCI YAZOO CITY LOW
POST OFFICE BOX 5000
YAZOO CITY, MS, 39194-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:     8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:   HAMPTON LEON JR.
      Leon.Hampton@BeasleyAllen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:      8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  HAYNES JESSICA MACHELLE
     jessi.haynes@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:      8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: LARRY APAUL GOLSTON JR.
larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:     8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



**AlaFile E-Notice**

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 1:55:04 PM

Notice Date:     8/27/2025 1:55:04 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 10

DOCUMENT 9

**ELECTRONICALLY FILED**
8/27/2025 1:55 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | C.<br>O: |
|---|---|---|

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

**NOTICE TO:** UNITED STATES TENNIS ASSOCIATION, INC., 2500 WESTCHESTER AVENUE SUITE 411, PURCHASE, NY 10577

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
LARRY APAUL GOLSTON JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of
pursuant to the Alabama Rules of the Civil Procedure.

HALEIGH K. MCLENDON
*[Name(s)]*

| 08/13/2025 | /s/ PAIGE SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ LARRY APAUL GOLSTON JR.
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

Certified Mail

☒ Return receipt of certified mail received in this office on   *August 27, 2025*
*(Date)*

Personal/Authorized

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

| *(First and Last Name of Person Served)* | *(Name of County)* | | *(Date)* |

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | | *(Date)* |

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

DOCUMENT 20

**SENDER: *COMPLETE THIS SECTION***

- ▪ Complete items 1, 2, and 3.
- ▪ Print your name and address on the reverse so that we can return the card to you.
- ▪ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UNITED STATES TENNIS ASSOCIATION, INC.
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NEW YORK 10577

9590 9402 2179 6193 9221 99

2. Article Number *(Transfer from service label)*

7016 0340 0000 7873 8077

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

Type
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

DOCUMENT 10

8/27/25, 11:45 AM                                    USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

**Tracking Number:**                                                    Remove ✕

# 70160340000078738077

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 11:08 am on August 22, 2025 in PURCHASE, NY 10577.

**Get More Out of USPS Tracking:**

> USPS Tracking Plus®

## Delivered
**Delivered, Left with Individual**

PURCHASE, NY 10577
August 22, 2025, 11:08 am

**See All Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| USPS Tracking Plus® | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

## See Less ⌃

Track Another Package

Enter tracking or barcode numbers

DOCUMENT 12

DOCUMENT 9

ELECTRONICALLY FILED
8/27/2025 1:58 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

| State of Alabama | **SUMMONS** | C |
| Unified Judicial System | | O |
| Form C-34  Rev. 7/2023 | **- CIVIL -** | |

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

**NOTICE TO:** USTA PLAYER DEVELOPMENT, INC., CORPORATION SERVICE CO. 1201 HAYS STREET, TALLAHASSEE, FL 32301

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

HALEIGH K. MCLENDON
*(Name(s))*

| 08/13/2025 | /s/ PAIGE SMITH | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ LARRY APAUL GOLSTON JR.
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

Certified Mail

☒ Return receipt of certified mail received in this office on   *August 27, 2025*
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

DOCUMENT 20

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**USTA PLAYER DEVELOPMENT, INC.**
**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FLORIDA 32301**

9590 9402 2179 6193 9221 75

2. Article Number *(Transfer from service label)*

7016 0340 0000 7873 8060

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Mona Lisa Hart*

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

DOCUMENT 12

# USPS Tracking®

Tracking Number:                                        Remove ✕

# 70160340000078738060

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item has been delivered to an agent. The item was picked up at USPS at 8:58 am on August 18, 2025 in TALLAHASSEE, FL 32301.

Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered to Agent
**Delivered to Agent, Picked up at USPS**

TALLAHASSEE, FL 32301
August 18, 2025, 8:58 am

**See All Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

| Text & Email Updates | ⌄ |
|---|---|
| USPS Tracking Plus® | ⌄ |
| Product Information | ⌄ |

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

DOCUMENT 17



**AlaFile E-Notice**

06-CV-2025-900032.00

To: LARRY APAUL GOLSTON JR.
larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:02:41 PM

Notice Date:    8/27/2025 2:02:41 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 16

## AFFIDAVIT OF SERVICE

ELECTRONICALLY FILED
8/27/2025 2:02 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

**State of Alabama**                    **County of Barbour**                    **Circuit Civil Court**

Case Number: 06-CV-2025-900032

Plaintiff:
**Haleigh K. McLendon**

vs.

