In The United States District Court
Middle District Of Alabama
Southern Division

RECEIVED

2025 SEP 22 P 1: 21

TREY ........, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Haleigh K McLendon
    Plaintiff,

V.

United States Tennis Ass, Et, Al.
Defendants.

Case No: 2:25-cv-00745-RAH-KFP

---

## Omnibus Motion

Comes Now, Leroy Thomas Joyner, Jr. And Hereby Gives Notice Of His Withdrawal Of Consent To Removal As Evidenced By His Instant Motion To Remand. In The Alternative, Joyner Requests That This Civil Action Be Transferred To The Middle District Of Georgia Based Upon Section 1391(b)(2), (d). In Support, He Offers The Following:

## Procedural Background

1. On May 1, 2025, Plaintiff Filed This Civil Action In The State Court Of Muscogee County, Georgia. The Action Was Voluntarily Dismissed On August 12, 2025. (See Exhibit A).

2. DESPITE PLAINTIFF AND JOYNER, AMONG OTHER DEFENDANTS BEING DIVERSE IN CITIZENSHIP, THE CASE WAS NEITHER FILED NOR REMOVED TO FEDERAL COURT.

3. THE PRESENT CIVIL ACTION WAS FILED IN THE JUDICIAL DISTRICT FOR BARBOUR COUNTY, ALABAMA ON AUGUST 13, 2025. BEFORE ANY DEFENSES, ESPECIALLY IMPROPER VENUE COULD BE RAISED, JOYNER WITH A MISUNDERSTANDING OF SECTION 1441(b) CONSENTED TO A REMOVAL.[1]

4. BASED UPON HIS IGNORANCE ON THAT SECTION, THE OTHER DEFENDANTS CONSENTED TO THE REMOVAL. FOR ALL, A REMOVAL TO THE MIDDLE DISTRICT OF GEORGIA WAS EXPECTED.

5. AFTER GAINING A FULL UNDERSTANDING OF SECTION 1441(b), IT WAS THEN UNDERSTOOD THAT THE FACE OF THE COMPLAINT PROHIBITED ANY SUCH REMOVAL. IT WAS DISCOVERED THAT UNDER THE DOMICILE OF PLAINTIFF AND JOYNER, BOTH WERE CITIZENS OF ALABAMA. DOC. 2, AT PARA. 1-9 (HEREINAFTER "COMPLAINT").

6. FURTHER, IT WAS DISCOVERED THAT AT ALL TIMES RELEVANT TO THE ALLEGATIONS, EVERY PARTY EXCEPT THE USTA WERE DOMICILED IN GEORGIA, INCLUDING THE PLAINTIFF. (SEE COMPLAINT, AT PARA 62-70). THIS COMPLAINT FACT LEFT THE MIDDLE DISTRICT OF ALABAMA OR ANY FEDERAL COURT WITHOUT JURISDICTION.

7. AS A RESULT, JOYNER RESCINDS HIS CONSENT TO REMOVAL BASED UPON IGNORANCE RELATING TO SECTION 1441(b) AND NO JURISDICTION TO DO SO.

---

[1] JOYNER DID NOT READ THE DECLARATION BEFORE SIGNING IT. HE WAS ONLY GIVEN THE SIGNATURE PAGE BY PRISON OFFICIALS. IT WAS NOT UNTIL SEPTEMBER 9, 2025 THAT HE GAINED ACCESS TO A COPY OF THE DOCUMENT. THE INSTANT MOTION WAS THEN CRAFTED. (SEE EXHIBIT B, P. 5).

## ARGUMENT

### I. MIDDLE DISTRICT OF ALABAMA IS WITHOUT JURISDICTION TO EFFECTUATE A REMOVAL.

ACCORDING TO SECTION 1441, A DEFENDANT MAY REMOVE AN ACTION FROM STATE COURT TO FEDERAL COURT PROVIDED THE ACTION IS ONE IN WHICH THAT COURT MAY EXERCISE ORIGINAL JURISDICTION. SEE SECTION 1441(b)(2). ANY DETERMINATION OF DIVERSITY OF CITIZENSHIP MUST BE REACHED FROM EXAMINING THE FACE OF THE COMPLAINT. SEE SELENSKY V. MOBILE INFIRMARY, 221 F. App'x 814, 815 (11th CIR. 2007) (DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION PROPER WHERE THE FACE OF THE COMPLAINT DID NOT PLEAD FACTS SUFFICIENT TO ESTABLISH DIVERSITY OF CITIZENSHIP). AN EXAMINATION OF THE COMPLAINT REFLECTS THAT BOTH THE PLAINTIFF AND JOYNER ARE CITIZENS OF ALABAMA. (SEE COMPLAINT, AT PARA. 1-9). FURTHER, IT IS ALLEGED AT RELEVANT TIMES THAT BOTH RESIDED IN GEORGIA. ID., AT PARA. 62-70. THESE COMPLAINT FACTS PROHIBITS THIS ACTION FROM BEING REMOVED TO THE MIDDLE DISTRICT OF ALABAMA. SEE SECTION 1332(a)(2). HOWEVER, HAD THE ORIGINAL COMPLAINT NOT BEEN DISMISSED IN GEORGIA, THAT CIVIL ACTION COULD HAVE BEEN MOVED TO THE MIDDLE DISTRICT OF GEORGIA. SEE SECTION 1332(a)(3).

