UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HALEIGH K. MCLENDON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES TENNIS | * | |
| ASSOCIATION, INC., USTA | * | |
| PLAYER DEVELOPMENT INC., | * | |
| GRASSROOTS TENNIS ASSOC., | * | |
| LLLP, IN DEPTH ACADEMY, | * | |
| DOROTHEA L. JOYNER, LEROY | * | CASE NO.: 2:25-cv-00745-RAH- |
| THOMAS JOYNER, JR., and | * | KFP |
| Fictious Defendants "A", "B", "C", | * | |
| and "D", whether singular or plural, | * | |
| those other persons, corporations, | * | |
| firms or other entities whose | * | |
| wrongful conduct caused or | * | |
| contributed to cause the injuries and | * | |
| damages to the Plaintiff, all of whose | * | |
| true and correct names are unknown | * | |
| to Plaintiff at this time, but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |
| | * | |
| Defendants. | * | |

**ANSWER AND DEFENSES OF UNITED STATES TENNIS
ASSOCIATION INC. AND USTA PLAYER DEVELOPMENT INC.**

COME NOW Defendants UNITED STATES TENNIS ASSOCIATION INC.

("USTA Inc.") and USTA PLAYER DEVELOPMENT, INC. ("USTA Player

Development") (collectively "Defendants"), by and through their undersigned

counsel, and without waiving any defenses and expressly preserving all such defenses, hereby respond to Plaintiff's Complaint filed in the above-styled case, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against these Defendants.

### SECOND DEFENSE

Defendants did not owe a duty to Plaintiff based upon the allegations in the Complaint.

### THIRD DEFENSE

In the alternative, Defendants did not breach any duty they may have owed to the Plaintiff based upon the allegations contained in Plaintiff's Complaint.

### FOURTH DEFENSE

The injuries and damages alleged in the Complaint were directly and proximately caused by the Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

### FIFTH DEFENSE

The Plaintiff failed to use the applicable standard of care to mitigate the damages alleged in the Complaint.

## SIXTH DEFENSE

The injuries and damages alleged in the Complaint were the result in whole or in part of intervening acts and/or superseding causes or the acts of third parties, over which these Defendants had no control or responsibility.

## SEVENTH DEFENSE

To the extent these Defendants or anyone acting on their behalf were negligent in any manner, the Plaintiff's negligence equaled or exceeded these Defendants' alleged negligence, barring recovery.

## EIGHTH DEFENSE

For further defense, Defendants show that if the Plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the alleged negligence of these Defendants or others acting on their behalf, then Plaintiff is not entitled to recover in this action.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TENTH DEFENSE

Plaintiff fails to plead allegations in her Complaint sufficient to justify an award for damages of any kind or in any amount against these Defendants, and

3

Georgia, Alabama, South Carolina and Louisiana law do not support Plaintiff's claims for punitive damages.

### ELEVENTH DEFENSE

Plaintiff had superior knowledge to these Defendants of the clear and palpable risks and dangers alleged in the Complaint and the conduct of Defendants Leroy Thomas Joyner, Jr. and Dorothea L. Joyner as alleged in the Complaint was not foreseeable to these Defendants.

### TWELFTH DEFENSE

These Defendants lacked actual or constructive knowledge of the conduct and propensities of Defendants Leroy Thomas Joyner, Jr. and Dorothea L. Joyner at all times relevant in the Complaint.

### THIRTEENTH DEFENSE

Defendants' conduct was not outrageous or reckless nor was their conduct sufficiently outrageous or reckless to sustain Plaintiff's claims for intentional infliction of emotional distress.

### FOURTEENTH DEFENSE

Defendants Leroy Thomas Joyner, Jr. and Dorothea L. Joyner at all times relevant in the Complaint were neither agents of these Defendants nor employees working within the scope of their employment with these Defendants and, therefore, Defendants cannot be liable for their intentional torts.

4

## FIFTEENTH DEFENSE

The actions of these Defendants are not the actual or proximate cause of Plaintiff's alleged damages.

