# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEROY T. JOYNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-1035-WKW-JTA |
| | ) | |
| SHELLY SANDERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 12, 2018, Plaintiff Leroy T. Joyner, appearing *pro se*, filed a complaint against Defendants Shelly Sanders, Larry Sanders, Sandra B. Hughes-Graham, and Tammy Judah (collectively "Defendants"). (Doc. No. 1.) Plaintiff has amended his complaint twice so the operative pleading before the court is his Second Amended Complaint. (Doc. No. 34.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.

This cause is before the court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 35.) Plaintiff filed an opposition to the motion (Doc. No. 38) and Defendants filed a reply (Doc. No. 39). For the reasons stated herein, the Magistrate Judge finds that the motion to dismiss is due to be GRANTED.

## I.   FACTUAL ALLEGATIONS

Plaintiff brings this lawsuit complaining of harm to his professional reputation, personal reputation and business, all due to "conspiratorial racial discrimination." (Doc. No. 34.) Plaintiff, an African American male, is a tennis coach for Grassroots Tennis Association. (*Id.* at ¶ 10.) He alleges that he began coaching a talented, young, Caucasian, female tennis player, "C", on August 5, 2012, through a marketing employment agreement with her parents. (*Id.* at ¶¶ 1, 4, 15, 18, 38.) According to Plaintiff, C developed a "fondness for African American males" which caused a stir in the community and community pressure mounted on her parents to have her take tennis lessons from a Caucasian tennis coach. (*Id.* at ¶¶ 1, 16.) Plaintiff alleges, since August 2015, Defendants[1] have engaged in a conspiracy to injure him by seeking removal of C from the Grassroots Tennis Association due to her fondness for African American males. (*Id.* at ¶¶ 1, 2.) Specifically, Defendants allegedly "conspired to disrupt the training process," "falsely accused [Plaintiff] of wrongdoings[2]" and filed a frivolous petition for protection from abuse against Plaintiff with the Dale County Circuit Court. (*Id.* at ¶¶ 17, 24.) As a

---

[1] Because the Second Amended Complaint is not a model of clarity, it is unclear the connection the defendants have to C or each other in this case. Notwithstanding, it appears that Defendants Shelly Sanders and Larry Sanders are the parents of C. (*See* Doc. No. 34 at ¶ 16) (". . . substantial pressure on Mr. & Ms. Sanders to place "C" under the tutelage of a coach of Caucasian American descent.") The connection between C's parents and the other two defendants, Sandra B. Hughes-Graham, and Tammy Judah, remains unclear.

[2] Plaintiff alleges Defendants fabricated allegations that he "stole and misused money, has a past criminal history and many aliases," that he trespassed on the Sanders' property and kidnapped C. (*See* Doc. No. 34 at ¶¶ 18, 21, 23, 24.)

result, not only was C removed from the Grassroots Tennis Association, despite her opposition, but Plaintiff was "unjustly accused of wrongdoings for over three years" which damaged his reputation throughout the community. (*Id*. at ¶¶ 26, 28.) Plaintiff complains that his "life has been ruined" by Defendants' conduct as he was forced to abandon his players in the Wiregrass Area due to the families of those players fearing reprisal from the false allegations and the stigma he now faces within the tennis community. (*Id*. at ¶¶ 33, 34.)

Plaintiff pursues nine claims against Defendants in his Second Amended Complaint. (*Id*. at 7-15.) Plaintiff attempts to allege a federal law claim against Defendants and posits subject matter jurisdiction exists based on diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. (*Id*. at ¶¶ 5, 7.) He brings one federal claim[3] for "42 U.S.C. § 1985(3) – Racial Discrimination in Violation of 42 U.S.C. § 1981(a)" and eight state law claims for civil conspiracy, intentional infliction of emotional distress, invasion of privacy, defamation (libel), defamation (slander), tortious interference with business relations, negligence, and fraudulent misrepresentations. (*Id*. at ¶¶ 40-105.) As relief, Plaintiff seeks compensatory damages in excess of \$2 million and punitive damages in excess of \$3 million. (*Id*. at 34.)

## II. STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure

---

[3] Notably, Plaintiff did not allege a claim plainly under 42 U.S.C. § 1981(a).

