# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEROY T. JOYNER, JR.,                )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    Case No. 2:18-cv-1035-WKW-JTA
                                     )
SHELLY SANDERS, *et al.*,            )
                                     )
            Defendants.              )

## ORDER

This cause is before the court *sua sponte*. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001); *see also Burnes v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading, Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff Leroy Joyner's original Complaint, filed on December 12, 2018, alleged that he was a resident of Muscogee County, Georgia whose citizenship was diverse as to all defendants. (Doc. No. 1 at ¶¶ 3, 6.) The Complaint invoked this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon his claim that "the Plaintiff and the Defendants are citizens of different States and more than $75,000 is in controversy." (*Id.* at ¶ 3.) Plaintiff's Second Amended Complaint contained the same allegations. (Doc. No. 34 at ¶¶ 7, 10.) However, upon review of the Second Amended Complaint, the court orders Plaintiff to allege sufficient facts to demonstrate that the parties' citizenship is in fact diverse. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (noting that for diversity purposes, "domicile" is not synonymous with "residence"). Specifically, the court requires proof of Plaintiff's citizenship at the time this lawsuit was initiated. As the party seeking federal jurisdiction, the burden is upon Plaintiff to establish diversity jurisdiction as of the date of filing. *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Without complete and reliable information regarding the citizenship of the Plaintiff as of the date he filed this case, the allegations before the court regarding his place of residence and domicile do not clearly demonstrate that jurisdiction pursuant to 28 U.S.C. § 1332(a) is appropriate. Accordingly, it is

2

ORDERED that on or before July 31, 2020, Plaintiff shall provide the court with sufficient information for it to determine whether he was a citizen of Georgia on December 12, 2018 for purposes of determining whether his citizenship is diverse as to all defendants for purposes of 28 U.S.C. § 1332.

DONE this 21st day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE