UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HALEIGH K. MCLENDON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES TENNIS | * | |
| ASSOCIATION, INC., USTA | * | |
| PLAYER DEVELOPMENT INC., | * | |
| GRASSROOTS TENNIS ASSOC., | * | |
| LLLP, IN DEPTH ACADEMY, | * | |
| DOROTHEA L. JOYNER, LEROY | * | CASE NO.: 2:25-cv-00745-RAH- |
| THOMAS JOYNER, JR., and | * | KFP |
| Fictious Defendants "A", "B", "C", | * | |
| and "D", whether singular or plural, | * | |
| those other persons, corporations, | * | |
| firms or other entities whose | * | |
| wrongful conduct caused or | * | |
| contributed to cause the injuries and | * | |
| damages to the Plaintiff, all of whose | * | |
| true and correct names are unknown | * | |
| to Plaintiff at this time, but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS UNITED STATES TENNIS
ASSOCIATION INCORPORATED AND USTA PLAYER
DEVELOPMENT INCORPORATED'S CONSOLIDATED RESPONSE TO
DEFENDANT LEROY JOYNER'S OMNIBUS MOTION TO REMAND**

COME NOW Defendants UNITED STATES TENNIS ASSOCIATION

INCORPORATED and USTA PLAYER DEVELOPMENT, INCORPORATED,

1

(collectively "Defendants USTA"), by and through their undersigned counsel and submit their Consolidated Response to *Pro se* Defendant Leroy Joyner's Omnibus Motion to Remand, filed on September 22, 2025, showing this Court as follows:

## BACKGROUND

On September 16, 2025, Defendants USTA filed for the removal of the Plaintiff's lawsuit in Barbour County Circuit Court based upon the diversity of citizenship jurisdiction, with the consent of all Defendants.[1] The requirements necessary for diversity of citizenship jurisdiction remain present.[2] *Pro se* Defendant Leroy Joyner initially agreed to removal to this Court, and the facts demonstrate he had ample opportunity to review the documentation and to understand that the case was being removed to this Court. However, he has filed an Omnibus Motion seeking

---

[1] The procedural history of this case demonstrates how this removal incurred more costs than usual. Plaintiff Haleigh K. McLendon originally filed this lawsuit in the Muscogee County State Court in Georgia, but that action was voluntarily dismissed without prejudice on August 12, 2025. Civil Action File No. SC-2025-CV-001349. She filed her Complaint in the Circuit Court of Barbour County, Alabama on August 13, 2025, Civil Action File No. 06-CV-2025-900032.00.  In her original Georgia lawsuit, Plaintiff alleged that Defendant Leroy Joyner was domiciled in Georgia. [*See* GA Complaint, ¶7, admitted by Plaintiff in AL Complaint, Doc 1-1, pg. 2, FN1]. This allegation confirms that all Defendants were diverse in citizenship from the Plaintiff, who has plead that she is a citizen of Alabama. [AL Complaint, Doc 1-1, pg., 4, ¶1].  In the current Alabama lawsuit, Plaintiff McLendon alleged Defendant Leroy Joyner was a resident of Alabama and that jurisdiction was not proper in this Court. Defendants USTA produced evidence to suggest otherwise, that both Defendants Joyner are citizens of Georgia, which remains uncontested. [Doc 1-1, pg. 2, ¶7; Doc 1-4 and Doc 9-2].

[2] Dorothea Joyner answered Plaintiff's Complaint denying that her husband, Defendant Leroy Joyner, was a citizen of Alabama as pled. [Doc 1-1, pg. 194, ¶7], She submitted an Affidavit in support of the Notice of Removal that indicated her husband was domiciled in Georgia prior to being placed in jail. [Doc No. 1-4]. Defendant Leroy Joyner also confirms he is a citizen of Georgia in his Omnibus Motion. [Doc 9-2, ¶13-15].

remand and requests this case be transferred to the United States District Court of the Middle District of Georgia, Columbus Division.  [Doc 9].

In support of his Motion, Defendant Joyner asserts that: (1) he had not realized that his Declaration provided consent to removal to the Middle District of Alabama United States District Court; (2) he misunderstood the venue; and (3) he requests an alternative forum, the Middle District of Georgia's United States District Court. [Doc 9, ¶3, FN1].  None of these arguments is persuasive or supportive of any legal basis to remand this case. The original written consent of Defendant Leroy Joyner that was obtained prior to the removal process is valid and binding.

In his Omnibus Motion, Joyner admitted that he had read a full copy of the draft Declaration by September 9, 2025. [Doc 9, ¶3, FN1]. He did not, however, inform the Court that he executed two copies of this Declaration. He signed the second copy of the Declaration on September 15, 2025, well after he admitted that he had read the document. [Id. and Ex. A, *second copy of Declaration signed by Defendant Leroy Joyner on September 15, 2025*].

