TRULINCS 18079002 - JOYNER, LEROY THOMAS JR - Unit: YAZ-B-A

-------------------------------------------------------------------------------------------

FROM: 18079002
TO: Legal
SUBJECT: ***Request to Staff*** JOYNER, LEROY, Reg# 18079002, YAZ-B-A
DATE: 10/30/2025 08:40:23 AM

To:
Inmate Work Assignment: DISTRICT COURT

RECEIVED

2025 NOV 12 P 1: 36

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HALEIGH K. MCLENDON
Plaintiff,

v.

Case No.: 2:25-CV-00745-RAH-KFP

UNITED STATES TENNIS ASSOCIATION, INC., ET. AL
Defendants.

RESPONSE IN SUPPORT OF REMAND

COMES NOW, Leroy Thomas Joyner, Jr. ("Joyner") pursuant to this Court's past rulings in Carruthers v. Variety Wholesalers, Inc.

and Poole v. State Farm Fire & Cas. Co. and respond in support of remand:

LEGAL STANDARD

1. "Federal courts exercise limited jurisdiction and possess only the power authorized by the Constitution or statute." See Carruthers v. Variety Wholesalers, Inc., 631 F.Supp. 3d 1173, 1176 (M.D. Ala., September 28, 2022) (relying on Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Courts should presume a case lacks jurisdiction and the burden of establishing the contrary is on the party asserting jurisdiction." Id. "Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of her claims." Carruthers, at 1176 (relying on Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994). "Thus, a defendant's right to choose her forum .......... are "not on equal footing."

2. "When a defendant removes a case within thirty days after receipt of the initial complaint and other evidence introduced by the defendant. Carruthers, at 1176 (relying on Sullins v. Moreland, 511 F.Supp. 3d 1220, 1223-24 (M.D. Ala. 2021) (citation omitted). Also, "when a court is presented with a notice of removal without facts or specific allegations, it may not speculate or divine by looking at the stars .........." Id., at 1176. (quoting Pretke v. Kolter City Plaza II, Inc., 608 F.3d 744, 753-54 (11th Cir. 2010).

3. Further, "when a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." See Poole v.

TRULINCS 18079002 - JOYNER, LEROY THOMAS JR - Unit: YAZ-B-A

-----------------------------------------------------------------------------------------

FROM: 18079002
TO: Legal
SUBJECT: ***Request to Staff*** JOYNER, LEROY, Reg# 18079002, YAZ-B-A
DATE: 10/30/2025 09:11:34 AM

To:
Inmate Work Assignment: DISTRICT COURT

State Farm Fire & Cas. Co., 2024 U.S. Dist. Lexis 206853 (M.D. Ala., November 14, 2024) (relying on Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005)). "Remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship." Id. (quoting Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007).

4. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Id. (quoting Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to the state court", Florence, 484 F.3d at 1297, because plaintiff is said to have effectuated a fraudulent joinder, See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case." Id.

## ARGUMENT

5. To agree with the removing defendant, this Court would effectively determine that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." See Id. (quoting Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). Based upon this Court's potential ruling, the Defendant would not be required to make such a showing by clear and convincing evidence. See Henderson v. Wash. Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

6. If this Court does determine that Joyner was fraudulently joined to the state court complaint, then it must dismiss him from the suit or remand the case back to the state court. Pursuant to this Court's standing ruling in the Carruthers Court, it is not permitted by law to both determine that the resident defendant was fraudulently joined and leave him as a defednant in the removed case, especially since Joyner has not consented to a removal. See Carruthers, at 1176.

7. For this Court to agree with the removing Defendant would be to disregard the Section 1446(b)(2)(A) requirement that "all defendants who have been properly joined and served must join in or consent to the removal." As the record clearly indicates, Joyner does not consent to a removal to the federal court. Because he has not consented to a removal and the face of the complaint has pled that he is a non-diverse defendant, this Court must either remand the matter back to the state court or take the extraordinary step of dismissing him from the complaint. See Florence, at 1297.

8. Based upon the Pancheco de Perez Court conclusion, this Court's potential decision to remove the case to federal court would be the equivalent of determining that the plaintiff has fraudulently pled jurisidictional facts to bring Joyner into state court. That would not only constitute a fraudulent joinder, but compel this Court to make a determination from the factual

TRULINCS 18079002 - JOYNER, LEROY THOMAS JR - Unit: YAZ-B-A

-----------------------------------------------------------------------------------------------

FROM: 18079002
TO: Legal
SUBJECT: ***Request to Staff*** JOYNER, LEROY, Reg# 18079002, YAZ-B-A
DATE: 10/30/2025 09:31:25 AM

To:
Inmate Work Assignment: DISTRICT COURT

allegations and submissions in the light most favorable to the Plaintiff. Crowe, at 1538. The determinations must be made based on the Plaintiff's pleadings at the time of removal. Id.

9. According to the Stillwell v. Allstate Ins. Co., "If there is even a possibility that a state court would find that the complaint states a cause of action against .... the resident defendant, the federal court must find that the joinder was proper and remand the case to the state court. 663 F.3d 1329, 1333 (11th Cir. 2011). In the instant case, the complaint states a plausible cause of action against Joyner based upon the pled facts.

10. Per Judge Huffaker in the Poole Court, a fraudulently joined defendant and the exercise of diversity jurisdiction can not co-exist. The Court must seperate the two to appropriately assert federal jurisdiction or be compelled to remand the case back to the state court. See Poole, at *3-4. As a matter of law, the removing defendant(s) are asking this Court to rule in its favor in a manner that is clearly not permitted by law. This Court can not exercise federal jurisdiction after determining that Joyner was fraudulently joined to the state court complaint. Id. As noted supra, the instant complaint states a plausible cause of action against Joyner and that is sufficient according to both the Stillwell and Triggs Court. See Poole, at *5 ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate").

WHEREFORE PREMISES CONSIDERED, this case should be remanded back to the state court as a matter of law within the Middle District of Alabama. See Poole, at *8-9.

October 30, 2025

Respectfully Submitted,

Leroy Thomas Joyner, Jr. #180790-002
FCC Yazoo City (Low)
P.O. Box 5000
Yazoo City, MS 39194
Email: grasschange@gmail.com

TRULINCS  18079002 - JOYNER, LEROY THOMAS JR - Unit: YAZ-B-A

-------------------------------------------------------------------------------------------------------------------

FROM: 18079002
TO: Legal
SUBJECT: ***Request to Staff*** JOYNER, LEROY, Reg# 18079002, YAZ-B-A
DATE: 10/30/2025 09:45:58 AM

To:
Inmate Work Assignment: DISTRICT COURT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HALEIGH K. MCLENDON
Plaintiff,

v.                                        Case No.: 2:25-CV-00745-RAH-KFP

UNITED STATES TENNIS ASSOCIATION, INC., ET. AL.
Defendants.

CERTIFICATE OF SERVICE

Defendant, Leroy Thomas Joyner, Jr. hereby attest that a true copy of "Response In Support of Remand" will be electronically

provided to all parties pursuant to the CM/ECF policy as it relates to counsel(s) of record.

October 30, 2025

_____

Leroy Thomas Joyner, Jr. #180790-002

LEROY JOYNER #180790-02
FCC YAZOO CITY (LOW)
P.O. BOX 5000
YAZOO CITY, MS 39194

ATTN. CLERK OF COURT
U.S. DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, AL 36104

LEGAL
MAIL