Defendant:
**United States Tennis Association, Inc.**
**USTA Player Development, Inc.**
**Grassroots Tennis Association, LLLP**
**In Depth Academy**
**Dorothea L. Joyner**
**Leroy Thomas Joyner, Jr.**

For:
Valerie Scroggins
Beasley Allen Crow Methvin Portis & Miles
272 Commerce Street
Montgomery, AL 36104

Received by Professional Legal Services & Investigations, LLC on the 14th day of August, 2025 at 9:13 am to be served on **In Depth Academy, 1016 Peachtree Drive, Columbus, GA 31906.**

I, Paul Fleckinger, being duly sworn, depose and say that on the **20th day of August, 2025 at 4:39 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Complaint, Summons, Discovery** to: **Dorothea Joyner** as **Registered Agent** at the address of: **1016 Peachtree Drive, Columbus, GA 31906**, who stated they are authorized to accept service for **In Depth Academy**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 49, Sex: F, Race/Skin Color: Black, Height: 5'5", Weight: 220, Hair: Dark Brown, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and that within the boundaries of the state where service was effected, I was authorized by law to make the service of the documents and informed said person of the contents within.

Subscribed and Sworn to before me on the 25th day of August, 2025 by the affiant who is personally known to me.



NOTARY PUBLIC

MICHELLE MEDINA
NOTARY
EXPIRES
GEORGIA
MAY 5, 2029
PUBLIC
MUSCOGEE COUNTY

**Paul Fleckinger**
Process Server

**Professional Legal Services & Investigations, LLC**
P.O. Box 1078
Columbus, GA 31902-1078
(706) 610-0599

Our Job Serial Number: PFS-2025007602
Ref: 202500001796

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0c

DOCUMENT 19



AlaFile E-Notice

06-CV-2025-900032.00

To: LARRY APAUL GOLSTON JR.
larry.golston@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 8/27/2025 2:04:51 PM

Notice Date:      8/27/2025 2:04:51 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 18

ELECTRONICALLY FILED
8/27/2025 2:04 PM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

## AFFIDAVIT OF SERVICE

**State of Alabama**                    **County of Barbour**                    **Circuit Civil Court**

Case Number: 06-CV-2025-900032

Plaintiff:
**Haleigh K. McLendon**

vs.

Defendant:
**United States Tennis Association, Inc.**
**USTA Player Development, Inc.**
**Grassroots Tennis Association, LLLP**
**In Depth Academy**
**Dorothea L. Joyner**
**Leroy Thomas Joyner, Jr.**

For:
Valerie Scroggins
Beasley Allen Crow Methvin Portis & Miles
272 Commerce Street
Montgomery, AL 36104

Received by Professional Legal Services & Investigations, LLC on the 14th day of August, 2025 at 9:13 am to be served on **Grassroots Tennis Association, LLLP, 1016 Peachtree Drive, Columbus, GA 31906.**

I, Paul Fleckinger, being duly sworn, depose and say that on the **20th day of August, 2025 at 4:39 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Complaint, Summons, Discovery** to: **Caylin Edly** as **Registered Agent** at the address of: **1016 Peachtree Drive, Columbus, GA 31906**, who stated they are authorized to accept service for **Grassroots Tennis Association, LLLP**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

**Description of Person Served:** Age: 26, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 160, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and that within the boundaries of the state where service was effected, I was authorized by law to make the service of the documents and informed said person of the contents within.

Subscribed and Sworn to before me on the 25th day
of August, 2025 by the affiant who is personally
known to me.



NOTARY PUBLIC

**Paul Fleckinger**
Process Server

**Professional Legal Services & Investigations,
LLC**
P.O. Box 1078
Columbus, GA 31902-1078
(706) 610-0599

Our Job Serial Number: PFS-2025007601
Ref: 202500001796

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V8.0c

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
(Clayton Division)

FILED
SEP 08 2025
PAIGE O. SMITH, CLERK
BARBOUR COUNTY, ALABAMA

Haleigh K. McLendon,
  Plaintiff,

vs                                    CASE NO. 06-CV-2025-900032.00

In Depth Academy
Defendant.

---

## RESPONSES and DEFENSES OF IN DEPTH ACADEMY

COMES NOW Defendant IN DEPTH ACADEMY (collectively "Defendant"), without waiving any defenses and expressly preserving all such defenses, hereby responds to Plaintiff's Complaint filed in the above-styled case, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendant did not owe a duty to Plaintiff based upon the allegations in the Complaint.

### THIRD DEFENSE

Defendant did not breach any duty they may have owed to the Plaintiff based upon the allegations contained in Plaintiff's Complaint.

## FOURTH DEFENSE

The injuries and damages alleged in the Complaint were directly and proximately caused by the Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

The Plaintiff failed to use the applicable standard of care to mitigate the damages alleged in the Complaint.

## SIXTH DEFENSE

The injuries and damages alleged in the Complaint were the result in whole or in part of intervening acts and/or superseding causes or the acts of third parties, over which Defendant had no control or responsibility.

## SEVENTH DEFENSE

To the extent Defendant or anyone acting on their behalf was negligent in any manner the Plaintiff's negligence equaled or exceeded Defendant' negligence, barring recovery.

## EIGHTH DEFENSE

For further defense, Defendant shows that if the Plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the alleged negligence of Defendant or others acting on their behalf, then Plaintiff is not entitled to recover in this action.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including O.C.G.A. § 9-3-33.1 et. seq.