AS A MATTER OF LAW, THE MIDDLE DISTRICT OF ALABAMA IN GOOD FAITH CAN NOT ESTABLISH JURISDICTION, BECAUSE COMPLETE DIVERSITY DOES NOT EXIST FROM

THE FACE OF THE COMPLAINT. SEE LINCOLN PROP. CO. V. ROCHE, 546 U.S. 81, 84 (2005). THEREFORE, THIS CIVIL ACTION SHOULD BE REMANDED TO THE STATE COURT.

## II. MIDDLE DISTRICT OF GEORGIA IS THE PROPER FEDERAL COURT VENUE.

UNDER SECTION 1406(a), A FEDERAL DISTRICT COURT HAS THE AUTHORITY TO TRANSFER A CASE TO ANOTHER DISTRICT OR DIVISION "IN WHICH IT COULD HAVE BEEN BROUGHT." ANY TRANSFER UNDER THIS SECTION SHOULD BE GOVERNED IN THE INTEREST OF JUSTICE AND BY WHERE THE ACTION "COULD HAVE BEEN BROUGHT." SEE LEACH V. PEACOCK, CIVIL ACTION No: 2:09-CV-00738-MHT, 2011 U.S. DIST. LEXIS 31779, 2011 WL 1130596, AT *4 (M.D. ALA. MAR. 25, 2011) (CITING 28 U.S.C. §1406(a)). ADDITIONALLY, "IN TRANSFERRING A CASE, PROPER VENUE SHOULD BE DETERMINED BY "ONLY THE EVENTS THAT DIRECTLY GIVE RISE TO A CLAIM." JENKINS BRICK CO. V. BREMER, 321 F.3d 1366, 1371 (11th CIR. 2003). EVENTS THAT LACK A CLOSE NEXUS WITH THE CAUSE OF ACTION ARE IRRELEVANT. KADORDELIS V. DANZIG, 387 FED. APP'x 905, 906 (11th CIR. 2010) (CITING JENKINS BRICK CO., AT 1372-73). AN EXAMINATION OF THE COMPLAINT REFLECTS THAT ALLEGATIONS GIVING RISE TO ALL CLAIMS WERE INITIATED, PLANNED, EXECUTED AND CONCEALED FOR A SUBSTANTIAL PART IN GEORGIA. SEE COMPLAINT, AT PARA. 69-79. ACCORDING TO SECTION 1391 (b)(2), VENUE IS PROPER IN "A JUDICIAL DIS-

TRICT IN WHICH A SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO THE CLAIM OCCURRED. AS ALLEGED BY THE COMPLAINT, ONLY ONE INCIDENT APPEARS TO HAVE OCCURRED IN ALABAMA AND IT IS IN CONFLICT WITH ALLEGATIONS IDENTIFYING COLUMBUS, GEORGIA AS THE PLAINTIFF'S HOME FROM AUG 2015 TO MAY 2019. (SEE COMPLAINT, AT PARA. 62-70, 74). AS A MATTER OF LAW, SECTION 1406 (a) COMPELS A TRANSFER TO THE MIDDLE DISTRICT OF GEORGIA DUE TO THE INTEREST OF JUSTICE REGARDING THE EVENTS DIRECTLY GIVING RISE TO THE CLAIMS OCCURRING IN GEORGIA AND BECAUSE THE ORIGINAL ACTION FILED IN THAT STATE COURT CONFERRED JURISDICTION ON THE FEDERAL COURT.

WHEREFORE PREMISES CONSIDERED, THE INSTANT ACTION SHOULD BE REMANDED OR IN THE ALTERNATIVE TRANSFERRED TO THE MIDDLE DISTRICT OF GEORGIA.

SEPTEMBER 12, 2025

RESPECTFULLY SUBMITTED,

Leroy Thomas Joyner, Jr.

LEROY THOMAS JOYNER, JR.
P.O. BOX 5963
COLUMBUS, GEORGIA 31906
grasschange@gmail.com

In The United States District Court
Middle District Of Alabama
Southern Division

HALEIGH K. McLENDON          *
PLAINTIFF,                   *
                             *
                             *
V.                           * CASE No: _____
                             *
                             *
UNITED STATES TENNIS ASS., ET, AL. *
DEFENDANT.                    *

_____

Certificate Of Service

DEFENDANT, LEROY THOMAS JOYNER, JR. HEREBY ATTEST
THAT A TRUE COPY OF "OMNIBUS MOTION" WILL BE ELEC-
TRONICALLY PROVIDED TO COUNSEL(S) OF RECORD PUR-
SUANT TO CM/ECF POLICY UPON FILING DOCUMENTS.

SEPTEMBER 12, 2025

_Leroy Thomas Joyner, Jr._
LEROY THOMAS JOYNER, JR.



LeRoy Joyner #18099082
FCC Yazoo City (Low)
P.O. Box 5000
Yazoo City, MS 39194

9589 0710 5270 1776 1354 43

ATTN: Clerk of Court
United States District Court
One Church St Ste B-110
Montgomery, AL 36104

Montgomery P&DC 360
THU 18 SEP 2025 PM