## SIXTEENTH DEFENSE

Defendant Joyner's misconduct was not reasonably foreseeable to these Defendants, and Defendants did not engage in any intentional misconduct or gross negligence that would warrant punitive damages.

## SEVENTEENTH DEFENSE

Defendants raise each and every affirmative defense required to be pled by state law should said defenses become applicable as this action proceeds.  Federal Rule of Civil Procedure 8(c)(1).

## EIGHTEENTH DEFENSE

Defendant United States Tennis Association, Inc. is misnamed, as the proper entity is the United States Tennis Association, Incorporated. Defendant USTA Player Development Inc is also misnamed, as the proper entity is the USTA Player Development, Incorporated.

## NINETEETH DEFENSE

Subject to the defenses set forth above, and without waiving any of them, Defendants respond to the individually numbered paragraphs of the Complaint as follows:

5

## PARTIES, JURISDICTION, and VENUE

1. In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint only to the extent that jurisdiction in this Court is proper, and they deny any remaining allegations.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint only to the extent that jurisdiction in this Court is proper, and they deny any remaining allegations

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint only to the extent that Defendant Grassroots Tennis Association is a citizen of Georgia, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. To the extent a response is required those allegations are denied.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint only to the extent that Defendant InDepth Academy is a citizen of Georgia, but they are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph. To the extent a response is required those allegations are denied.

6.  Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint only to the extent that Defendant Dorothea L. Joyner is a citizen of Georgia, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. To the extent a response is required those allegations are denied.

7.  Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint solely as they pertain to these answering Defendants, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

9.  Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint only to the extent that venue and jurisdiction in this Court are proper and deny any remaining allegations.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint as to these Defendants, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. To the extent a response is required those allegations are denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

## STATEMENT OF THE FACTS

17. In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendants admit that the United States Tennis Association Incorporated is the National Governing Body (NGB) for the sport of tennis in the United States, that it has averaged approximately 700,000 individual members over the past decade and that, in some cases, individual members pay dues. Except as expressly admitted or qualified herein, any remaining allegations contained in this paragraph are denied.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, the Defendants note they are primarily legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint as plead.

21. In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendants admit only that to participate in USTA sanctioned tournaments individuals are required to be members of the USTA. Except

9

as admitted or qualified herein, any remaining allegations of this paragraph are denied.

22. In response to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Defendants admit only that to participate in USTA sanctioned tournaments age 12-18 individuals are required to be junior members of the USTA. Except as admitted or qualified herein, any remaining allegations of this paragraph are denied.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.[1]

24. In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendants admit only that to participate in USTA sanctioned tournaments individuals are required to be members of the USTA. Except as admitted or qualified herein, any remaining allegations of this paragraph are denied.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

---

[1] Defendants admit that the U.S. Olympic and Paralympic Committee (USOPC) is a federally chartered corporation. The remainder of footnote 3 of the Complaint is comprised of Plaintiff's characterization of the USPOC's purpose and her beliefs regarding aspirations of other athletes, to which no response is required. To the extent a response is required, the allegations are denied. Averred that 36 U.S.C. Section 220595, which describes the powers and duties of the USPOC and defines the term "national governing body" speaks for itself.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and further aver that Judy Murray and her sons, all of whom coached or played for Scotland (and not the United States), are not affiliated with the USTA.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint. To the extent a response is required those allegations are denied. Further answering Defendants aver that the cited N.Y. Times article speaks for itself.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the vague allegations contained in Paragraph 36 of Plaintiff's Complaint. To the extent a response is required those allegations are denied.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit the allegations contained Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. In responding to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendants aver that the USTA Safe Play™ Conduct, Policies & Guidelines speak for themselves and no response is therefore required. To the extent a response is required Defendants deny the allegations as pled.

42. In responding to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Defendants aver that the USTA Safe Play™ program documents speak for themselves and no response is therefore required. To the extent a response is required, the Defendants deny the allegations contained therein as pled as it is not a complete statement of the USTA Safe Play™ policies.