12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *See Resmick v. AvMed, Inc*., 693 F.3d 1317, 1321-22 (11th Cir. 2012).   To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.   While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.   A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' "  *Id*. (quoting *Twombly*, 550 U.S. at 555, 557).   In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' "  *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint.   "A document filed *pro se* is 'to be liberally construed,' and 'a

4

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   Yet, a *pro se* complaint still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## III.   DISCUSSION

### A. Federal Jurisdiction

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.   *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986) (Stevens, J., dissenting.).   "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."   *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).   This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking.   *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).   A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.   *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

In his Complaint and Second Amended Complaint, Plaintiff asserts the court may exercise jurisdiction over the claims alleged pursuant to federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and supplemental

jurisdiction under 28 U.S.C. § 1367. (Doc. No. 1 at ¶¶ 1-3; Doc. No. 34 at ¶¶ 5-7.) The court will assess each alleged jurisdictional basis in turn.

Title 28 U.S.C. § 1331 vests federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges a federal civil rights conspiracy claim under 42 U.S.C. § 1985(3). A federal district court has jurisdiction over claims raised under § 1985 because it is a federal statute providing federal question jurisdiction. *See Jimenez v. Wizel,* 644 F. App'x 868, 871 (11th Cir. 2016) ("we agree that the district court had jurisdiction over those claims Jimenez raised under §§ 1983 and 1985, because these are federal statutes providing federal question jurisdiction") (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 279 (1977)). Hence, this court has original jurisdiction over Plaintiff's § 1985(3) claim.[4]

The court is not persuaded however that it has original jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332. Title 28 U.S.C. § 1332 vests federal district courts with original jurisdiction over all civil actions "between . . . citizens of different States. . . ." and "where the matter in controversy exceeds the sum or value of $75,000.00." 28 U.S.C. § 1332(a)(1). According to the Complaint,[5] Plaintiff resides in Georgia and all

---

[4] The parties do not contest personal jurisdiction or venue.

5 The court references the allegations in the Complaint because diversity jurisdiction is measured at the time the action is filed. *See Grupo Dataflux v. Atlas Glob. Grp., LP*, 541 U.S. 567, 571 (2004).

Defendants reside in Alabama.    (Doc. No. 1 at ¶¶ 6-10.)    Yet, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."    *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342, n.12 (11th Cir. 2011) (quoting *Taylor*, 30 F.3d at 1367).    An individual's "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."    *McCormick v. Aderholt*, 293 F. 3d 1254, 1257 (11th Cir. 2002).    "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.    . . . ' "    *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)[6] (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).    Thus, Plaintiff must allege more than "residence" to establish diversity jurisdiction over his state claims.

The court raised the issue of diversity jurisdiction *sua sponte* and directed Plaintiff to present information sufficient for the court to determine whether he was a citizen of Georgia at the time of the initiation of the lawsuit on December 12, 2018.    (*See* Doc. No. 40.)    In response, Plaintiff provided a receipt showing a six-months rental of a P.O. Box in Georgia from August 10, 2020 to January 31, 2021 (Doc. No. 42-1), a copy of a rental agreement for a residence in Georgia that bears solely the name of his wife and is for a 12-months term commencing on November 1, 2016 (Doc. No. 42-2), and a Louisiana

---

[6] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

Certificate of Marriage for Plaintiff and his wife from 2004 (Doc. No. 42-3).   None of the documents provided by Plaintiff support his position that he was domiciled in Georgia when he filed this action.

Moreover, individuals are only citizens of the state in which they are domiciled and have only one domicile for purposes of 28 U.S.C. § 1332.  *Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1346.  " 'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.  For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal citations omitted).  Plaintiff submits that his family moved to Georgia "as early as the Summer of 2015," he "commuted to Alabama to teach lessons" and would stay "at their residence in Ariton, Alabama[7] on Monday through Wednesday night" and then would return to Georgia to reside there "Thursday through Sunday night."   (Doc. No. 42 at 1-2) (emphasis added).   Plaintiff also submits that he "filed state and federal taxes in the [S]tate of Alabama," seems to have a suspended Alabama drivers license "since March 2015," and has been unable to obtain a Georgia drivers license "due to legal circumstances."   (*Id*. at 2.)   Plaintiffs asserts that he "has resided in the [S]tate of Georgia but has not been able to transfer his residential binding documents to the state due to a legal dispute with the State of South Carolina."   (*Id*.)

---

[7]  Notably, Plaintiff explicitly states that he has a "residence in Ariton, Alabama."   (Doc. No. 42 at 2.)

Accordingly, Plaintiff's assertion that he is a "resident" of Georgia is not probative. The court therefore finds that Plaintiff has not established a basis for diversity jurisdiction over his state law claims.