In essence, Defendant Leroy Joyner changed his mind about the removal process after the process was completed. However, he admits that he had ample opportunity to read the Declaration before signing the second copy on September 15, 2025. [Doc 9, ¶3, FN1 and Ex. A]. As such, he has formally waived his ability to contest the removal process. Further, his request for removal to the United States

3

District Court in the Middle District of Georgia is not legally possible.[3]  In light of these facts, Defendants USTA request this Court retain this case, since remanding this case will only cause unnecessary delay and additional expense for these Defendants.

**DEFENDANT LEROY JOYNER'S**

**CONSENT FOR REMOVAL**

Counsel for the Defendants met with Defendant Leroy Joyner in a telephone conference on August 19, 2025, in which he confirmed that he was a citizen of Georgia and indicated his willingness to remove this case and to execute a declaration with those statements. [Ex. B, *Affidavit of L. Moore*, ¶4]. Issues arose with the FedEx delivery process of the draft Declaration to the federal penitentiary where Joyner is housed, which necessitated the involvement of his counselor, Temaka Rhodes to facilitate delivery of the documents and his signature. [*Id*. at ¶6-7]. As a result, the Declaration was provided in multiple copies to Defendant Leroy Joyner. He signed two original and identical Declarations, the first on September 8, 2025 and the second on September 15, 2025. [Doc 9-2 and Ex. A]. His Declaration clearly states that "I consent to the removal of the above captioned case from the

---

[3] Removal to the Middle District of Georgia United States District Court is not possible, since the case involves state law claims and diversity of citizenship jurisdiction is not unavailable for that forum due to the citizenship of the Defendants in Georgia. *See* 29 U.S.C.A. §1441(a) requiring removal to the district court in the place where such action is pending *and* 28 U.S.C.A. §1441(b)(2) prohibiting defendants to be a citizen of the State in which such removal is sought.

Circuit Court of Barbour County, Alabama to the United District Court for the Middle District of Alabama." [Doc 1-4, ¶17; Ex. A, ¶17].

According to his own Motion, Defendant Leroy Joyner claims he did not read the Declaration prior to signing the first copy on September 8, 2025. [Doc 9]. However, he admits that he had seen and read a full copy of the Declaration by September 9, 2025, well before he signed the second copy. [Doc 9, ¶3, FN1, *and* Doc 9-2]. On September 15, 2025, he executed and then submitted a full and complete copy of the Declaration to FedEx to be sent to the undersigned counsel for Defendants USTA.  [Ex. A, *and* Ex. B, *Aff. Moore*, ¶9-10].

The Declarations signed by Defendant Leroy Joyner expressly grant his written consent to remove the Plaintiff's lawsuit to this Court. [Doc 9-2; Ex. A]. Even if Defendant Joyner's assertions that he did not read the first Declaration he signed on September 8, 2025 are true, it is clear by his own pleading that he had read it by the time he signed the second copy of September 15, 2025. [Doc 9, ¶3]. With that consent, Defendants USTA filed for removal to this Court on September 16, 2025. Defendant Leroy Joyner provided no prior notice that he wanted to withdraw that consent or change his twice-executed Declaration. [Ex. B, *Aff. Moore*, ¶13]. Otherwise, the Defendants USTA would not have borne the expense and effort necessary in the removal of this case.

5

## ARGUMENT AND CITATION OF AUTHORITY

The evaluation of a Motion to Remand must analyze the viability of the removal by determining the Court's jurisdiction *at the time of removal.* "The jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable *only* if relevant to that period of time." *Sireminski v. Transouth Financial Corp.*, 216 F.3d. 945, 949 (11th Cir. 2000). *Pro se* Defendant Leroy Joyner provided his written consent at the time of removal, and the reasons provided for withdrawing that consent after-the-fact are not factually persuasive to remand this case. There is no credible evidence to suggest that the initial consent of Defendant Leroy Joyner was based upon any unknown fact.

Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). There was no defect in this removal procedure, nor is there a lack of jurisdiction. On September 16, 2025, when the Notice of Removal was filed, Defendant Leroy Joyner admits that he knew of the facts in his Declaration. His signature to a second copy of that Declaration on September 15, 2025 was submitted by him, from prison, as a complete document via FedEx to be returned to Defendant USTA's counsel. [Ex. B, ¶9]. That Declaration clearly states that "I consent to the removal of the above captioned case from the Circuit Court of Barbour County, Alabama to the United District Court for the Middle District of Alabama." [Doc 1-4, ¶17; Ex. A, ¶17].  His

6

Motion notes his misunderstanding of the law and requests another District Court of his choosing to hear this case instead. Under these circumstances, remand is not appropriate. *Sireminski* at 949.

The jurisdictional inquiry in a remand motion is limited to the facts at the time the removal is initiated. *Poore v. American-Amicable Life Ins. Co. of Texas*, 281 F.3d. 1287, 1290-1291 (11th Cir. 2000)(overruled on other grounds), as cited in *Cartee v. Precise Cable Const., Inc.*, 2005 WL 2893951 at FN4 (S.D.Ala. Nov. 1, 2005)(Court struck *pro se* Defendant's later-filed notice of withdrawal of consent to removal since there was no basis to suggest it was invalid when originally filed). Defendant Joyner has acknowledged his review of the Declaration prior to its execution and submission, and he has essentially waived his right to contest the removal proceedings through his prior execution of the Declaration on September 15, 2025. [Ex. A and Doc 9-2].

Remand on the basis of any defect other than lack of subject matter jurisdiction is left to the court's discretion. 28 U.S.C. § 1447(c). The failure to obtain full consent to removal constitutes a procedural defect that may be waived by a party. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (noting that the "failure of all the defendants to join in a removal petition is not a jurisdictional defect" and that such defect can be waived); *see also Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985) ("Failure to object to defects constitutes waiver and may

preclude a party from seeking remand to state court.") (citations omitted), abrogated on other grounds by *Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc.*, 122 F.3d 930, 933, (11th Cir. 1997).", *as cited in Hair for Estate of Hair v. Lawnwood Med. Ctr., Inc.*, 08-14128-CIV, 2008 WL 11411593, at *3 (S.D. Fla. Aug. 13, 2008) Defendant Joyner waived his ability to contest removal by presenting a valid written consent to the undersigned counsel and by failing to object prior to the initiation of the removal process on September 16, 2025. [Ex. A and Doc 9-2].

Without any procedural defect or jurisdictional issue in this case, Defendants USTA request this case be retained in this Court, especially considering the increased delays and costs of this case if it were to be remanded. Defendants USTA will respond to the Plaintiff's Motion to Remand, which was filed yesterday afternoon, in the timeline issued by the Court. [Doc 12]. However, Defendants USTA note that the Defendant Leroy Joyner's Omnibus Motion presents no viable basis for remand, such that it should be denied in its entirety.

WHEREFORE, Defendants pray that this Court deny the Omnibus Motion filed by Defendant Leroy Joyner, deny the remand of this case and grant such other and further relief as it may deem just and proper.

Respectfully submitted this 14ᵗʰ day of October, 2025.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: */s/ Carter P. Schondelmayer*
    Carter P. Schondelmayer
    Alabama Bar No. 6585-E53C
    /s/ *James C. Clark, Jr.*
    James C. Clark, Jr.

1111 Bay Avenue, Third Floor     Georgia Bar No. 127145
Columbus, GA 31902-1199     Admitted Pro Hac Vice
T: (706) 324-0251     */s/ LaRae D. Moore*
    Georgia Bar No. 223379
    Admitted Pro Hac Vice

carter@pagescrantom.com     *Counsel for Defendants*
jclark@pagescrantom.com     *United States Tennis Association, Inc.*
lmoore@pagescrantom.com     *USTA Player Development, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I submitted the following document, **DEFENDANTS UNITED STATES TENNIS ASSOCIATION INCORPORATED AND USTA PLAYER DEVELOPMENT INCORPORATED'S CONSOLIDATED RESPONSE TO DEFENDANT LEROY JOYNER'S MOTION TO REMAND** via the Court's electronic filing system, which will automatically send electronic mail notification of such filing to counsel of record and other *pro se* parties:

*Counsel for Plaintiff*

**BEASLEY, ALLEN, CROW, et al**
Alison Hawthorne
Larry Golston
Leon Hampton, Jr.
Jessi M. Haynes
P.O. Box 4160
Montgomery, AL 36103-4160
Alison.Hawthorne@beasleyallen.com
Larry.Golston@beasleyallen.com
Leon.hampton@beasleyallen.com
Jessi.Haynes@beasleyallen.com

**PENN & SEABORN, LLC**
L. Shane Seaborn
1442 S. Eufaula Avenue
Eufaula, AL 36027
Sseaborn1@yahoo.com

*Defendant Grassroots Tennis Association, LLLP*
c/o Caylin Edley – Registered Agent
1016 Peachtree Drive
Columbus, GA 31906

10

***Defendant In Depth Academy***
1016 Peachtree Drive
Columbus, GA 31906

***Defendant Dorothea L. Joyner***
1016 Peachtree Drive
Columbus, GA 31906

***Defendant Leroy Thomas Joyner***
Inmate #18079-002
Yazoo City Low FCI
PO Box 5000
Yazoo City, MS 39194-5000

Respectfully submitted this 14th day of October, 2025.

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**

1111 Bay Avenue, 3rd Floor
P.O. Box 1199
Columbus, GA 31902-1199
Tel:  706-324-0251

**/s/*Carter P. Schondelmayer***
Carter P. Schondelmayer
Alabama Bar No. 685-E53C
carter@pagescrantom.com.

*Counsel for Defendants*
*United States Tennis Association, Inc.*
*USTA Player Development Inc*