## TENTH DEFENSE

Plaintiff fails to plead allegations in her Complaint sufficient to justify an award for damages of any kind.

## ELEVENTH DEFENSE

Plaintiff had superior knowledge to Defendant of the clear and palpable risks and dangers alleged in the Complaint and the conduct of Defendant Leroy Thomas Joyner, Jr. as alleged in the Complaint was not foreseeable to Defendant.

## TWELFTH DEFENSE

Defendant lacked actual or constructive knowledge of the conduct and propensities of Defendant Leroy Thomas Joyner, Jr. at all times relevant in the Complaint.

## THIRTEENTH DEFENSE

Defendant' conduct was not outrageous or reckless, nor was their conduct sufficiently outrageous or reckless to sustain Plaintiff's claims for intentional infliction of emotional distress.

## FOURTEENTH DEFENSE

Defendant is not the actual proximate cause of Plaintiff's alleged damages.

## FIFTEENTH DEFENSE

Defendant Leroy Joyner's misconduct was not reasonably foreseeable to the Defendant, and Defendant did not engage in any intentional misconduct or gross negligence that would warrant punitive damages.

## SIXTEENTH DEFENSE

Defendant raises each and every affirmative defense required to be pled by state law,

should said defenses become applicable as this action proceeds.  Defendant specifically raised

the defenses contained in O.C.G.A. § 9-11-8(c) and incorporate the same here by this reference.

## SEVENTEENTH DEFENSE

Subject to the defenses set forth above, and without waiving any of them, Defendant

responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth
   of the allegations contained in this paragraph. To the extent a response is required, those
   allegations are denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth
   of the allegations contained in this paragraph. To the extent a response is required, those
   allegations are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth
   of the allegations contained in this paragraph. To the extent a response is required, those
   allegations are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth
   of the allegations contained in this paragraph. To the extent a response is required, those
   allegations are denied.

5. The allegations contained in this paragraph are admitted for jurisdictional purposes only and otherwise denied.

6. Defendant affirms the information.

7. Defendant denies the allegations of this paragraph.

8. Defendant denies the allegations of this paragraph.

9. Defendant denies the allegations of this paragraph.

10. Defendant denies the allegations of this paragraph.

11. Defendant denies the allegations of this paragraph.

12. Defendant denies the allegations of this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

16. Defendant denies the allegations of this paragraph.

## STATEMENT OF THE FACTS

17. Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

21. Defendant affirms this information.

22. Defendant affirms the information.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

24. Defendant affirms the information.

25. Defendant affirms the information.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

54. Answering the allegations contained in this paragraph, Defendant admits that all members were subject to the Membership Terms and Conditions, and when Safe Play was established, Members were subject to comply with Safe Play. Except as admitted or qualified herein, the allegations of this paragraph are denied.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

DOCUMENT 22

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

57. Defendant denies the allegations in part. Defendant Dorothea Joyner was the Headmaster of Defendant. Defendant Leroy Joyner was not an employee of Defendant. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations in part. Plaintiff did not live with the Defendants. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

66. Admit.

67. Defendant denies the allegations in part. Plaintiff was temporarily housed in Columbus, GA, during Tournament travels to avoid hotel costs. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

68. Defendant denies the allegations of this paragraph.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

79. Defendant denies the allegations of this paragraph.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

90. Defendant denies the allegations of this paragraph.

91. Defendant denies the allegations of this paragraph.

92. Defendant denies the allegations of this paragraph.

93. Defendant denies the allegations of this paragraph.

94. Defendant denies the allegations of this paragraph.

95. Defendant denies the allegations of this paragraph.

96. Defendant denies the allegations of this paragraph.

97. Defendant denies the allegations of this paragraph.

98. Defendant denies the allegations of this paragraph.

99. Defendant denies the allegations of this paragraph.

100.    Defendant denies the allegations of this paragraph.

101.    Defendant denies the allegations of this paragraph.

102.    Defendant denies the allegations of this paragraph.

103.    Defendant denies the allegations of this paragraph.

104.    Defendant denies the allegations of this paragraph.

105.    Defendant denies the allegations of this paragraph.

106.    Defendant denies the allegations of this paragraph.

107.   Defendant denies the allegations of this paragraph.

108.   Defendant denies the allegations of this paragraph.

109.   Defendant denies the allegations of this paragraph.

110.   Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

111.   Defendant denies the allegations of this paragraph.

112.   Defendant denies the allegations of this paragraph.

113.   Defendant denies the allegations of this paragraph.

114.   Defendant denies the allegations of this paragraph.

115.   Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

116.   Defendant affirms this information. Except as expressly admitted herei,n all allegations contained in this paragraph are denied.

117.   Defendant denies the allegations of this paragraph.

118.   Defendant denies the allegations of this paragraph.

119.   Defendant denies the allegations of this paragraph.

120.   Defendant denies the allegations of this paragraph.

121.   Defendant denies the allegations of this paragraph.

122.   Defendant denies the allegations of this paragraph.

123.   Defendant denies the allegations of this paragraph.

## COUNT ONE

124.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

125.    Defendant denies the allegations of this paragraph.

126.    Defendant denies the allegations of this paragraph.

127.    Defendant denies the allegations of this paragraph.

128.    Defendant denies the allegations of this paragraph.

129.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

130.    Defendant denies the allegations of this paragraph.

131.    Defendant denies the allegations of this paragraph.

132.    Defendant denies the allegations of this paragraph.

133.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

134.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

135.    Defendant denies the allegations of this paragraph.

DOCUMENT 22

Defendant denies the remainder of paragraph 135, including and following the paragraph beginning with "WHEREFORE...."

## COUNT TWO

136.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

137.    Defendant denies the allegations of this paragraph.

138.    Defendant denies the allegations of this paragraph.

139.    Defendant denies the allegations of this paragraph.

140.    Defendant denies the allegations of this paragraph.

141.    Defendant denies the allegations of this paragraph.

142.    Defendant denies the allegations of this paragraph.

143.    Defendant denies the allegations of this paragraph.


Defendant denies the remainder of paragraph 143, including and following the paragraph beginning with "WHEREFORE...."


## COUNT THREE

144.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

145.    To the extent the allegations contained in this paragraph are directed in any way at this Defendant, they are denied.

146.    Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in this paragraph. To the extent a response is required,
those allegations are denied.

147.    Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in this paragraph. To the extent a response is required,
those allegations are denied.

148.    Defendant denies the allegations of this paragraph.

149.    Defendant is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in this paragraph. To the extent a response is required,
those allegations are denied.

150.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 150 including and following the paragraph
beginning with "WHEREFORE...."

### COUNT FOUR

151.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all
prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all
prior responses to said paragraphs as if fully set forth herein.

152.    Defendant denies the allegations of this paragraph.

153.    Defendant denies the allegations of this paragraph.

154.    Defendant denies the allegations of this paragraph.

155.    Defendant denies the allegations of this paragraph.

156.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 156 including and following the paragraph beginning with "WHEREFORE...."

## COUNT FIVE

157.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

158.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

159.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

160.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

161.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

162.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

163.    Defendant denies the allegations of this paragraph.

164.    Defendant denies the allegations of this paragraph.

165.    Defendant denies the allegations of this paragraph.

166.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

167.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

168.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 168 including and following the paragraph beginning with "WHEREFORE…."

## COUNT SIX

169.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

170.    Defendant denies the allegations of this paragraph.

171.    Defendant denies the allegations of this paragraph.

172.    Defendant denies the allegations of this paragraph.

173.    Defendant denies the allegations of this paragraph.

174.    Defendant denies the allegations of this paragraph.

175.    Defendant denies the allegations of this paragraph.

176.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 176 including and following the paragraph beginning with "WHEREFORE...."

## COUNT SEVEN

177.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

178.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

179.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

180.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

181.    Defendant denies the allegations of this paragraph.

182.    Defendant denies the allegations of this paragraph.

183.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 183 including and following the paragraph beginning with "WHEREFORE...."

## COUNT EIGHT

184.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

185.    Defendant denies the allegations of this paragraph.

186.    Defendant denies the allegations of this paragraph.

187.    Defendant denies the allegations of this paragraph.

188.    Defendant denies the allegations of this paragraph.

189.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 189, including and following the paragraph beginning with "WHEREFORE...."

DOCUMENT 22

## GENERAL DENIAL

To the extent that any allegation of the Complaint within this Answer and Defenses is not specifically admitted, it is hereby denied.

**WHEREFORE**, having fully answered all allegations contained in Plaintiff's Complaint, Defendant prays for the following relief:

(a) That judgment be entered in favor of removing Defendant In Depth Academy from this Complaint;

(b) That the costs of this action, including attorney fees, be cast against Plaintiff; and

(c) That the Court grants such other and further relief as it may deem just and proper.

Respectfully submitted,

*Dorothea Joyner*

In Depth Academy/ Dorothea Joyner
1016 Peachtree Dr
Columbus, GA  31906
info@indepthacademy.com

IN THE CIRCUIT COURT OF

BARBOUR COUNTY, ALABAMA

(Clayton Division)

Haleigh K. McLendon,

Plaintiff,

vs                                                    CASE NO. 06-CV-2025-900032.00

Dorothea Joyner

Defendant.

---

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing
**RESPONSES and DEFENSES OF IN DEPTH ACADEMY** upon Plaintiff's counsel by U.S.
Mail addressed as follows:

Larry Golston                                L. Shane Seaborn
P.O. Box 4160                                1442 S. Eufaula Ave
Montgomery, AL  36103                        Eufaula, AL  36027
larry.golston@beasleyallen.com               sseaborn1@yahoo.com

Dorothea Joyner

In Depth Academy/Dorothea Joyner
1016 Peachtree Dr
Columbus, GA  31906
info@indepthacademy.com



Retail

U.S. POSTAGE
FCM LG ENV
COLUMBUS,
SEP 05, 2025

$8.02

S2324A5019

9589 0710 5270 0692 5581 52

RDC 99

36018

Attn: Clerk of Court
Paige Smith
Circuit Court of Alabama
P.O. Box 219
Clayton, AL 36016

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
(Clayton Division)



Haleigh K. McLendon,
Plaintiff,

vs                                          CASE NO. 06-CV-2025-900032.00

Dorothea Joyner
Defendant.

---

## RESPONSES and DEFENSES OF DOROTHEA JOYNER

COME NOW Defendant DOROTHEA JOYNER (collectively "Defendant"), without waiving any defenses and expressly preserving all such defenses, hereby responds to Plaintiff's Complaint filed in the above-styled case, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendant did not owe a duty to Plaintiff based upon the allegations in the Complaint.

### THIRD DEFENSE

Defendant did not breach any duty they may have owed to the Plaintiff based upon the allegations contained in Plaintiff's Complaint.

DOCUMENT 23

### FOURTH DEFENSE

The injuries and damages alleged in the Complaint were directly and proximately caused by the Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

### FIFTH DEFENSE

The Plaintiff failed to use the applicable standard of care to mitigate the damages alleged in the Complaint.

### SIXTH DEFENSE

The injuries and damages alleged in the Complaint were the result in whole or in part of intervening acts and/or superseding causes or the acts of third parties, over which Defendant had no control or responsibility.

### SEVENTH DEFENSE

To the extent Defendant or anyone acting on their behalf was negligent in any manner, the Plaintiff's negligence equaled or exceeded Defendant's negligence, barring recovery.

### EIGHTH DEFENSE

For further defense, Defendant shows that if the Plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the alleged negligence of Defendant or others acting on their behalf, then Plaintiff is not entitled to recover in this action.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including O.C.G.A. § 9-3-33.1 et. seq.

## TENTH DEFENSE

Plaintiff fails to plead allegations in her Complaint sufficient to justify an award for damages of any kind.

## ELEVENTH DEFENSE

Plaintiff had superior knowledge to Defendant of the clear and palpable risks and dangers alleged in the Complaint, and the conduct of Defendant Leroy Thomas Joyner, Jr., as alleged in the Complaint, was not foreseeable to Defendant.

## TWELFTH DEFENSE

Defendant lacked actual or constructive knowledge of the conduct and propensities of Defendant Leroy Thomas Joyner, Jr. at all times relevant in the Complaint.

## THIRTEENTH DEFENSE

Defendant' conduct was not outrageous or reckless, nor was their conduct sufficiently outrageous or reckless to sustain Plaintiff's claims for intentional infliction of emotional distress.

## FOURTEENTH DEFENSE

Defendant is not the actual proximate cause of Plaintiff's alleged damages.

## FIFTEENTH DEFENSE

Defendant Leroy Joyner's misconduct was not reasonably foreseeable to the Defendant, and Defendant did not engage in any intentional misconduct or gross negligence that would warrant punitive damages.

## SIXTEENTH DEFENSE

Defendant raises each and every affirmative defense required to be pled by state law, should said defenses become applicable as this action proceeds.  Defendant specifically raised the defenses contained in O.C.G.A. § 9-11-8(c) and incorporates the same here by this reference.

## SEVENTEENTH DEFENSE

Subject to the defenses set forth above, and without waiving any of them, Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

5. The allegations contained in this paragraph are admitted for jurisdictional purposes only and otherwise denied.

6. Defendant affirms the information.

7. Defendant denies the allegations of this paragraph.

8. Defendant denies the allegations of this paragraph.

9. Defendant denies the allegations of this paragraph.

10. Defendant denies the allegations of this paragraph.

11. Defendant denies the allegations of this paragraph.

12. Defendant denies the allegations of this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

14. Defendant denies the allegations of this paragraph.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

16. Defendant denies the allegations of this paragraph.

## STATEMENT OF THE FACTS

17. Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

21. Defendant affirms this information.

22. Defendant affirms the information.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

24. Defendant affirms the information.

25. Defendant affirms the information.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

54. Answering the allegations contained in this paragraph, Defendant admits that all members were subject to the Membership Terms and Conditions, and when Safe Play was established, Members were subject to comply with Safe Play. Except as admitted or qualified herein, the allegations of this paragraph are denied.

55. Defendant denies the allegations of this paragraph.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

57. Defendant denies the allegations of this paragraph.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations in part. Plaintiff did not live with the Defendants. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

66. Admit.

67. Defendant denies the allegations in part. Plaintiff was temporarily housed in Columbus, GA, during Tournament travels to avoid hotel costs. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

68. Defendant denies the allegations of this paragraph.

69. Defendant denies the allegations of this paragraph.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

71. Defendant denies the allegations of this paragraph.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

75. Defendant denies the allegations of this paragraph.

76. Defendant denies the allegations of this paragraph.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

79. Defendant denies the allegations of this paragraph.

80. Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

81. Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

84. Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

85. Defendant affirms this information. Except as expressly admitted herein, all allegations contained in this paragraph are denied.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

90. Defendant denies the allegations of this paragraph.

91. Defendant denies the allegations of this paragraph.

92. Defendant denies the allegations of this paragraph.

93. Defendant denies the allegations of this paragraph.

94. Defendant denies the allegations of this paragraph.

95. Defendant denies the allegations of this paragraph.

96. Defendant denies the allegations of this paragraph.

97. Defendant denies the allegations of this paragraph.

98. Defendant denies the allegations of this paragraph.

99. Defendant denies the allegations of this paragraph.

100.    Defendant denies the allegations of this paragraph.

DOCUMENT 23

101.    Defendant denies the allegations of this paragraph.

102.    Defendant denies the allegations of this paragraph.

103.    Defendant denies the allegations of this paragraph.

104.    Defendant denies the allegations of this paragraph.

105.    Defendant denies the allegations of this paragraph.

106.    Defendant denies the allegations of this paragraph.

107.    Defendant denies the allegations of this paragraph.

108.    Defendant denies the allegations of this paragraph.

109.    Defendant denies the allegations of this paragraph.

110.    Defendant affirms this information. Except as expressly admitted herein, all
allegations contained in this paragraph are denied.

111.    Defendant denies the allegations of this paragraph.

112.    Defendant denies the allegations of this paragraph.

113.    Defendant denies the allegations of this paragraph.

114.    Defendant denies the allegations of this paragraph.

115.    Defendant affirms this information. Except as expressly admitted herein, all
allegations contained in this paragraph are denied.

116.    Defendant affirms this information. Except as expressly admitted herein, all
allegations contained in this paragraph are denied.

117.    Defendant denies the allegations of this paragraph.

118.    Defendant denies the allegations of this paragraph.

119.    Defendant denies the allegations of this paragraph.

120.    Defendant denies the allegations of this paragraph.

121.    Defendant denies the allegations of this paragraph.

122.    Defendant denies the allegations of this paragraph.

123.    Defendant denies the allegations of this paragraph.

## COUNT ONE

124.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

125.    Defendant denies the allegations of this paragraph.

126.    Defendant denies the allegations of this paragraph.

127.    Defendant denies the allegations of this paragraph.

128.    Defendant denies the allegations of this paragraph.

129.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

130.    Defendant denies the allegations of this paragraph.

131.    Defendant denies the allegations of this paragraph.

132.    Defendant denies the allegations of this paragraph.

133.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

134.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

135.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 135, including and following the paragraph beginning with "WHEREFORE...."

## COUNT TWO

136.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

137.    Defendant denies the allegations of this paragraph.

138.    Defendant denies the allegations of this paragraph.

139.    Defendant denies the allegations of this paragraph.

140.    Defendant denies the allegations of this paragraph.

141.    Defendant denies the allegations of this paragraph.

142.    Defendant denies the allegations of this paragraph.

143.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 143, including and following the paragraph beginning with "WHEREFORE...."

## COUNT THREE

144.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

145.    To the extent the allegations contained in this paragraph are directed in any way at this Defendant, they are denied.

146.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

147.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

148.    Defendant denies the allegations of this paragraph.

149.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

150.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 150, including and following the paragraph beginning with "WHEREFORE...."

## COUNT FOUR

151.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

152.    Defendant denies the allegations of this paragraph.

153.    Defendant denies the allegations of this paragraph.

154.    Defendant denies the allegations of this paragraph.

155.    Defendant denies the allegations of this paragraph.

156.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 156, including and following the paragraph beginning with "WHEREFORE...."

## COUNT FIVE

157.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

158.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

159.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

160.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

161.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

162.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

163.    Defendant denies the allegations of this paragraph.

164.    Defendant denies the allegations of this paragraph.

165.    Defendant denies the allegations of this paragraph.

166.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

167.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

168.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 168, including and following the paragraph beginning with "WHEREFORE...."

## COUNT SIX

169.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

170.    Defendant denies the allegations of this paragraph.

171.    Defendant denies the allegations of this paragraph.

172.    Defendant denies the allegations of this paragraph.

173.    Defendant denies the allegations of this paragraph.

174.    Defendant denies the allegations of this paragraph.

175.    Defendant denies the allegations of this paragraph.

176.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 176, including and following the paragraph beginning with "WHEREFORE...."

## COUNT SEVEN

177.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

178.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

179.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

180.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, those allegations are denied.

181.    Defendant denies the allegations of this paragraph.

182.    Defendant denies the allegations of this paragraph.

183.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 183, including and following the paragraph beginning with "WHEREFORE...."

DOCUMENT 29

## COUNT EIGHT

184.    Answering the allegations contained in this paragraph (wherein Plaintiff realleges all prior paragraphs of the Complaint as if set forth fully therein), Defendant realleges all prior responses to said paragraphs as if fully set forth herein.

185.    Defendant denies the allegations of this paragraph.

186.    Defendant denies the allegations of this paragraph.

187.    Defendant denies the allegations of this paragraph.

188.    Defendant denies the allegations of this paragraph.

189.    Defendant denies the allegations of this paragraph.

Defendant denies the remainder of paragraph 189, including and following the paragraph beginning with "WHEREFORE...."

## INTERROGATORIES

1. A. Dorothea Lee Joyner, Dorothea Lee Edley, Dorothea Lee Latham

   B. November 8, 1975; Copiah County, Mississippi

   C. xxx-xx-1439

   D. 060242033 GA

   E. 334-439-8152

   F. 1016 Peachtree Dr.; Columbus, GA 31906(2016-present); 1801 Victory Dr.; Columbus, Ga 31901(2015-2016); 18 Atlantic St/17W Main St; Ariton, AL (2011-2015)

   G. Leroy Joyner, Spirit(Kiara) Edley, Jaida Edley, Caylin Edley, Deborah Edley, Judah Edley, Stacy Sims, Daniel Sims, Mae Sims

2. None applicable.

3. Leroy T. Joyner, Jr., 52, FCI Yazoo Low and unemployed, his children (Rachel Joyner, Matthew Givens). Robert Edley (97-2000); (my children, Spirit, Jaida, and Caylin Edley).

4. None applicable.

5. Byram Attendance Center Class of '94; Hinds Community College (2003-2004); Columbus State University BBA '19 and WMBA '22.

6. Leroy Joyner solely kept this information.

7. Do not remember the exact dates, places were Jackson, MS; Hilton Head, SC; Peachtree City, GA. All of the tournaments that I accompanied the team were also accompanied by the Plaintiff's mother, Shajuana McLendon.

8. The only person I have slept with since 2000 is Leroy T. Joyner, Jr., 52.

9. No

10. Height 5'5; Weight ranging from 160-210

11. 334-439-8152(Verizon Wireless)

12. In the year 2001(approximately), Mr. Joyner and myself played adult tournaments in Mississippi. Stopped playing in 2004.

13. No

14. None

15. One divorce, one lawsuit, I was the Plaintiff against Choice Hotels(closed); harassment

16. None

17. Caylin Edley (706-587-8103), Jaida Edley (334-401-1937) (both at DoorDash); 1016 Peachtree Dr, Columbus, GA 31906

18. Columbus Consolidated Government 02/2025- present; ($33,000 annually)
DP Resolutions 07/23-02/2025(Government Shut down program);($17,500.00 annually)
Muscogee County School District 07/21-06/23(voluntary leave/burned out;($23,000 annually)
In Depth Academy(subsidiary of Grassroots Tennis) 2007-2021(voluntary leave)$17,500
Value Place 2015-2017(terminated)

19. LinkedIn under my name, Dorothea Joyner.

20. None

21. Grassroots Tennis Association started in 2011 under Wiregrass Tennis Association in Ozark, AL, providing free tennis lessons to underprivileged children. Totally operated by Leroy Joyner, but on paper, it was owned and operated by Spirit Edley.
Groups of kids from the YMCA and different camps would come to learn how to play. Transformed into kids with a passion to play, becoming the traveling team to play against better players to see whether they could match.
Grassroots has been dismantled and is no longer an entity since 2019, with no mergers, consolidations, or subdivisions.

22. None

23.

- I, Dorothea Joyner, moved to Columbus, GA, in 2015, when my grandson was born, and have been there since.
- I was neither aware of nor made aware of any of the Plaintiff's allegations.
- My only responsibility was to make sure the curriculum and assignments were created and distributed to the students of In Depth Academy.
- My coaching was a group of students in Daleville, AL. That stopped when two parents decided they wanted to have an affair, and it spilled over into the tennis lessons.

### Request for Production of Documents

I, Dorothea Joyner, can not produce any of the documents you are requesting from 1-16. My only responsibility was In-Depth Academy.

**Request for Admissions**

1. No, I, Dorothea Joyner, was not aware that Leroy Joyner was having sexual intercourse with the Plaintiff.

2. No, I, Dorothea Joyner, was not aware that Leroy Joyner was having sexual contact with the Plaintiff.

## GENERAL DENIAL

To the extent that any allegation of the Complaint within this Answer and Defenses is not specifically admitted, it is hereby denied.

**WHEREFORE**, having fully answered all allegations contained in Plaintiff's Complaint, Defendant prays for the following relief:

(a) That judgment be entered in favor of removing Defendant Dorothea Joyner from this Complaint;

(b) That the costs of this action, including attorney fees, be cast against Plaintiff; and

(c) That the Court grants such other and further relief as it may deem just and proper.

Respectfully submitted,

*Dorothea Joyner*

Dorothea Joyner

1016 Peachtree Dr

Columbus, GA  31906

psalm5513@gmail.com

IN THE CIRCUIT COURT OF

BARBOUR COUNTY, ALABAMA

(Clayton Division)

Haleigh K. McLendon,
 Plaintiff,

vs                                          CASE NO. 06-CV-2025-900032.00

Dorothea Joyner
Defendant.

---

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing
**RESPONSES and DEFENSES OF DOROTHEA JOYNER** upon Plaintiff's counsel by U.S.
Mail addressed as follows:

Larry Golston                          L. Shane Seaborn
P.O. Box 4160                          1442 S. Eufaula Ave
Montgomery, AL  36103                  Eufaula, AL  36027
larry.golston@beasleyallen.com         sseaborn1@yahoo.com

Dorothea Joyner
1016 Peachtree Dr
Columbus, GA  31906
psalm5513@gmail.com

Dorothea Joyner
1016 Peach tree Dr
Columbus. GA 31906





Retail

U.S. POSTAG
FCM LG ENV
COLUMBUS, (
SEP 05, 2025

$8.02

S2324A50194

9589 0710 5270 0692 5581 69

RDC 99

36016



FILED
SEP 0 8 2025
PAIGE Q. SMITH, CLERK
BARBOUR COUNTY, ALABAMA

Attn: Clerk of Court
Paige Smith
Circuit Court of Alabama
P.O. Box 219
Clayton, AL 36016

DOCUMENT 9

ELECTRONICALLY FILED
9/9/2025 10:50 AM
06-CV-2025-900032.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | C<br>0 |
|---|---|---|

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL

**NOTICE TO:** LEROY THOMAS JOYNER JR., FCI YAZOO CITY LOW POST OFFICE BOX 5000, YAZOO CITY, MS 39194

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LARRY APAUL GOLSTON JR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 272 COMMERCE STREET, MONTGOMERY, AL 36104

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[ ] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[✓] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

HALEIGH K. MCLENDON
*[Name(s)]*

08/13/2025          /s/ PAIGE SMITH          By: _____

*(Date)*          *(Signature of Clerk)*          *(Name)*

[✓] Certified Mail is hereby requested.          /s/ LARRY APAUL GOLSTON JR.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[X] Return receipt of certified mail received in this office on     9/9/25

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

Document left:

[ ] with above-named Defendant;

[ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

[ ] the above-named Defendant;

[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**LEROY THOMAS JOYNER JR.**
**Reg. No. 18079-002**
**FCI YAZOO CITY LOW**
**POST OFFICE BOX 5000**
**YAZOO CITY, MISSISSIPPI 39194**

9590 9402 2179 6193 9221 82

2. Article Number *(Transfer from service label)*

7016 0340 0000 7873 8053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                                ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

LeRoy Joyner JR

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

DOCUMENT 24

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70160340000078738053

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 9:38 am on August 26, 2025 in YAZOO CITY, MS 39194.

### Delivered
**Delivered, Left with Individual**

YAZOO CITY, MS 39194
August 26, 2025, 9:38 am

**See All Tracking History**

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

**Text & Email Updates**                                                                      ⌄

**Product Information**                                                                         ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.



AlaFile E-Notice

06-CV-2025-900032.00

To:  LARRY APAUL GOLSTON JR.
     larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:      9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  UNITED STATES TENNIS ASSOCIATION, INC. (PRO SE)
2500 WESTCHESTER AVENUE
SUITE 411
PURCHASE, NY, 10577-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:      9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: USTA PLAYER DEVELOPMENT, INC. (PRO SE)
CORPORATION SERVICE CO.
1201 HAYS STREET
TALLAHASSEE, FL, 32301-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:      9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  GRASSROOTS TENNIS ASSOCIATION, LLLP (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:     9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: IN DEPTH ACADEMY (PRO SE)
1016 PEACHTREE DRIVE
COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:    9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER DOROTHEA L. (PRO SE)
    1016 PEACHTREE DRIVE
    COLUMBUS, GA, 31906-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:    9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov

DOCUMENT 25



AlaFile E-Notice

06-CV-2025-900032.00

To:  JOYNER LEROY THOMAS JR. (PRO SE)
FCI YAZOO CITY LOW
POST OFFICE BOX 5000
YAZOO CITY, MS, 39194-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:    9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: HAMPTON LEON JR.
    Leon.Hampton@BeasleyAllen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:    9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To:  HAYNES JESSICA MACHELLE
     jessi.haynes@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:      9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov



AlaFile E-Notice

06-CV-2025-900032.00

To: LARRY APAUL GOLSTON JR.
larry.golston@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

HALEIGH K. MCLENDON V. UNITED STATES TENNIS ASSOCIATION, INC. ET AL
06-CV-2025-900032.00

The following RETURN ON SERVICE - SERVED was FILED on 9/9/2025 10:50:16 AM

Notice Date:     9/9/2025 10:50:16 AM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
P.O. BOX 219
CLAYTON, AL, 36016

334-775-8366
paige.smith@alacourt.gov