43. Defendants deny the allegations as pled in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. In response to the allegations contained in Paragraph 45 of Plaintiff's Complaint, Defendants are unable to admit or deny the allegations of this

13

paragraph as pled as the allegations are vague. However, the Defendants affirmatively allege that prior to 2014, USTA had contributed to literature that outlined safeguards for minor tennis players.

46. In response to the allegations contained in Paragraph 46 of Plaintiff's Complaint, Defendants are unable to admit or deny the allegations of this paragraph as pled, as the allegations are vague. However, the Defendants affirmatively allege that prior to 2014, USTA had contributed to literature that outlined safeguards for minor tennis players. Any remaining allegations are denied.

47. In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint, Defendants are unable to admit or deny the allegations of this paragraph as pled as the allegations are vague. However, the Defendants affirmatively allege that to the extent that the USTA was the sanction holder, the USTA may have negotiated discount hotel room rates. To the extent that the USTA was not the sanction holder, the USTA was not involved in hotel arrangements. Any remaining allegations are denied.

48. In response to the allegations contained in Paragraph 48 of Plaintiff's Complaint, Defendants are unable to admit or deny the allegations of this paragraph as pled, as the allegations are vague. However, the Defendants affirmatively allege that to the extent that the USTA was the sanction

holder, the USTA may have organized transportation. To the extent that the USTA was not the sanction holder, the USTA was not involved in transportation. Any remaining allegations are denied.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations as pled in Paragraph 50 of Plaintiff's Complaint. The Defendants admit only that some USTA-sanctioned tournaments organized by some sanction holders may have used multiple venues in the same cities and some minor players may have traveled between venues.

51. In response to the allegations contained in Paragraph 51 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

52. In response to the allegations contained in Paragraph 52 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

53. In response to the allegations contained in Paragraph 53 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

54. In response to the allegations contained in Paragraph 54 of Plaintiff's Complaint, Defendants admit only that all members were subject to the Membership Terms and Conditions and when Safe Play was established, Members were subject to comply with Safe Play. Except as admitted or qualified herein the allegations of this paragraph are denied.

55. In response to the allegations contained in Paragraph 55 of Plaintiff's Complaint, Defendants admit only that all members were subject to the Membership Terms and Conditions and when Safe Play was established, Members were subject to comply with Safe Play. Except as admitted or qualified herein the allegations of this paragraph are denied.

56. In response to the allegations contained in Paragraph 56 of Plaintiff's Complaint, Defendants admit only that all members were subject to the Membership Terms and Conditions and when Safe Play was established, Members were subject to comply with Safe Play. Except as admitted or qualified herein the allegations of this paragraph are denied.

57. In response to the allegations contained in Paragraph 57 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

58. In response to the allegations contained in Paragraph 58 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

59. In response to the allegations contained in Paragraph 59 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

60. In response to the allegations contained in Paragraph 60 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

61. In response to the allegations contained in Paragraph 61 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

62. In response to the allegations contained in Paragraph 62 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

63. In response to the allegations contained in Paragraph 63 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

64. In response to the allegations contained in Paragraph 64 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

65. In response to the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

66. In response to the allegations contained in Paragraph 66 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

67. In response to the allegations contained in Paragraph 67 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

68. In response to the allegations contained in Paragraph 68 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

69. In response to the allegations contained in Paragraph 69 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

70. In response to the allegations contained in Paragraph 70 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

71. In response to the allegations contained in Paragraph 71 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

72. In response to the allegations contained in Paragraph 72 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

73. In response to the allegations contained in Paragraph 73 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

74. In response to the allegations contained in Paragraph 74 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

75. In response to the allegations contained in Paragraph 75 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

76. In response to the allegations contained in Paragraph 76 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied. Defendants further aver that to the extent the allegations contained in this paragraph related to "Defendants" are directed at these answering Defendants, said allegations are denied.

77. In response to the allegations contained in Paragraph 77 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

78. In response to the allegations contained in Paragraph 78 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

79. In response to the allegations contained in Paragraph 79 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

80. In response to the allegations contained in Paragraph 80 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

81. In response to the allegations contained in Paragraph 81 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

82. In response to the allegations contained in Paragraph 82 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

83. In response to the allegations contained in Paragraph 83 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

84. In response to the allegations contained in Paragraph 84 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

85. In response to the allegations contained in Paragraph 85 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

86. In response to the allegations contained in Paragraph 86 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

87. In response to the allegations contained in Paragraph 87 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

88. In response to the allegations contained in Paragraph 88 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

89. Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.   Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.   Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.   Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.   Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.   In response to the allegations contained in Paragraph 109 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

110.   In response to the allegations contained in Paragraph 110 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

111.   In response to the allegations contained in Paragraph 111 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

112.    In response to the allegations contained in Paragraph 112 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

113.    In response to the allegations contained in Paragraph 113 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

114.    In response to the allegations contained in Paragraph 114 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

115.    In response to the allegations contained in Paragraph 115 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

116.    In response to the allegations contained in Paragraph 116 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

117. In response to the allegations contained in Paragraph 117 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

118. In response to the allegations contained in Paragraph 118 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

119. In response to the allegations contained in Paragraph 119 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

120. In response to the allegations contained in Paragraph 120 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

121. Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

## COUNT ONE

124. Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-123 of Plaintiff's Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130. Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.   Defendants deny the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.   Defendants deny the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.   Defendants deny the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.   Defendants deny the allegations contained in Paragraph 135 of Plaintiff's Complaint.  Defendants also deny the remainder of Paragraph 135 that begins with "WHEREFORE….".

## COUNT TWO

136.   Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-135 of Plaintiff's Complaint.

137.   Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.   Defendants deny the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.   Defendants deny the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.   Defendants deny the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.   Defendants deny the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.   Defendants deny the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.   Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Complaint. Defendants also deny the remainder of Paragraph 143 that begins with "WHEREFORE….".

## COUNT THREE

144.   Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-143 of Plaintiff's Complaint.

145.   To the extent that the allegations contained in Paragraph 145 of Plaintiff's Complaint are directed in any way towards these Defendants, they are denied in their entirety.

146.   In response to the allegations contained in Paragraph 146 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

147. In response to the allegations contained in Paragraph 147 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

148. Defendants deny the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of Plaintiff's Complaint. Defendants also deny the remainder of Paragraph 143 that begins with "WHEREFORE….".

## COUNT FOUR

151. Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-150 of Plaintiff's Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153. Defendants deny the allegations contained in Paragraph 153 of Plaintiff's Complaint.

31

154. Defendants deny the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of Plaintiff's Complaint. Defendants also deny the remainder of Paragraph 156 that begins with "WHEREFORE….".

## COUNT FIVE

157. Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-156 of Plaintiff's Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159. Defendants deny the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160. Defendants deny the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161. Defendants deny the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162. Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164. Defendants deny the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165. Defendants deny the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167. Defendants deny the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168. Defendants deny the allegations contained in Paragraph 168 of Plaintiff's Complaint. Defendants also deny the remainder of Paragraph 168 that begins with "WHEREFORE….".

## COUNT SIX

169. Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-168 of Plaintiff's Complaint.

170. Defendants deny the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171. Defendants deny the allegations contained in Paragraph 171 of Plaintiff's Complaint.

172. Defendants deny the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173. Defendants deny the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174. Defendants deny the allegations contained in Paragraph 174 of Plaintiff's Complaint.

175. Defendants deny the allegations contained in Paragraph 175 of Plaintiff's Complaint.

176. Defendants deny the allegations contained in Paragraph 176 of Plaintiff's Complaint. Defendants also deny the remainder of Paragraph 176 that begins with "WHEREFORE….".

## **COUNT SEVEN**

177. Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-176 of Plaintiff's Complaint.

178. To the extent that any allegation contained in Paragraph 178 of Plaintiff's Complaint is directed in any way towards these Defendants, they are denied.

179. In response to the allegations contained in Paragraph 179 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

180. In response to the allegations contained in Paragraph 180 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required those allegations are denied.

181. Defendants deny the allegations contained in Paragraph 181 of Plaintiff's Complaint.

182. Defendants deny the allegations contained in Paragraph 182 of Plaintiff's Complaint.

183. Defendants deny the allegations contained in Paragraph 183 of Plaintiff's Complaint. Defendants also deny the remainder of Paragraph 183 that begins with "WHEREFORE….".

## COUNT EIGHT

184. Defendants hereby incorporate and allege, as if restated herein, all prior responses and defenses asserted to Paragraphs 1-183 of Plaintiff's Complaint.

185. Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186. Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187. Defendants deny the allegations contained in Paragraph 187 of Plaintiff's Complaint.

188. Defendants deny the allegations contained in Paragraph 188 of Plaintiff's Complaint.

189. Defendants deny the allegations contained in Paragraph 189 of Plaintiff's Complaint. Defendants also deny the remainder of Paragraph 183 that begins with "WHEREFORE….".

## GENERAL DENIAL

To the extent that any allegation of the Complaint within this Answer and Defenses has not been responded to and/or is not specifically admitted, it is hereby denied.

WHEREFORE, having fully answered all allegations contained in Plaintiff's Complaint, Defendants pray for the following relief:

(a)    That judgment be entered in favor of Defendants and against Plaintiff on the Complaint;

(b)    That the costs of this action, including attorney fees, be cast against Plaintiff; and

(c)    That the Court grants such other and further relief as it may deem just and proper.

Respectfully submitted this 23rd day of September, 2025.

PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.

By: */s/ Carter P. Schondelmayer*
       Carter P. Schondelmayer
       Alabama Bar No. 6585-E53C
       */s/ James C. Clark, Jr.*
       James C. Clark, Jr.
       Georgia Bar No. 127145
       Admitted Pro Hac Vice
       */s/ LaRae D. Moore*
       Georgia Bar No. 223379
       Admitted Pro Hac Vice

1111 Bay Avenue, Third Floor
Columbus, GA 31902-1199
T: (706) 324-0251

carter@pagescrantom.com          *Counsel for Defendants*
jclark@pagescrantom.com          *United States Tennis Association, Inc.*
lmoore@pagescrantom.com          *USTA Player Development, Inc.*

37

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I submitted the following document, **ANSWER AND DEFENSES OF UNITED STATES TENNIS ASSOCIATION INC. AND USTA PLAYER DEVELOPMENT INC.** via the Court's electronic filing system, which will automatically send electronic mail notification of such filing to counsel of record and other *pro se* parties:

*Counsel for Plaintiff*

**BEASLEY, ALLEN, CROW, et al**
Alison Hawthorne
Larry Golston
Leon Hampton, Jr.
Jessi M. Haynes
P.O. Box 4160
Montgomery, AL 36103-4160
Alison.Hawthorne@beasleyallen.com
Larry.Golston@beasleyallen.com
Leon.hampton@beasleyallen.com
Jessi.Haynes@beasleyallen.com

**PENN & SEABORN, LLC**
L. Shane Seaborn
1442 S. Eufaula Avenue
Eufaula, AL 36027
Sseaborn1@yahoo.com

*Defendant Grassroots Tennis Association, LLLP*
c/o Caylin Edley – Registered Agent
1016 Peachtree Drive
Columbus, GA 31906

*Defendant In Depth Academy*
1016 Peachtree Drive
Columbus, GA 31906

*Defendant Dorothea L. Joyner*
1016 Peachtree Drive
Columbus, GA 31906

*Defendant Leroy Thomas Joyner*
Inmate #18079-002
Yazoo City Low FCI
PO Box 5000
Yazoo City, MS 39194-5000

Respectfully submitted this 23rd day of September, 2025.

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**

1111 Bay Avenue, 3rd Floor
P.O. Box 1199                      **/s/*Carter P. Schondelmayer***
Columbus, GA 31902-1199           Carter P. Schondelmayer
Tel:   706-324-0251               Alabama Bar No. 685-E53C
                                  carter@pagescrantom.com.

                                  *Counsel for Defendants*
                                  *United States Tennis Association, Inc.*
                                  *USTA Player Development Inc*

39