The court will address below Plaintiff's assertion of supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367. *See Section C, infra.*

B. Plaintiff's Federal Civil Rights Conspiracy Claim

Plaintiff attempts to allege a civil rights conspiracy claim under 42 U.S.C. § 1985(3)[8] based on 42 U.S.C. § 1981(a).[9] (Doc. No. 34 at ¶¶ 40-47.) However, this claim

---

[8] Section 1985(3) provides, in relevant part:

**(3) Depriving persons of rights or privileges**
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . ; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

[9] Section 1981(a) provides:

**(a) Statement of equal rights**
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

fails to state a cause of action under § 1985(3) as it is foreclosed by Eleventh Circuit precedent.

The Eleventh Circuit in *Jimenez v. Wellstar Health System*, 596 F.3d 1304 (11th Cir. 2010), makes clear that allegations of a conspiracy among private actors to violate the equal protection rights of a person to contract or own property are not sufficient to state a claim for violation of § 1985(3).   As that court explained:

> To state a claim under § 1985(3), a plaintiff must allege: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States.

*Jimenez*, 596 F.3d at 1312 (citing *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997)).   When the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment.   *Id*. (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993); *Park v. City of Atlanta*, 120 F.3d 1157, 1162 (11th Cir. 1997)).   "These rights include only select 'serious constitutional right [s].'"   *Id*. (citing *Cook v. Randolph County*, 573 F.3d 1143, 1157 (11th Cir. 2009)).

The only rights the Supreme Court has expressly declared enforceable against

---

42 U.S.C. § 1981(a).

private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude. *Id.* (citing *Bray*, 506 U.S. at 278). The Supreme Court has declared that the freedom of speech and the rights protected under Title VII are insufficient to form the basis of § 1985(3) actions against private conspirators. *Id.* (citations omitted). In addition, the Eleventh Circuit has held that private "conspiracies to violate rights protected under § 1981 are likewise insufficient to form the basis of a § 1985(3) claim." *Id.* at 1312. Not long after *Jimenez,* the Eleventh Circuit reiterated, "[t]his Court has held that conspiracies to violate property and contract rights, though protected under § 1981, are insufficient to form the basis of a § 1985(3) claim against a private actor." *Cooksey v. Waters*, 435 F. App'x 881, 883 (11th Cir. 2011). *See also Gilmore v. Nat'l Mail Handlers Union Local* 318, 517 F. App'x 784, 788-89 (11th Cir. 2013) ("Conspiracies to violate rights protected by Title VII and § 1981 are not cognizable under § 1985(3)."). Because the alleged co-conspirators in this cause are all private actors and the only right at issue is the statutorily-created right to the racially equal opportunity to make contracts, the facts alleged in Plaintiff's Second Amended Complaint do not state a claim for a § 1985(3) conspiracy. Accordingly, Plaintiff's § 1985(3) claim fails and Defendants' motion is due to be granted for this claim.

C. Plaintiff's State Law Claims

Having disposed of Plaintiff's pending federal law claim, the court now turns to Plaintiff's remaining state law claims for civil conspiracy, intentional infliction of

11

emotional distress, invasion of privacy, defamation (libel), defamation (slander), tortious interference with business relations, negligence, and fraudulent misrepresentations. (Doc. No. 34 at 8-15.)   Pursuant to 28 U.S.C. § 1367(a), in any civil action in which a federal district court has original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.   Thus far, the court has exercised supplemental jurisdiction over Plaintiff's state law claims based on the court's original jurisdiction over Plaintiff's federal law claim. 28 U.S.C. § 1367(a).   However, where the district court "has dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over any remaining claims.   28 U.S.C. § 1367(c).   "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction."   *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997).   The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."   *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

In granting Defendants' motion to dismiss, the court dismisses Plaintiff's only federal law claim.   As a result, there are no remaining claims over which the court may exercise original jurisdiction.   Considering the relevant factors, the Magistrate Judge finds

that the state law claims remaining in this action are best resolved by the Alabama state courts.   The remaining claims raise issues of state law only that do not implicate federal interests in any manner.   Further, because 28 U.S.C. § 1367(d) tolls the state statute of limitations, there is no unfairness to Plaintiff resulting from dismissal.   Accordingly, the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants and dismiss those claims without prejudice to his right to pursue them in state court.

## IV.    CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion to dismiss (Doc. No. 35) be GRANTED.

2.  Plaintiff's Section 1985(3) claim be DISMISSED with prejudice.

3.  Plaintiff's state law claims be DISMISSED without prejudice.

4.  All pending motions should be denied as moot.

It is further

ORDERED that **on or before September 8, 2020**, Plaintiff may file objections to this Recommendation.   Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.   Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered.   This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 24th day of August, 2020.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE